**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel:     (212) 237-1000
Fax:     (212) 262-1215
Charles E. Simpson (csimpson@windelsmarx.com)
David Lopez (dlopez@windelsmarx.com)

*Attorneys for the Debtor and Debtor-In-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 Case |
| NINETY-FIVE MADISON COMPANY, L.P., | : | |
| | : | No. 21-10529 (SHL) |
| Debtor. | : | |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**DECLARATION OF RITA A. SKLAR**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

---

I, RITA A. SKLAR, hereby declare as follows:

1.       I am the Manager and Sole Member of RAS Property Management, LLC, the General Partner of Ninety-Five Madison Company, L.P., Debtor-In-Possession (the **"Debtor"**) in the above-captioned Chapter 11 case.  In addition, I am the holder of 63.4921 % of the Percentage Interests in the Debtor.  As such, I am fully familiar with the facts and circumstances set forth below based upon my personal knowledge and/or my review of the Debtor's books and records.

2.       I submit this Declaration on behalf of the Debtor in support of the Debtor's voluntary petition, filed on March 22, 2021 (the "**Commencement Date**"), for relief under

Chapter 11 of Title 11 of the Unites States Code, 11 U.S.C. §§ 101, et. sec. (the "**Bankruptcy Code**"); and pursuant to Rule 1007-2 of the Local Bankruptcy Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

## I.

### Preliminary Statement

3.      The Debtor has resorted to Chapter 11 Protection in order to ensure that it can reorganize its business, collect accounts receivables, satisfy its creditors and prosecute claims for the collection of other funds due to its estate.  The Debtor believes that the most efficient way to do so is to refinance its debt and secure new investment capital under a Chapter 11 Plan of Reorganization and distribute funds received therefrom (and other funds) in accordance with the prior scheme provided under the Bankruptcy Code.

## II.

### The Debtor's History

4.      Since June 1, 1982, the Debtor, and its predecessors, has operated a commercial building located at 95 Madison Ave., New York New York 10016 (the "Property").

5.      The Debtor is the fee simple and title owner of the Property.  The Debtor is a Single Asset Real Estate entity defined in 11 U.S.C. § 101(51B) of the Bankruptcy Code.  I am the Sole Managing Member of RAS Property Management LLC, the Debtor's general partner ("RAS").

6.      The Debtor is the sole income generating entity which funds its operations.  The Debtor's taxes, including real estate taxes are paid by the Debtor.  Similarly, the operating expenses, including maintenance and insurance are also paid by the Debtor.

**The Debtor's Business**

7.     Since 1982, I have served as the Debtor's Manager.  The Debtor's building at 95 Madison Avenue, N.Y., N.Y. provides full service commercial leases and services.  The Debtor employs six (6) employees.  The Debtor is streamlining its operations and dramatically reducing operating expenses.  Within a couple of months, the Debtor will secure new financing to continue its operations.

8.     I believe that the Debtor will be able to pay its debts as they come due from projected operating revenues.  In addition, the Debtor is in discussions with various financial institutions to refinance its debt obligations and the renovation of the Property's interior space.

9.     The Debtor is currently facing a systemic problem of a lack of liquidity and debt load from imposition of judgments and defense expenses disproportionate to its ability to service such debt.  Most importantly, the Debtor is burdened with a default by Vitra, Inc., the Debtor's current major tenant, on its lease obligations and the levies and seizures of the Debtor's cash deposits.  These levies and seizures amount to approximately $516,000.00; while Vitra Inc.'s unpaid lease obligations amount to $417,646.00 from December 2020 to date.

10.     As currently constituted, the Debtor will need to restructure its debt under Chapter 11 in order to carry and fulfill the financial obligations it has incurred in the operation of its business, including judgments and defaulted obligations.

11.     The Debtor has faced a systemic problem of undercapitalization and is currently burdened with a debt-load disproportionate to its ability to service such debt.  The Debtor continues to operate its business and anticipates that its income and working capital will increase and will be sufficient to carry the financial obligations it has incurred in the operation of its business, including paying in full tax arrears and unsecured debt.

## III.

### First-Day Pleadings

12.     The Debtor will file certain First-Day Pleadings, *nunc pro tunc*, to ensure that the Debtor's business continues to function during the chapter 11 case.

13.     For the reasons set forth below, I submit that the relief requested in the First-Day Pleadings is necessary to enable the Debtor to operate with minimal disruption during the pending of its chapter 11 case and approval of the First Day Pleadings is warranted.

### First-Day Pleading

14.     The Debtor will file a retention application contemporaneously herewith for its chapter 11 counsel, Windels Marx Lane & Mittendorf, LLP, and its accountants, Gruber Palumberi Raffaele Fried, CPAs, P.C.

## IV.

### Information Required by Local Rule 1007-2

15.     In accordance with Local Rule 1007-2, the schedules attached hereto provide certain information related to the Debtor.

