# Sills Cummis & Gross
### A Professional Corporation

**101 Park Avenue, 28th Floor**
**New York, New York 10178**
**Tel: (212) 643-7000**

S. Jason Teele
Member
Direct Dial: 973-643-4779
Email: steele@sillscummis.com

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000

May 14, 2021

**VIA ECF**

The Honorable Judge Sean H. Lane
United States Bankruptcy Judge
One Bowling Green
New York, New York 10004-1408

Re:    <u>**In re Ninety-Five Madison Company, L.P. – Case No. 21-10529 (SHL)**</u>

Dear Judge Lane:

We represent Vitra, Inc. ("**Vitra**"), a creditor in the above-referenced chapter 11 case. Unfortunately, we are compelled to request that the Court intervene to resolve a discovery dispute with respect to Vitra's motion to dismiss or convert the Debtor's case (Docket No. 15) (the "**Motion to Dismiss/Convert**").

Vitra filed the Motion to Dismiss/Convert on April 6, 2021. It is scheduled for a hearing June 3, 2021.  In connection with the Motion to Dismiss/Convert, on April 8, 2021, Vitra served a document request on the Debtor (the "**Discovery Request**"),[1] which requested that the Debtor produce all non-privileged, responsive documents by May 14, 2021 at 5:00 p.m. (ET).

The Debtor responded to the Vitra Discovery Request on May 7, 2021 (the "**Debtor Response**").[2] The Debtor Response asserts "boilerplate" objections to the Discovery Request – in conflict with its obligations under applicable law and the rules of discovery – and the Debtor has refused to produce *any* documents in response to the Discovery Request. Vitra believes that the Debtor Response is without any merit whatsoever.

As required by Local Bankruptcy Rule 7007-1(a), Vitra wrote Debtor's counsel on May 10, 2021 in an effort to address the defects in the Debtor Response and resolve the matter (the "**Vitra**

---

[1] A copy of the Discovery Request is attached as **Exhibit A** to **Exhibit 1** hereto.
[2] A copy of the Debtor Response is attached as **Exhibit B** to **Exhibit 1** hereto.

8068192

**Sills Cummis & Gross**
A Professional Corporation

May 14, 2021
Page 2

**Discovery Letter**").[3]  The Debtor responded on May 11, 2021 (the "**Debtor Discovery Letter**"),[4] reiterating the same "boilerplate" objections that were stated in the Debtor Response and claiming that, because the Discovery Request was "premature", the Debtor would not comply with the request until *after* the Debtor files its objection to the Motion to Dismiss/Convert. In other words, the Debtor does not intend to comply with properly issued and served discovery until less than a week before the hearing on the Motion to Dismiss/Convert. The Debtor Response is an obvious attempt by the Debtor to avoid producing information that would further substantiate the allegations made by Vitra in support of dismissing or converting the Debtor's case.

On May 13, 2021, counsel for the parties met and conferred by telephone in an attempt to resolve the dispute. Following the call, Debtor's counsel confirmed that the Debtor has not changed its position with regard to the Discovery Request.[5]

Therefore, we respectfully request a discovery conference with the Court as soon as practically possible to resolve the discovery issue so that Vitra can obtain needed discovery within a reasonable time before the hearing.

Respectfully submitted,

S. Jason Teele

/enclosures

cc:    Charles  E. Simpson, Esq. (via e-mail and CM/ECF)
       Edmund B. Troya, Esq. (via e-mail)

---

[3] A copy of the Vitra Discovery Letter is attached hereto as **Exhibit 1**.
[4] A copy of the Debtor Discovery Letter is attached hereto as **Exhibit 2**.
[5] A copy of the May 13, 2021 letter from Debtor's counsel is attached hereto as **Exhibit 3**.

## EXHIBIT 1

**Vitra Discovery Letter**

# Sills Cummis & Gross
### A Professional Corporation

**101 Park Avenue, 28th Floor**
**New York, New York 10178**
**Tel: (212) 643-7000**

S. Jason Teele
Member
Direct Dial: 973-643-4779
Email: steele@sillscummis.com

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000

May 10, 2021

**VIA ELECTRONIC MAIL**

Ninety-Five Madison Company, L.P.
c/o Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, New York 10019
Attn:   Charles E. Simpson, Esq.
        Edmund B. Troya, Esq.

