# Sills Cummis & Gross
A Professional Corporation

**101 Park Avenue, 28th Floor**
**New York, New York 10178**
**Tel: (212) 643-7000**

S. Jason Teele
Member
Direct Dial: 973-643-4779
Email: steele@sillscummis.com

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000

May 28, 2021

**Via ECF & Email**

The Honorable Judge Sean H. Lane
United States Bankruptcy Judge
One Bowling Green
New York, New York 10004-1408

**Re:    In re Ninety-Five Madison Company, L.P. – Case No. 21-10529 (SHL)**

Dear Judge Lane:

We represent Vitra, Inc. ("Vitra"), a creditor in the above-referenced chapter 11 case. This letter is intended to alert to Court to two matters of critical importance before the June 3, 2021, hearing on Vitra's motion to dismiss or convert the Debtor's case (Docket No. 15) (the "Motion to Dismiss/Convert").

The first matter poses a significant threat to the health and safety of the Debtor's tenants, including Vitra, contractors working in the building and visitors, as well as to the security of the building itself. On May 27, 2021, the New York City Fire Department arrived at the building in search of the owner or a supervisor, but there was no staff present. This was not an isolated incident. The building is frequently left unmanned, or is supervised only by Rita Sklar, who rarely is present for the full day. Health and safety regulations require a certified person to be on site to maintain and operate the building's life and safety equipment, such as the fire suppression system and HVAC In addition, the building security desk is not staffed on a regular basis. This renders the building vulnerable to anyone to enter the building and access tenant spaces. Further, Vitra's contractors must rely on Ms. Sklar to unlock freight entrances and provide access to areas outside of the demised premises and freight elevators (which she is not capable of operating).

Upon information and belief, certain of Debtor's building staff employees have not been paid or have only been partially paid during the time period after March 22, 2021, when the Debtor filed its petition, and over the course of the last several weeks, there was only a single employee (besides Ms. Sklar) to staff the building and he typically did not report for work until midafternoon. As a result of the lack of supervision and staffing at the building, Vitra's contractors have been compelled to communicate matters to Vitra's counsel, who then must convey requests to Debtor's counsel. Unfortunately, there have been several occasions where even Debtor's counsel has been

8098767

Sills Cummis & Gross
A Professional Corporation

**Hon. Sean H. Lane**
Page 2

unable to reach Ms. Sklar in a timely manner. Without question, the lack of supervision and staffing at the building is creating a substantial health, safety and security risk to all who work in or visit the building.

Although Debtor's counsel has made representations that an independent manager would be retained to manage the building – to obviate the need for Vitra to have to deal directly with Ms. Sklar and mitigate the health and safety risks – no action has been taken to retain one. Coupled with the concerns and risks described above, this failure highlights the need for the Court to appoint a trustee.

The second matter concerns the Debtor's ongoing and continued failure to provide documents in response to Vitra's document requests. As the Court will recall, this issue was the subject of a discovery conference on May 17, 2021, at the conclusion of which the Debtor was directed to comply with the discovery. To date, the Debtor has provided incomplete responses to only some of Vitra's document requests and has failed to respond to several others.

We believe these issues are of such significance that the Court should be made aware of them prior to the hearing on June 3, 2021.

Respectfully submitted,

S. Jason Teele

S. Jason Teele

cc:    Charles E. Simpson, Esq. (via e-mail and CM/ECF)

8098767