Hearing Date and Time:  August 12, 2021 at 10:00 a.m.
Objection Deadline:  August 5, 2021 at 5:00 p.m.

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for the Debtor and Debtor-In-Possession*
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Attorneys Appearing: Charles E. Simpson (csimpson@windelsmarx.com)
David Lopez (dlopez@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x
In re:                                  :
                                        :    Chapter 11 Case
NINETY-FIVE MADISON COMPANY, L.P.,      :
                                        :    No. 21-10529 (SHL)
                        Debtor.         :
                                        :
                                        :
---------------------------------------- x

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 105(a) AND**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) FOR ENTRY**
**OF AN ORDER APPROVING A STIPULATION AND AGREEMENT OF**
**COMPROMISE, SETTLEMENT, AND RELEASE**

**TO THE HONORABLE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

Ninety-Five Madison Company, L.P., as debtor and debtor-in-possession (the "**Debtor**") makes this motion (the "**Motion**") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") seeking entry of an order approving a Stipulation and Agreement of Compromise, Settlement and Release (the "**Stipulation**"), annexed hereto as **Exhibit A**, by and between the Debtor and TellaS Ltd. ("**TellaS**").  The proposed Stipulation provides, in pertinent part, for payment to the Debtor in the sum of $140,000.00 from

the $239,094.96 security deposit (the "**Security Deposit**") submitted by TellaS to the Debtor in consideration for an 11-year lease agreement, dated May 27, 2008 (the "**Lease Agreement**"). The Stipulation further provides for payment to TellaS in the sum of $124,080.39 from the Security Deposit plus accrued interest thereon (the "**Settlement Amount**"), to resolve all claims, actions, suits, demands, and causes of action based upon, arising out of, or related to the Security Deposit. In support to the Motion, the Debtor respectfully states as follows:

### Jurisdiction; Venue; Statutory Bases

1. This Court has jurisdiction over this Motion and any hearings or orders entered pursuant thereto under sections 157(a) and 1334 of title 28 of the United States Code ("**Title 28**"), and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue of this proceeding and the Motion in this District is proper under sections 1408 and 1409 of Title 28. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. This matter is a core proceeding under section 157(b) of Title 28.

### Background

2. On March 22, 2021 ("**Petition Date**"), the Debtor commenced this Chapter 11 case as a Debtor-in-Possession under Bankruptcy Code §§ 1107 and 1108.

3. Prior to the Petition Date, on or about May 27, 2008, TellaS and the Debtor entered into the Lease Agreement whereby, *inter alia*, TellaS submitted the Security Deposit. By December 31, 2019, the Security Deposit was valued at $264,080.39, which reflected the interest earned to date. The parties agree that the Security Deposit is not property of the estate.

4. Pursuant to the terms of the Lease Agreement, TellaS was to install bathrooms on the premises, subject to the Debtor's prior written consent (the "**Bathroom Renovations**").

5. TellaS did not receive written consent from the Debtor for the Bathroom Renovations during the term of the Lease Agreement. Notwithstanding, TellaS offered the Debtor $140,000.00 to cover expenses related to the Bathroom Renovations. The Debtor neither accepted nor denied TellaS's offer.

6. Beginning in June 2019, TellaS made demand upon the Debtor for return of the Security Deposit. On December 30, 2020 and January 12, 2021, TellaS provided the Debtor with legal demand letters for the return of the Security Deposit.

7. On January 28, 2021, TellaS commenced an Action in the Supreme Court of the State of New York, County of New York (the "**Supreme Court**"), seeking the return of the Security Deposit plus interest in the action captioned, *TellaS v. Ninety-Five Madison Company, L.P.*, Index No. 650652/2021 (the "**Lawsuit**").

8. After the Petition Date, the parties entered into discussions to resolve all disputes between them regarding the Security Deposit, and therefore agreed to engage in good-faith and arms-length negotiations.

9. The Stipulation represents a fair and reasonable compromise because it spares the estate from the cost of litigating the Lawsuit in the Supreme Court.

### The Stipulation

10. The Stipulation, a copy of which is attached hereto as **Exhibit A**, is the product of arms' length negotiation between the Debtor and TellaS. The Stipulation is in the best interests of the Debtor's estate and should therefore be approved.

11. The salient terms of the Stipulation are as follows:

    a. The parties agree that the Debtor shall receive $140,000 (the cost of the Bathroom Renovations) from the Security Deposit and TellaS shall receive $124,080.39 from the Security Deposit plus accrued interest earned thereon (the "Settlement Amounts"), to resolve all claims, actions, suits, demands, and causes of action based upon, arising out of, or related to the Security Deposit.

    b. In full and final satisfaction of the claims between the Parties, the Security Deposit shall be released, and the Parties shall receive, the Settlement Amounts set forth in paragraph 2 above within three business days after entry of a final order approving of this Agreement by the Bankruptcy Court. Upon receipt of its portion of the Settlement Amounts, TellaS shall be released from all liability and any claims from the Debtor and the estate herein as well as any successor trustee or estate representative and TellaS shall not have any further claim against the Debtor in this chapter 11 case.

## Relief Requested

12. By this Motion, the Debtor respectfully requests that the Court enter an order approving the Stipulation.

## Legal Basis

13. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 BR 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

14. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App.

LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. Of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426; *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation"); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

15. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

- the probability of success in the litigation;
- the difficulties associated with collection, if any;
- the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
- the paramount interests of the creditors.

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

16. The bankruptcy court should also consider the fair and reasonable course of action for the debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. *In re Del Grosso*, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); *see also In re Culmtech, Ltd.,* 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); *In re Lawrence & Erausguin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); *In re Bell & Beckwith*, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

17. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified*

*Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

18. The Stipulation falls well above the lowest point in the range of reasonableness for several reasons, including that: (i) the Stipulation settles any and all claims by TellaS against the Debtor related to the Security Deposit; (ii) litigation over the Security Deposit would result in delay and substantial litigation expenses to the estate; and (iii) were the parties to engage in litigation, the probability of success on the merits is uncertain.

19. The Stipulation takes into account all of the above factors and the Debtor's business judgment.

20. The Stipulation avoids the cost, delay and uncertainty of a lengthy and contentious litigation, and provides tangible monetary savings to the Estate and further benefits creditors with allowed claims.

**No Prior Request**

21. No previous motion for the relief requested herein has been made to this or any other court.

**Conclusion**

22. In sum, the Debtor submits that the Stipulation represents a fair and reasonable compromise that is well above the lowest point in the "range of reasonableness," confers a substantial benefit on the estate, and is far preferable to the uncertainty, costs and delay of litigation.

**WHEREFORE** the Debtor respectfully requests that the Court enter an Order substantially in the form attached as **Exhibit B** approving the Stipulation.

Dated: New York, New York
       July 15, 2021

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for the Debtor and Debtor-In-Possession*

By:   /s/ Charles E. Simpson
      Charles E. Simpson (csimpson@windelsmarx.com)
      A Member of the Firm

      156 West 56th Street
      New York, New York 10019
      Tel. (212) 237-1000 / Fax. (212) 262-1215

# EXHIBITS

**Exhibit A**          **Stipulation**

**Exhibit B**          **Proposed Order**