Related Document: Dkt. No. 32
Hearing Date: July 27, 2021 at 11:30 a.m.
Objection Deadline: July 26, 2021 at 3:00 pm

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Charles E. Simpson (csimpson@windelsmarx.com)
Edmund B. Troya (etroya@windelsmarx.com)
*Attorneys for Chapter 11 Debtors, Ninety-Five Madison Company, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ x
In re:                                           :
                                                 :   Chapter 11 Case
NINETY-FIVE MADISON COMPANY, L.P.,               :
                                                 :   No. 21-10529 (SHL)
                    Debtor.                      :
                                                 :
                                                 :
------------------------------------------------ x

**SUPPLEMENTAL DECLARATION IN SUPPORT OF DEBTOR, NINETY-FIVE MADISON COMPANY, L.P'S OPPOSITION TO THE MOTION OF VITRA, INC. TO DISMISS THE DEBTOR'S BANKRUTPCY CASE OR, IN THE ALTERNATIVE, TO CONVERT THE DEBTOR'S CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE, AND FOR RELATED RELIEF**

TO:   HONORABLE SEAN H. LANE,
      UNITED STATES BANKRUPTCY JUDGE

Ninety-Five Madison Company, L.P., Debtor and Debtor-in-Possession (the "Debtor" or "NFMC"), by its attorneys, Windels Marx Lane & Mittendorf, L.P., respectfully submits this Supplemental Declaration to the Debtor's Response (the "Response") in opposition to the Motion by Vitra, Inc. ("Vitra") to dismiss the Debtor's Chapter 11 case or, in the alternative, to convert the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, and related relief (the "Motion") (Doc. 32). By this Supplemental Declaration, the Debtor respectfully represents

{11947810:1}

the following:

1. This Supplemental Declaration is intended to supplement various of the positions stated by the Debtor in its earlier filed Opposition to the Motion (Doc. 32) by Vitra and is intended to be incorporated with the facts and matters set forth therein.

## I. Changes in the Factual Background

### A. The General Partner

2. On March 22, 2021 (the "Petition Date"), RAS Property Management LLC ("RAS") was the Debtor's General Partner and Rita Sklar ("R. Sklar"), through Sklar Equities LLC, ("Sklar Equities") was, and remains the Manager and sole member of the RAS. However, by Amended and Restated Limited Partnership Agreement (the "ARLPA"), dated June 11, 2021, the Debtor's General Partner was restructured with RAS retaining a one (1) share interest in the General Partner and R. Sklar's adult children, Michael Sklar ("M. Sklar") and Sharan Sklar ("S. Sklar") (together with RAS, the "General Partners") each, through their respective Limited Liability Corporation, obtained a one (1) share interest in the General Partner from RAS and the remaining General Partnership interests previously held by RAS (31 shares) were converted to Limited Partnership interests.

### B. The Debtor's Management Structure

3. In addition to the changes in the General Partner structure as stated above, and in the Debtor's best interests, the management of the Debtor's commercial real property at 95 Madison Avenue, New York, New York (the "Property"), and management's duties and responsibilities with respect to the Property's operations, prior to the Petition Date managed solely by Rita Sklar through her entity Sklar Equities, were allocated pursuant to the ARLPA between M. Sklar and S. Sklar (see pages 6, 7 and 8 of the ARLPA, at paragraph 4.03(6) –(8)

{11947810:1}  2

annexed hereto as Exhibit "A". While RAS retains (i) a one (1) share General Partnership interest and (ii) the right to participate, along with M. Sklar and S. Sklar, in decisions with regard to the Debtor's operations, M. Sklar and S. Sklar have the responsibility with respect to the Debtor's operations and the implementation of the General Partners' decisions; R. Sklar no longer plays any role in such.

C.  **Avison Young – New York LLC**

4.  In furtherance of the Debtor's desire to change the structure of the management of the Property, the General Partners determined that it would be in the Debtor's best interests to engage a real property management company to provide onsite management of the Property. Thereafter, the General Partners conducted a search and interviewed numerous candidates and reviewed their proposals; the outcome of which was the selection of Avison Young – New York LLC ("Avison Young") as the Management Agent. An agreement, subject to Bankruptcy Court approval, was reached, executed and submitted on notice to the Bankruptcy Court for its approval. No objections to the Debtor's engagement of Avison Young was made and on July 7, 2021, this Court approved the Debtor's engagement of Avison Young, nunc pro tunc to July 1, 2021. (See, Exhibit "B" annexed hereto.)