16.     Pursuant to Local Rule 1007-2(a)(3), Schedule 1 hereto lists the names and addresses of the members of, and attorneys for, any committee organized prior to the Commencement Date and a brief description of the circumstances surrounding the formation of committee and the date of its formation.

17.     Pursuant to Local Rule 1007-2(a)(4), Schedule 2 hereby lists the following information with respect to the each of the holders of the Debtor's twenty (20) largest unsecured creditors, excluding insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), telephone

number, e-mail address; the name(s) of person(s) familiar with the Debtor's accounts, the approximate amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed or partially secured.

18. Pursuant to Local Rule 1007-2(a)(5), Schedule 3 hereto provides that there are no holders of secured claims against the Debtor.

19. Pursuant to Local Rule 1007-2(a)(6), Schedule 4 hereto provides a summary of the (unaudited) assets and liabilities for the Debtor as of February 18, 2020.

20. Pursuant to Local Rule 1007-2(a)(7), Schedule 5 hereto provides the following information: the number and classes of shares of stock, debentures, and other securities of the Debtor that are publicly held and the number of record holders thereof; and the number and classes of shares of stock, debentures, and other securities of the Debtor that are held by the Debtor's directors and officers, and the amounts so held.

21. Pursuant to Local Rule 1007-2(a)(8), Schedule 6 hereto provides a list of all of the Debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity and the location of the court in which any proceeding relating thereto is pending.

22. Pursuant to Local Rule 1007-2(a)(9), Schedule 7 hereto provides a list of the premises owned, leased, or held under other arrangement from which the Debtor operates its business.

23. Pursuant to Local Rule 1007-2(a)(10), Schedule 8 hereto provide the location of the Debtor's substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States.

24.     Pursuant to Local Rule 1007-2(a)(11), Schedule 9 hereto provides a list of the nature and present status of each action or proceeding, pending or threatened, against the Debtor or its property where a judgment against the Debtor or a seizure of its property may be imminent.

25.     Pursuant to Local Rule 1007-2(a)(12), Schedule 10 hereto provides a list of the names of the individuals who comprise the Debtor's existing senior management, their tenure with the Debtor, and a brief summary of their relevant responsibility and experience.

26.     Pursuant to Local Rule 1007-2(b)(1)-(2)(A), Schedule 11 hereto provides the estimated amount of monthly payroll to the Debtor's employees (not including officers, directors, stockholder, and partners) and the estimated amount to be paid to officers and the estimated amount to be paid to officers, stockholders, directors, members of any partnership, and f9inancial and business consultants retained by the Debtor for the thirty (30) days period following the filing of the Debtor's Chapter 11 Petition, as the Debtor intends to continue to operate its business.

## Conclusion

27.     The above illustrates the factors that have precipitated the commencement of the Chapter 11 Case and the critical need for the Debtor to restructure its financial affairs and operations. The provisions of Chapter 11 will assist in enabling the Debtor to achieve its objective of reorganizing itself to the benefit of its economic stakeholders, employees, and the public it serves.

Dated: New York, New York
     April _6_, 2021

                                **NINETY-FIVE MADISON COMPANY, L.P**
                                Debtor-In-Possession

                                By:    RAS PROPERTY MANAGEMENT, LLC,
                                        General Partner

                                By: _____

                                Name: Rita A. Sklar
                                Title: Manager and Sole Member

## Schedule 1

## Committees

Pursuant to Local Rule 1007-2(a)(3), to the best of the Debtor's knowledge and belief, there were no committees organized prior to the order for relief in the Debtor's chapter 11 case.

## Schedule 2

### List of 20 Largest Unsecured Creditors (Excluding Insiders)[1]

Pursuant to Local Rule 1007-2(a)(4), the following is a list of creditors holding, as of February 18, 2020, the twenty (20) largest non-contingent, unsecured claims against the Debtor, excluding claims of insiders as defined in 11 U.S.C. § 101.[2]

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number/Email | Nature of Claim | C U P D[3] | Amount of Claim |
|-----|----------|-----------------------------------------------------------|-----------------|-----------|------------------|
| 1 | SEE ATTACHED | | | U | |

---

[1] The information herein shall not constitute an admission of liability by, nor is it bind on, the Debtor. All claims are subject to customary offsets, rebates, discounts, reconciliations, credits and adjustments, which are not reflected in this Schedule.

[2] The schedule will be *amended* to reflect PRIORITY Unsecured Creditors not known to the Debtor at the time the List of the Twenty (20) Largest Unsecured Creditors was filed with the Bankruptcy Court (Docket No. 3). An amended List of Unsecured Creditors will be filed pursuant to Local Bankruptcy Rule 1007-1.