**Re:     In re Ninety-Five Madison Company, L.P. – Case No. 21-10529 (SHL)**

Dear Charles, Edmund:

As you know, we represent Vitra, Inc. ("**Vitra**") in the above-referenced chapter 11 case.  We write in response to *Debtor Ninety-Five Madison Company, L.P.'s Responses and Objections to Request of Vitra, Inc. for the Production of Documents*, which we received on May 7, 2021.[1]

Under FED. R. CIV. P. 26(b)(1) – made applicable to this contested matter by FED. R. BANKR. P. 7026 and 9014 – "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Vitra's document request included fifteen carefully tailored requests, designed to lead to the production of discoverable evidence further corroborating the allegations asserted against the Debtor and its principal, Ms. Rita Sklar, in Vitra's motion to dismiss the Debtor's chapter 11 case or convert it to a chapter 7 liquidation [Docket No. 15].

The Debtor has refused to produce *any* documents in response to Vitra's discovery request. The only proffered justification for the Debtor's failure to comply with its unambiguous discovery obligations are generic, boilerplate objections that lack any basis in fact or law.

We demand that the Debtor produce non-privileged documents that are responsive to Vitra's discovery request by the original return date of May 14, 2021, at 5:00 p.m. (Eastern Time).  If the Debtor fails to comply with its discovery obligations by producing all non-privileged, responsive documents as specified in Vitra's discovery request, we will be compelled to seek the intervention

---

[1] A copy of Vitra's discovery request is attached as **Exhibit A**.  A copy of the Debtor's response thereto is attached as **Exhibit B**.

# Sills Cummis & Gross
### A Professional Corporation

May 10, 2021
Page 2

of the Court to resolve the matter.

This letter constitutes Vitra's good faith effort to resolve this discovery dispute prior to seeking court intervention and is without waiver of any of its rights and remedies, all of which are expressly reserved and preserved.  We are available should you wish to discuss this further.

Very truly yours,

S. Jason Teele

cc:
Joshua N. Howley, Esq.
Mark S. Levenson, Esq.

8055569

## EXHIBIT A

**Vitra's Discovery Request**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq.
Joshua N. Howley, Esq.
101 Park Avenue, 28th Floor
New York, New York 10178
Tel. (212) 643-7000
E-mail. steele@sillscummis.com
       jhowley@sillscummis.com
*Attorneys for Vitra, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 Proceeding |
| NINETY-FIVE MADISON COMPANY, L.P., | Case No. 21-10529 (SHL) |
| Debtor. | |

**REQUEST OF VITRA, INC. FOR THE PRODUCTION OF DOCUMENTS BY NINETY-FIVE MADISON COMPANY, L.P.**

**To:**    Ninety-Five Madison Company, L.P.
       c/o Windels Marx Lane & Mittendorf, LLP
       156 West 56th Street
       New York NY 10019
       Attn: Charles Simpson, Esq.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 9014, 7026, and 7034 of the Federal Rules of Bankruptcy Procedure, and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, Vitra, Inc. ("**Vitra**"), by and through its undersigned counsel, submits this Request for the Production of Documents to Ninety-Five Madison Company, L.P. (the "**Debtor**") in connection with the Debtor's chapter 11 case and the *Motion of Vitra, Inc. to Dismiss the Chapter 11 Case of Ninety-Five Madison Company, L.P. or, in the alternative, to Convert the Debtor's Case to a Case Under chapter 7 of the Bankruptcy Code and for Related Relief* (Docket No. 15). The requested materials shall be produced to the offices of Sills Cummis & Gross P.C., c/o S. Jason Teele, Esq., 101 Park Avenue, 28th Floor, New York, New York 10178, on or before May 14, 2021, at 5:00 p.m. (Eastern Time).