## II.    The Debtor's Post-Petition Operations

A.  **95 Madison Avenue's Operations**

5.  As set forth above, Avison Young has taken over responsibility for management of the Property and reporting to M. Sklar with respect to its management. Annexed hereto as Exhibit "C" are letters from Mr. Arthur Mirante ("Mr. Mirante"), Principal & Tri-State President of Avison Young, in which Mr. Mirante describes Avison Young's management takeover, numerous changes made, future changes to be made and efforts to be taken. In addition, Mr.

Mirante's letters should dispel the litany of charges and disparaging comments proffered by Vitra's counsel with respect to 95 Madison Avenue's current and future operations.

**B.    Vitra, Inc.**

6.    In Vitra's Motion and at paragraph 25 of the Response, the Debtor refers to Vitra's "litany of the history of … the landlord-tenant relationship between Debtor and Vitra". While, as stated in paragraph 25 of the Response, this is not relevant to the Debtor's Chapter 11 case; and the Debtor is not seeking to re-litigate State Court issues here, this Court, in order to get a full view, may want to review the letters annexed hereto from the other tenants in 95 Madison Avenue and their specific relationship with the Debtor and R. Sklar annexed hereto as Exhibits numerated below:

   A. Rhineback Bank, letter dated June 16, 2021 (annexed hereto as Exhibit "D");

   B. Lee & Low Books, letter dated June 17, 2021 (annexed hereto as Exhibit "E"); and

   C. M&T Bank, letter dated June 23, 2021 (annexed hereto as Exhibit "F".

7.    In addition to the status and trajectory of the work Vitra must complete to satisfy its obligations under its Lease with the Debtor, with respect to the installation of its elevator, courtyard work and staircase installation, reference is made to Mr. Mirante's letters at Exhibit "C" which also touch on the work Vitra needs to complete, Avison Young's assistance and interaction with Vitra.

### III.    The Chapter 11 Case

**A.    The Motion**

8.    As set forth in the Response at paragraph 35, Vitra has not met its burden in seeking dismissal of this Chapter 11 case. The Motion contains only unsubstantiated and

conclusory statements that, even if they were accurate, as the above and the Exhibits annexed hereto reflect that they are not, the Debtor has "… a viable business in place to protect and rehabilitate." And, as further set forth above and below, the Debtor and its equity holders are actively engaged in the realization of the rehabilitation of its operations in all aspects and the payment in full to all of its creditors; including Vitra.

B.  **The Plan of Reorganization**

9.  As set forth in the Response, prior to and continuing subsequent to the filing of the Petition, the Debtor and its professionals have worked diligently to formulate a structure for the Debtor's, to be proposed, Chapter 11 Plan and its payments to creditors on their claims thereunder in full. In furtherance thereof, the Debtor has engaged a number of its creditors, including Vitra, in discussions in mutual attempts to resolve creditor claims without the need for litigation. To finance the aforesaid, the Debtor has begun the process to (i) collect debts owed to it of approximately Six to Nine Million ($6,000,000 - $9,000,000) Dollars from related entities, (ii) has received proposals from fifteen (15) sources to provide the exit financing and rehabilitation costs for the Property, (iii) reviewed proposals from Sixty-Five to One Hundred Twenty-Five Million ($65,000,000 - $125,000,000) Dollars for acquisition of Property, which "as-is" appraised value as of November 25, 2019 was $85,1000,000.00 (see the Real Estate Appraisal Report of the Property annexed hereto as Exhibit "G") and (iv) various "net leasing" proposals. All of the aforesaid remain under consideration as the Debtor's abovementioned reorganization efforts move forward. The parties are in discussions with the Debtor and a decision will be made soon by the General Partners as to which avenue is in the best interests of the Debtor and its creditors to go down with respect to the Plan.

**WHEREFORE**, Ninety-Five Madison Company, L.P. Debtor and Debtor-in-Possession, respectfully requests that the Court enter an Order denying Vitra's Motion and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 26, 2021

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for the Debtor and Debtor-In-Possession*

By:   /s/ Charles E. Simpson
       Charles E. Simpson (csimpson@windelsmarx.com)
       A Member of the Firm

       156 West 56th Street
       New York, New York 10019
       Tel. (212) 237-1000 / Fax. (212) 262-1215