[3] C: Contingent; U: Unliquidated; D: Disputed; P: Partially Secured

☒ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders       12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Vitra, Inc. 7528 Walker Way Allentown, PA 18106 | Mark Levenson (973) 643-5756 mlevenson@sillscummis.com | Judgment | Contingent/ Disputed | | | $1,855,880.00 |
| 2 | Verill Dana LLP 355 Riverside Avenue Westport, CT 06880 | Robert Laplaca, Esq. (203) 222-3110 rlaplaca@verrill-law.com | Legal Services | Disputed | | | $875,000.00 |
| 3 | NYC Department of Finance P.O. Box 680 Newark, NJ 07101--0680 | | Real Property Taxes | Disputed | | | $1,292,470.00 |
| 4 | Danielle C. Lesser, Esq. Morrison & Cohen 909 Third Avenue New York, NY 10022 | Danielle C. Lesser, Esq. (212) 735-8702 dlesser@morrisoncohen.com | Legal Services (Receiver) | Disputed | | | $204,140.00 |
| 5 | Rosenberg Feldman Smith, LLP 520 White Plains Road, Ste. 500 Tarytown, NY 10591 | Michael Smith (212) 682-3454 msmith@rfs-law.com | Legal Services | Disputed | | $3,500,000.00 | $189,328.86 |
| 6 | Harty Built, LLC 300 Park Avenue, 13th Floor New York, NY 10022 | Wayne L. Desimone, Esq. (212) 233-9772 wldesimone@aol.com | Construction Services | Disputed | | | $26,644.50 |
| 7 | Agir Electrical, Ltd. 61 Plainfield Road Albertson, NY 11507 | Stuart R. Berg, Esq. (516) 747-9494 srberglaw@aol.com | Construction Services | Disputed | | | $11,494.49 |
| 8 | Rita A. Sklar 8 East 83rd Street New York, NY 10028 | Rita A. Sklar (212) 628-0784 | Loans | Disputed | | | $355,034.83 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Estate of Lois Weinstein c/o Jeffrey Barr, Esq. 225 Broadway, Ste. 3110 New York, New York 10007 | Jeffrey Barr, Esq. (212) 227-1834 jeffreyabarr@gmail.com | Partnership Share | Disputed | | $5,000,000.00 | $4,500,000.00 |
| 10 | Everest Scaffolding Inc. 1150 Longwood Avenue Bronx, New York 10474 | Antonio Solis (718) 328-1004 antonio@everestscaffolding.com | Trade Debt | | | | $14,861.42 |
| 11 | First Insurance Funding Corporation 450 Skokie Blvd, Ste. 1000 Northbrook, Illinois 60062-7917 | Cynthia Knapp (516) 719-7806 | Funding | | | | $24,315.68 |
| 12 | TEI Group 30-30 47th Ave., Ste. 610 Long Island City, New York 11101 | Michael Staub (646) 294-2283 | Repairs | | | | $20,336.25 |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

## Schedule 3

### List of Holders of Five (5) Larges Claims

Pursuant to Local Rule 1007-2(a)(5), there are no holders of secured claims against the Debtor.

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number/Email | Nature of Claim | C U P D[4] | Amount of Claim |
|---|---|---|---|---|---|
| | N/A | | | | |
| | | | | | |

---

[4] C: Contingent; U: Unliquidated; D: Disputed; P: Partially Secured

<u>**Schedule 4**</u>

**Summary of the Debtor's Assets and Liabilities**

Assets:
Real Property          $  56,400,000.00
Personal Property    $    8,500,000.00
Total Assets           $  64,900,000.00

                                      Liabilities
                                        Secured Claims                    $              0.00
                                        Unsecured Priority Claims   $              0.00
                                        Unsecured Claims             $    9,369,506.03
                                        Total Liabilities               $    9,369,506.03

**Schedule 5**

**The Debtor's Securities**

Pursuant to Local Rule 10007-2(a)(7), the Debtor has not issued securities that are registered with the Securities and Exchange Commission.

## Schedule 6

### The Debtor's Property Not in the Debtor's Possession

Local Rule 1007-2(a)(8) requires the Debtor to list property that is in the possession of custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity. To the best of the Debtor's knowledge and belief, there is no property not in the Debtor's possession; except for funds seized from the Debtor's bank accounts by the Dutchess County Sheriff's Office.

## Schedule 7

Pursuant to Local Rule 1007-7(a)(9), the following lists the property or premises owned, leased, or held under other arrangements from which the Debtor operates its business.

| Tenant | Landlord | Street Address | City | State | ZIP Code |
|---|---|---|---|---|---|
| Vitra, Inc. | Debtor | 95 Madison Ave. | New York | NY | 10016 |
| M&T Bank | Debtor | 95 Madison Ave. | New York | NY | 10016 |
| Lee & Low Books | Debtor | 95 Madison Ave., Suite 1204-07 | New York | NY | 10016 |

**Schedule 8**

**Location of Debtor's Assets, Books, and Records**

Pursuant to Local Rule 1007-2(a)(10), the following lists the location of the Debtor's substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States.