7991818

## **DEFINITIONS**

For purposes of the below document requests (the "Requests"), the following definitions shall apply:

1.    "Chapter 11 Case" means the above-captioned chapter 11 case.

2.    "Communication" includes any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons or entities, by whatever means accomplished, and includes written contact such as correspondence, letters, notes, advertisements, proposals, solicitation, memoranda, telegrams, facsimiles, emails, or electronic file transfers, and oral transmission and conveyance of information, including face-to-face meetings, telephone conversations, and video conferences.

3.    "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter being referenced.

4.    "Debtor" means the debtor and debtor in possession in the Chapter 11 Case, and shall include anyone acting on its behalf, over whom it has control, or which is, or may be subrogated to their interests, including, without limitation, any partner, officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, affiliate, subsidiary, or other person or entity.

5.    "Document" has the broadest possible meaning under Federal Rule of Civil Procedure 34 and includes each and every form of Communication, and also includes, without limitation, all written, printed, typed, recorded, or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in the Debtor's actual or constructive possession, custody or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts,

agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced or reproduced, including backup tapes. The term "Document" shall include not only originals, but also any copies or reproductions of all such written, printed, typed, recorded, or graphic matter upon which any notations, comments or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents.

6.      "Person" means a natural person or an entity, including, without limitation, a corporation, partnership, firm, sole proprietorship, association, joint venture, unincorporated association, trust, or any other entity of any type or description whatsoever, whether formed for business or other purposes.

7.      "Property" means the Debtor's owned real estate located at 95 Madison Avenue, New York, New York 10016.

8.      "Related Entity" or "Related Entities" shall mean any legal entity, including but not limited to, a corporation, partnership, sole proprietorship, or limited liability company in which the Debtor, Sklar, or any immediate family relative of Sklar has or may have an equity interest, directly or indirectly, as a general partner, limited partner, director, officer, member, manager, or person in control.

9.      "Related Party" or "Related Parties" shall mean any Related Entity or any immediate family relative of Sklar (as defined herein), and (to the extent not captured in the previous definitions) the Debtor, RAS Property Management LLC, Kinder Realty Associates, Madison Exchange LLC, Steven C. Mero, Lois Weinstein, and any other family relative of Sklar.

10.      "Sklar" means Ritas A. Sklar.

11.      "Vitra" means Vitra, Inc.

12.     "You" or "Your" means the Debtor.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions, and for purposes of the Requests, the following Instructions shall be followed:

1.     To the extent You have provided and satisfied any of the below Requests, You shall provide a written response stating the date and manner of production of such Request(s).

2.     All responses shall comply with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

3.     The following Requests shall be deemed continuing in nature. In the event You become aware of or acquire additional information Concerning any of the following Requests, such additional information is to be promptly produced.

4.     You are to produce all responsive Documents in Your possession, custody or control, wherever located, including, without limitation, those in the custody of Your representatives and affiliates. A Document is deemed to be in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person or entity and You: (i) own such Document in whole or in part; (ii) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms; or (iv) as a practical matter, You have been able to use, inspect, examine, or copy such Document when You sought to do so. If any requested Document was, but no longer is, in Your control, state the disposition of each such Document.

5.     If any Document requested herein was formerly in Your possession, custody or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on

which the Document was prepared or transmitted, and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      If any part of the following Requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for Your inability to respond to the remainder and stating whatever information or knowledge You have Concerning the portion to which You do not respond.

7.      If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

8.      The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests based on the knowledge or information that You possess at the time You respond to these Requests. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request, so state in Your response to that Request.

9.      Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

10.     The words "and" and "or" are to be construed both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Request.

11.     If there are no Documents responsive to any particular Request, please state so in writing.

12.     A Request for any Document shall be deemed to include a request for any and all

transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

13.      Each Request for Documents herein includes a request for exact copies of all disks, CDs, DVDs, flash drives, memory sticks, and other removable media containing any information responsive to such Request. Electronic records and computerized information should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material legible.