Location of Debtor's Substantial Assets

The Debtor's assets of approximately $64,900,000.00 are located in the State of New York.

Books and Records

The Debtor's books and records are at the Debtor's office located at 95 Madison Avenue, New York, New York 10016 and the offices of its accountants, Gruber Palumberi Raffaele Fried, CPA's, LLP, located at 7 Penn Plaza, New York, New York 10001.

Debtor's Assets Outside the United States

The Debtor maintains no assets outside the United States

**Schedule 9**

Pursuant to Local Rule 1007-2(a)(11), the following is a list of the nature and present status of each action or proceeding, pending or threatened, against the Debtor or its property where a judgment against the Debtor or seizure of its property may be imminent.

| Action or Proceeding | Nature of Proceeding | Status of Proceeding |
|---|---|---|
| SEE ATTACHED | | |

## STATEMENT OF FINANCIAL AFFAIRS
## PART 3 – LEGAL ACTIONS

Vitra, Inc. v. Ninety-Five Madison Company, L.P. – Lease dispute
Index No. 652342/2017 -- Pending
NYS Supreme Court
60 Centre Street
NY, NY 10007

Vitra, Inc. v. Ninety-Five Madison Company, L.P. – Lease dispute
Docket No. 2019-03344 – Appeal -- Concluded
NYS Appellate Division
First Department
27 Madison Avenue
NY, NY 10010

Vitra, Inc. v. Ninety-Five Madison Company, L.P – Lease dispute
Docket No. 2019-05155 – Appeal -- Concluded
NYS Appellate Division
First Department
27 Madison Avenue
NY, NY 10010

Vitra, Inc. v. Ninety-Five Madison Company, L.P – Lease dispute
Docket No. 2020-03539 – Appeal -- Pending
NYS Appellate Division
First Department
27 Madison Avenue
NY, NY 10010

Vitra, Inc. v. Ninety-Five Madison Company, L.P. – construction dispute
Ref. No.: 1425024190 – Arbitration -- Pending
JAMS
620 8th Avenue
34th Floor
NY, NY 10018

Weinstein v. RAS Property Management, LLC, et al. – limited partner litigation
Index No. 153224/2019 -- Pending
NYS Supreme Court
60 Centre Street
NY, NY 10007

Keller, et al. v. RAS Property Management, LLC, et al. -- dissolution
Index No. 653735/2019 – Pending
NYS Supreme Court
60 Centre Street
NY, NY 10007

Keller, et al. v. Ninety-Five Madison Company, L.P., et al. – dissolution
Docket No. 650975/2020 – Concluded
NYS Supreme Court
60 Centre Street
NY, NY 10007

Keller, et al. v. RAS Property Management, LLC, et al. – dissolution
Docket No. 2020-04298 – Appeal – Pending
NYS Appellate Division
First Department
27 Madison Avenue
NY, NY 10010

Rosenberg Feldman Smith, LLP v. Ninety-Five Madison Company, L.P. – legal fees
Index No. 653953/2018 – Pending
NYS Supreme Court
60 Centre Street
NY, NY 10007

Harty Built, LLC v. Ninety-Five Madison Company, L.P. – trade debt
Index No. 157349/2018 – Pending
NYS Supreme Court
60 Centre Street
NY, NY 10007

Agir Electrical Ltd. v. Ninety-Five Madison Company, L.P. – trade debt
Index No. 606287/2020 – Pending
NYS Supreme Court
100 Supreme Court Drive
Mineola, NY

1

## Schedule 10

### Senior Management

Pursuant to Local Rule 1007-2(a)(12), to the best of the Debtor's knowledge and belief, the following is a list of the names of individuals who comprise the Debtor's existing senior management, their tenure with the debtor, and a brief summary of their relevant responsibilities and experience.

| Name & Position | Responsibilities & Experience |
| --- | --- |
| Rita A. Sklar, Manager and Sole Member of RAS Property Management, LLC, the General Partner of the Debtor | General oversight of the Debtor's operations. |

<u>**Schedule 11**</u>

**Payroll**

Pursuant to Local Rule 1007-2(b)(1)-(2)(A) and (C), the following provides the estimated amount of monthly payroll to the Debtor's employees (not including officers, directors, and stockholders) and the estimated amount to be paid to officers, stockholders, directors, and financial and business consultants retained by the Debtor for the 30-day period following the filing of the chapter 11 petition.

| | |
|---|---|
| **Payments to Employees  (Not Including Officers, Directors, and Stockholders)** | $ 10,660.60 |
| **Payments to Officers, Stockholders, and Directors** | $      00.00 |
| **Payment to Financial and Business Consultants** | $      00.00 |