14.      If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response. If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

15.      Produce all Documents as they are kept in the ordinary course of business.

16.      To the extent you refuse to respond to any Request, in whole or in part, on grounds of privilege, identify the withheld Document or Communication on a privilege log stating: (i) the identity of the person(s) who prepared or authored the Document or took part in the Communication; (ii) the person(s) to whom the Document was shown or otherwise disclosed; (iii) the date(s) on which the Document was prepared and disseminated, or on which the Communication transpired or was disclosed; (iv) the general subject matter of the Document or Communication; (v) the nature of the Document or Communication (e.g., telephone conference, office conference); and (v) the basis for the claim of privilege or withholding. Any redactions to Documents shall be prominently identified with a mark indicating the location and size of the redacted area.

17.      Unless otherwise specified in the Requests, You are to produce all Documents and Communications responsive to a Request from the period between and including January 1, 2017 to the present.

**DOCUMENT REQUESTS**

1.  All Documents concerning or relating to the security deposit, in the amount of $285,000, posted by Vitra in connection with its lease of a portion of the Property, including but not limited to showing that it is currently being maintained by the Debtor in a separate trust account pursuant to applicable New York law..

2.  All of the Debtor's financial and tax reporting documents, including but not limited to state and federal tax returns, K-1s, audit reports, balance sheet statements, general ledgers, and related financial statements.

3.  A complete list of all recurring, monthly expenses paid by the Debtor.

4.  A complete list of all expenses of the Debtor paid by a Related Party or any Person other than the Debtor.

5.  All Documents evidencing fees, payments and other transfers by the Debtor to, or for the benefit of, Sklar, RAS Property Management LLC, Kinder Realty Associates, Madison Exchange LLC or any other  Related Party.

6.  All Documents evidencing salary, bonuses, incentive compensation, and any other benefits, expense reimbursements, car allowances, 401k or similar plan contributions, retirement fund contributions, life insurance, loans, consulting fees, and any other consideration paid to Sklar or any Related Party.

7.  A complete list of all Persons employed by the Debtor, by job title and annual salary/benefits.

8.  All Documents concerning statements of any banking and/or investment account maintained by, for the benefit of, or on behalf of the Debtor.

9.  All Documents evidencing any employment agreement between the Debtor and Sklar or any Related Party.

10.  All Communications between the Debtor and RAS Property Management LLC.

11.  All Communications between the Debtor and Sklar.

12.  A complete list of all of the Debtors' suppliers, vendors, customers, or other

-7-

contract counterparties in which Sklar or any Related Party has or had an interest of any kind, direct or indirect, including but not limited to ownership interests and management interests (excluding passive equity stakes held in retirement accounts or mutual funds).

13.    All Documents evidencing contracts, leases or other agreements between the Debtor and Sklar and any Related Party.

14.    All Documents concerning the Debtor's efforts to mortgage or refinance the Property.

15.    All Documents concerning any expression of interests or offer to purchase, finance or refinance the Property.

Dated:  New York, New York           **SILLS CUMMIS & GROSS, P.C.**
      April 8, 2021           *Attorneys for Vitra, Inc.*

                         By:   */s/ S. Jason Teele*
                             S. Jason Teele, Esq.
                             Joshua N. Howley, Esq.
                             101 Park Avenue, 28th Floor
                             New York, New York 10178
                             Tel. (212) 643-7000

## __EXHIBIT B__

**Debtor's Discovery Response**

8055569

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Charles E. Simpson (csimpson@windelsmarx.com)
*Counsel for Chapter 11 Debtor Ninety-Five Madison*
*Company, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | <u>Chapter 11</u> |
| NINETY-FIVE MADISON COMPANY, L.P., | Case No. 21-10529 (SHL) |
| Debtor. | |

<u>**DEBTOR NINETY-FIVE MADISON COMPANY, L.P.'S RESPONSES AND**</u>
<u>**OBJECTIONS TO REQUEST OF VITRA, INC. FOR THE PRODUCTION OF**</u>
<u>**DOCUMENTS**</u>

Chapter 11 Debtor Ninety-Five Madison Company, L.P. ("Debtor"), by and through its

counsel, Windels Marx Lane & Mittendorf, LLP, hereby provides the following Responses and

Objections to the Request for the Production of Documents ("Request" or "Requests) served by

Vitra, Inc. ("Vitra") on April 8, 2021.

<u>**OBJECTIONS TO DEFINITIONS**</u>

1.       Debtor objects to the terms "Communication" or "Communications" in Definition

No. 2 as inconsistent with Local Rule 26.3(c)(1) of the United States District Court for the Southern

District of New York and this Court.   Debtor will respond to Requests containing

"Communication" or "Communications" consistent with the definition in Local Rule 26.3(c)(1).

2.       Debtor objects to the term "Document" in Definition No. 3 as inconsistent with

Local Rule 26.3(c)(2) of the United States District Court for the Southern District of New York

and this Court.  Debtor will respond to Requests containing "Identify" as that term is defined in

Local Rule 26.3(c)(2).

3.      Debtor objects to the term "Person" in Definition No. 12 as inconsistent with Local Rule 26.3(c)(6) of the United States District Court for the Southern District of New York and this Court.  Debtor will respond to Requests containing "Person" as that term is defined in Local Rule 26.3(c)(6).

4.      Debtor objects to the terms "Related Entity", "Related Entities", "Related Party", and "Related Parties" in Definition Nos. 8 and 9 to the extent that they exceed the scope of relevance articulated in Federal Rule 26.

## OBJECTIONS TO INSTRUCTIONS

1.      Debtor will respond to these Discovery Requests consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules").

## DEBTOR'S GENERAL OBJECTIONS

**1.**      Debtor further objects to the Requests to the extent that they call for information protected from discovery by the attorney-client privilege, the work product doctrine and/or any other applicable privilege. The inadvertent disclosure of any privileged information shall not operate as a waiver of any applicable privilege.

**2.**      Debtor objects to the Requests to the extent they seek to expand on or conflict with Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and/or the Local Rules of the Bankruptcy Court for the Southern District of New York.

**3.**      Debtor objects to the Requests to the extent they request disclosure of information that is exempt pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix),

made applicable in the instant contested matter by Bankruptcy Rules 7026 and 9014. Specifically, these exemptions are applicable because Vitra's claims in Debtor's case are comprised of state court judgments and the enforcement of an arbitral award.

4.     Debtor objects to the Requests to the extent they seek discovery that is beyond the scope of the instant contested matter, namely the Vitra motion to dismiss Debtor's bankruptcy case or in the alternative to convert the case to a case under chapter 7 of the Bankruptcy Code. (Dkt. No. 15.) Debtor further objects given the narrow scope of this contested matter to the undue burden placed upon it by the Requests, which require the Debtor to engage in litigation expenses for requests that are not reasonably calculated to lead to discoverable evidence, especially considering that Debtor is currently preparing and expects to obtain approval for a chapter 11 plan that will pay all creditors, including Vitra, in full on their valid claims.

5.     Debtor objects to the Requests to the extent they request information that is not reasonably or readily available to it, in its possession, or is more readily available to Vitra.

6.     Debtor objects to the Requests to the extent they seek information available in the state court proceedings involving the Debtor and Vitra and are equally accessible to Vitra via the dockets for those cases.

7.     All specific responses to the Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object to the use of such responses, or the subject matter thereof, on any ground in any further proceeding in the above-captioned chapter 11 cases; and (d) the right

to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

8.      Debtor's discovery and investigation in this matter are continuing. Debtor reserves the right to amend or further supplement the following responses based on any further investigation or discovery with respect to this contested matter, and to introduce at trial (or any other adjudication of the instant contested matter by this Court) any and all evidence.

9.      These General Objections shall be deemed to be incorporated by reference into the Specific Objections and Responses set forth below.

## DEBTOR'S OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### Request No. 1:

All Documents concerning or relating to the security deposit, in the amount of $285,000, posted by Vitra in connection with its lease of a portion of the Property, including but not limited to showing that it is currently being maintained by the Debtor in a separate trust account pursuant to applicable New York law.

### Response to Request No. 1:

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules

26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014. Such disclosures as are required will be made pursuant to applicable rules.

Debtor further objects to this Request insofar as it seeks information that is currently not obtainable from its financial institutions, as Vitra's actions in state court litigation have led Debtor's access to its accounts and related information to be frozen.

Notwithstanding the foregoing objections, Debtor will agree to provide document(s) confirming the trust account for the deposit as soon as it is able to do so.

**Request No. 2:**

All of the Debtor's financial and tax reporting documents, including but not limited to state and federal tax returns, K-1s, audit reports, balance sheet statements, general ledgers, and related financial statements.

**Response to Request No. 2:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request on the grounds that it is overly broad and burdensome.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014. Such disclosures as are required will be made pursuant to applicable rules.

Debtor objects to this Request to the extent it seeks information available in the state court proceedings involving the Debtor and Vitra and are equally accessible to Vitra via the dockets for those cases.

**Request No. 3:**

A complete list of all recurring, monthly expenses paid by the Debtor.

**Response to Request No. 3:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor refers Vitra to the schedules and other filings accompanying Debtor's chapter 11 petition.  (*See*, Dkt. Nos. 1, 4, 8-13.)

**Request No. 4:**

A complete list of all expenses of the Debtor paid by a Related Party or any Person other than the Debtor.

**Response to Request No. 4:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

**Request No. 5:**

All Documents evidencing fees, payments and other transfers by the Debtor to, or for the benefit of, Sklar, RAS Property Management LLTC, Kinder Realty Associates, Madison Exchange LLC or any other Related Party.

**Response to Request No. 5:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

**Request No. 6:**

All Documents evidencing salary, bonuses, incentive compensation, and any other benefits, expense reimbursements, car allowances, 401k or similar plan contributions, retirement fund contributions, life insurance, loans, consulting fees, and any other consideration paid to Sklar or any Related Party.

**Response to Request No. 6:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014.  Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 7:**

A complete list of all Persons employed by the Debtor, by job title and annual salary/benefits.

**Response to Request No. 7:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014.  Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 8:**

All Documents concerning statements of any banking and/or investment account maintained by, for the benefit of, or on behalf of the Debtor.

**Response to Request No. 8:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014. Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 9:**

All Documents evidencing any employment agreement between the Debtor and Sklar or any Related Party.

**Response to Request No. 9:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014. Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 10:**

All Communications between the Debtor and RAS Property Management LLC.

**Response to Request No. 10:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014. Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 11:**

All Communications between the Debtor and Sklar.

**Response to Request No. 11:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014.  Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 12:**

A complete list of all of the Debtors' [sic] suppliers, vendors, customers, or other contract counterparties in which Sklar or any Related Party has or had an interest of any kind, direct or indirect, including but not limited to ownership interests and management interests (excluding passive equity stakes held in retirement accounts or mutual funds).

**Response to Request No. 12:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014.  Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 13:**

All Documents evidencing contracts, leases or other agreements between the Debtor and Sklar and any Related Party.

**Response to Request No. 13:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous, and that it seeks information that is not reasonably related to the instant contested matter and is not reasonably calculated to lead to discoverable evidence related to the instant contested matter.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014.  Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 14:**

All Documents concerning the Debtor's efforts to mortgage or refinance the Property.

**Response to Request No. 14:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014.  Such disclosures as are required will be made pursuant to applicable rules.

**Request No. 15:**

All Documents concerning any expression of interests or offer to purchase, finance or refinance the Property.

**Response to Request No. 15:**

Without waiving and subject to Debtor's General Objections:

Debtor objects to this Request on the grounds that it is overly broad and burdensome and vague and ambiguous.

Debtor further objects to this Request to the extent that it calls for Redundant, Cumulative, and Marginally Relevant Documents.

Debtor further objects to this Request to the extent that it seeks Documents outside the scope of relevance articulated in Federal Rule 26.

Debtor further objects to this Request to the extent that it calls for the premature disclosure of information exempt from disclosure pursuant to Bankruptcy Rule 9014 and Federal Rules 26(a)(1)(B)(viii) and (ix), made applicable to the instant contested matter by Bankruptcy Rules 7026 and 9014.  Such disclosures as are required will be made pursuant to applicable rules.

Dated: New York, New York
      May 7, 2021

**WINDELS MARX LANE & MITTENDORF, LLP**

By: /s/ Charles E. Simpson           
Charles E. Simpson, Esq.
156 West 56th Street
New York, NY 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215

*Attorneys for Ninety-Five Madison Company, L.P., Chapter 11 Debtor*

## EXHIBIT 2

**Debtor Discovery Letter**



WINDELS MARX | Windels Marx Lane & Mittendorf, LLP

windelsmarx.com

Charles E. Simpson
212.237.1070
csimpson@windelsmarx.com

156 West 56th Street  |  New York, NY 10019
T. 212.237.1000  |  F. 212.262.1215

May 11, 2021

**VIA EMAIL and REGULAS MAIL**

SILLS CUMMIS & GROSS, P.C.
101 Park Avenue, 28th Floor
New York, New York 10178

**Attention:**  S. Jason Teele, Esq. (steele@sillscummis.com)

    **In re:  Ninety-Five Madison Company, L.P. ("Debtor")**
          **Chapter 11 Case No. 21-10529 (SHL)**

Dear Jason:

    Debtor in the referenced matter provided responses to Vitra, Inc.'s document requests on May 7, 2021 (the "**Responses**").  Your letter dated May 10, 2021 incorrectly asserts that Debtor has refused to produce any documents in response to the Vitra requests.  The Responses to Vitra's request were provided in good faith and address each request.  The Responses set forth the grounds upon which each general and specific objection is based, and moreover explain that, under applicable bankruptcy rules and the civil rules made applicable to this matter, Vitra's requests were premature and did not require responses beyond what Debtor has provided in the Responses at this time. Certain of the Responses also refer Vitra to Debtor's schedules and other chapter 11 filings and elsewhere note that with respect to certain documents, such as documents relating to the bank account where the Vitra security deposit is held, such will be provided once Debtor is able to obtain that information. Debtor also made clear that it will supplement the Responses as necessary.

    Debtor will timely file a response in opposition to Vitra's motion to dismiss or convert Debtor's case and will thereafter comply with timely discovery demands as necessary for the adjudication of this contested matter.  This letter constitutes the Debtor's attempt in good faith to resolve the issues raised in your letter and avoid needless litigation.  Debtor expressly reserves and preserves all rights, remedies, and defenses.

Very truly yours,

Charles E. Simpson

cc:    Joshua N. Howley, Esq. (via email jhowley@sillscummis.com)
       Mark S. Levenson, Esq. (via email mlevenson@sillscummis.com

## **EXHIBIT 3**

**May 13, 2021 Letter**



windelsmarx.com

**Edmund B. Troya**
**212.237.1000**
**etroya@windelsmarx.com**

156 West 56th Street  |  New York, NY 10019
T. 212.237.1000  |  F. 212.262.1215

May 13, 2021

**VIA EMAIL**

SILLS CUMMIS & GROSS, P.C.
101 Park Avenue, 28th Floor
New York, New York 10178

**Attention:**  S. Jason Teele, Esq. (steele@sillscummis.com)

In re:  **Ninety-Five Madison Company, L.P. ("Debtor")**
        **Chapter 11 Case No. 21-10529 (SHL)**

Dear Jason:

Following today's discovery teleconference, Charles Simpson and I have conferred regarding your position with respect to the timing of Vitra Inc.'s discovery requests. Debtor provided timely responses to Vitra, Inc.'s document requests on May 7, 2021. Debtor's position with respect to the document requests, including their timing, remains as set forth in Debtor's responses and has not changed.

Very truly yours,

/s/ Ed Troya
Ed Troya

cc:   Charles E. Simpson, Esq.
      Joshua N. Howley, Esq. (via email jhowley@sillscummis.com)
      Mark S. Levenson, Esq. (via email mlevenson@sillscummis.com

{11925142:1}