# Sills Cummis & Gross
A Professional Corporation

**101 Park Avenue, 28th Floor**
**New York, New York 10178**
**Tel: (212) 643-7000**

S. Jason Teele
Member
Direct Dial: 973-643-4779
Email: steele@sillscummis.com

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000

August 11, 2021

**VIA ECF**

The Honorable Sean H. Lane
United States Bankruptcy Judge
One Bowling Green
New York 10004-1408

    **Re:    In re Ninety-Five Madison Company, L.P.**
            **Case No. 21-10529 (SHL)**

Dear Judge Lane:

We represent Vitra, Inc. ("Vitra"), a creditor in the above-referenced chapter 11 case. On August 4, 2021, in response to the *Debtor's Motion Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving a Stipulation and Agreement of Compromise, Settlement, and Release* (Docket No. 50) (the "Motion"), we submitted a letter to the Court (Docket No. 56) raising concerns about the Debtor's handling of tenant security deposits, including Vitra's security deposit. The Debtor responded to our letter on August 6, 2021 (Docket No. 57), and supplemented its response on August 9, 2021 (Docket No. 58) (together, the "Debtor's Response").

As stated in our August 4 letter, the Debtor refused to confirm that the Vitra security deposit was held in trust as required by New York law. In addition, in January 2021, after Vitra garnished the Debtor's account at Rhinebeck Bank as part of its efforts to levy on its judgment, Debtor's counsel conceded that the Debtor commingled the security deposit with its funds when he advised Vitra's counsel that the security deposit was part of the monies that had been garnished.

The Debtor's Response appears to confirm that more than half of Vitra's security deposit was converted by Rita Sklar, commingled, and then covered-up by an excuse furnished for the first time more than 8 months after the fact. In addition, the Debtor's Response raises more questions than it answers, including:

- On June 19, 2020, Rita Sklar apparently converted $166,626.90 of Vitra's security deposit when she transferred that amount from the Debtor's M&T Bank account to an account (non-trust) at Rhinebeck Bank. It appears that RAS Property Management LLC ("RAS")

**Sills Cummis & Gross**
A Professional Corporation

Honorable Sean H. Lane
August 11, 2021
Page 2

("RAS") had or may have had an interest in the Debtor's account at Rhinebeck Bank. According to a Domestic Outgoing Wire Transfer Authorization Form[1], attached hereto as **Exhibit 1**, the account ending in 8568 listed RAS as the owner of the account and shows RAS's tax identification number (45-4588149). *See* **Exhibit 2** (excerpt from Debtor's 2019 Form K-1 showing RAS's tax identification number). The Debtor's TIN is 13-3118512. *See id.*; Voluntary Chapter 11 Petition (Docket No. 1). This discrepancy has not been explained.

- The alleged purpose for transferring $166,626.90 of Vitra's security deposit to Rhinebeck Bank was:

  > . . . conditional payment of rent during the period of the governmental shutdown due to the COVID-19 pandemic in March-May 2020 which precluded construction work in the city. The Settlement Agreement at Paragraph Twenty-three provides that rent is not abated "to the extent Landlord is prevented from [installing dunnage] by force majeure" and the Lease at Article 31 provides that Landlord "may use, apply or retain the whole or any part of the security so deposited in the extent required for the payment of any rent or additional rent" without notice to Tenant.

*See* Docket No. 57, Exhibit A. That excuse is too contrived to be credible. First, there is no basis for the excuse that the government shutdown prevented the Debtor from installing dunnage. The Debtor failed to complete the installation for nearly four years before the shutdown and for 15 months since the shutdown ended. The shutdown is an apparent *post hoc* excuse for the Debtor's and Rita Sklar's conduct. Second, the Debtor failed to notify Vitra at the time that it had unilaterally declared the shutdown a *force majeure* event. The January 19, 2021 e-mail from the Debtor's former counsel was the first – and only – notice given to Vitra regarding this significant decision. Third, the amount of Vitra's security deposit the Debtor allegedly applied to rent was not based on the amount of rent due under the lease for the duration of the alleged *force majeure* event. Once again, suspension of the rent abatement due to a *force majeure* event is an apparent fabrication invented to excuse the Debtor's and Rita Sklar's conduct. Finally, the January 19, 2021 e-mail states that Article 31 of the lease permits the Debtor to apply the security deposit to rent without notice to Vitra. However, Article 31 of the lease expressly requires Vitra to replenish any portion of the security deposit applied to unpaid rent "within five (5) days after demand" is made

---

[1] Vitra obtained this form through discovery from Rhinebeck Bank in the pre-petition state court litigation after it was discovered that Rita Sklar was fraudulently transferring money from the Debtor's accounts to prevent Vitra from levying it to satisfy its judgment.

8236376

Sills Cummis & Gross
A Professional Corporation

Honorable Sean H. Lane
August 11, 2021
Page 3

>   and therefore clearly requires that notice be given whenever the Debtor applies any portion of the security deposit to rent.
>
> - While it may be the case that $166,626.90 of Vitra's security deposit is in an interest bearing account at Rhinebeck Bank, it does not appear that the funds are held in escrow as required by New York law, and it appears the funds are held in an account in which RAS may have an interest.

Lastly, the Debtor's Response states that the Debtor complied with the discovery served by Vitra. However, the Debtor did not produce the documents attached as Exhibits B, C and D to its August 6, 2021 response and Exhibit B to its August 9, 2021 response – the very documents that Vitra requested and on which the Debtor now relies to argue there was no commingling, conversion or other inappropriate conduct.

We look forward to addressing these issues with the Court at tomorrow's hearing on the Motion.

Respectfully submitted,


S. Jason Teele


/enclosures

cc:   Charles E. Simpson, Esq. (via e-mail and CM/ECF)
      Richard C. Morrissey, Esq. (via e-mail and CM/ECF)
      Adam H. Friedman, Esq. (via e-mail and CM/ECF)

8236376

## **EXHIBIT 1**

8236376

Send Debi IMAD #

SSN/TIN: 13-3118512

**Rhinebeck Bank** SSN/TIN: _____

Acct #: _____
Date: 9/22/20

PO Box 1191
Poughkeepsie, NY 12602
www.rhinebeckbank.com

845-454-8555 option 3
800-772-8780 toll free - out of area
845-790-1594 fax

## Domestic Outgoing Wire Transfer Authorization

\* Required Field

Date\* 9/22/20      Time\* 8:30 am      ✓Transfer Amount\* $ 600,000.00
Type   Domestic                         ✓Wire Fee Amount\* $ 24.00
                                        ✓Total\* $ 600,024.00

### Originator Information

Name\* Ninety-Five Madison Company L.P.    Phone\* 212-532-8834
Street Address\* 95 Madison Avenue, Suite 609
City\* New York     State\* N.Y.   Zip Code\* 10016     Country\* USA
Payment Method\* ☒ Debit Account   Account No. 7100033898    ☒ Cash   ☐ Other

### Beneficiary Information for Domestic Wires (USD Only)

Beneficiary Bank Name\* M&T BANK                9 Digit ABA No.\* 022000046 ✓
Recipient\* RAS PROPERTY MANAGEMENT
Street Address\* 95 Madison Ave. Suite 609      Recipient Account No.\*
City\* New York   State\* N.Y.   Zip Code\* 10016   9852318113
Purpose of Payment\* TRANSFERRING FUNDS
Additional Payment Information
Invoice/Reference          Please call me at home

### Customer Acknowledgement

The undersigned originator requests payments to be made to the beneficiary or account number named above. To the extent not prohibited by the law, the undersigned agrees that this wire transfer is irrevocable and that the sole obligation of Rhinebeck Bank is to exercise ordinary care in processing this wire transfer and that Rhinebeck Bank is not responsible for any losses or delays which occur as a result of any other party's involvement in processing this transfer.

Remitter's Signature\* Rita A Sklar                              Date\* 9/22/20
Drivers License No.\* [REDACTED]    State\*    Exp. Date\* 1/5/26 ✓
NYS PHOTO ID CARD

### For Bank Use Only

Initiating Employee\* _____    Wire Control No.\* 092220.006    Approving Employee\* _____
Fax Callback Employee _____   Time of Call\* 11:25 am           Secondary Approval _____
Ops Support Contact\* _____

### Operations Support Department Only

Originated By _____   Date 9-22-20   Time 11:58
OFAC Search: ☒Yes ☐No   OFAC Results? NO   OFAC Review _____   IMAD 20200922 QM4FT009 000600
Verified By _____     Date 9/22/20   Time 12:10

FDIC    Outgoing Wire Tfr Form    Equal Housing Lender
                                  revised 2019.05

*Send ~~Debi~~, IMAD* (handwritten note)

# Rhinebeck Bank

PO Box 1191
Poughkeepsie, NY 12602
www.rhinebeckbank.com

845-454-8555 option 3
800-772-8780 toll free - out of area
845-790-1594 fax

## Domestic Outgoing Wire Transfer Authorization

\* Required Field

Date* **9/22/20**   Time* **8:30 am**   ✓Transfer Amount* $ **600,000.00**
Type Domestic                            ✓Wire Fee Amount* $ **24.00**
                                         ✓Total* $ **600,024.00**

### Originator Information

Name* **Ninety-Five Madison Company L.P.**   Phone* **212-532-8834**
Street Address* **95 Madison Avenue, Suite 669**
City* **New York**   State* **N.Y.**   Zip Code* **10016**   Country* **USA**
Payment Method* ☑ Debit Account   Account No. **7100033898**   ☑ Cash   ☐ Other

### Beneficiary Information for Domestic Wires (USD Only)

Beneficiary Bank Name* **M&T BANK**   9 Digit ABA No.* **022000046** ✓
Recipient* **RAS PROPERTY MANAGEMENT**
Street Address* **95 Madison Ave. Suite 609**
City* **New York**   State* **N.Y.**   Zip Code* **10016**   Recipient Account No.* **9852318113**
Purpose of Payment* **TRANSFERRING FUNDS**
Additional Payment Information Invoice/Reference **Please call me at home**

### Customer Acknowledgement

The undersigned originator requests payments to be made to the beneficiary or account number named above. To the extent not prohibited by the law, the undersigned agrees that this wire transfer is irrevocable and that the sole obligation of Rhinebeck Bank is to exercise ordinary care in processing this wire transfer and that Rhinebeck Bank is not responsible for any losses or delays which occur as a result of any other party's involvement in processing this transfer.

Remitter's Signature* **Rita A. Sklar**   Date* **9/22/20**
~~Drivers License No.*~~ [redacted]   State*   Exp. Date* **1/5/26** ✓
**NYS PHOTO ID CARD**

### For Bank Use Only

Initiating Employee* **Alli Sto**   Wire Control No.* **092220.006**   Approving Employee* **A. Nestor**
Fax Callback Employee **Alli Skgrits**   Time of Call* **11:25 am**   Secondary Approval
Ops Support Contact* **Lauren R.**

### Operations Support Department Only

Originated By ___   Date ___   Time ___
OFAC Search ☐ Yes ☐ No   OFAC Results ___   OFAC Review ___   IMAD ___
Verified By ___   Date ___   Time ___

Member FDIC                                                    Equal Housing Lender
                                                               revised 2019.06





# **EXHIBIT 2**

8236376

651119
OMB No. 1545-0123

| Schedule K-1 (Form 1065) | 2019 |
|---|---|
| Department of the Treasury Internal Revenue Service | For calendar year 2019, or tax year beginning __/__/2019 ending __/__/__ |

☐ Final K-1    ☐ Amended K-1

**Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

**Partner's Share of Income, Deductions, Credits, etc.**
► See separate instructions.

### Part I  Information About the Partnership

**A** Partnership's employer identification number
13-3118512

**B** Partnership's name, address, city, state, and ZIP code

NINETY-FIVE MADISON COMPANY, L.P.
95 MADISON AVE.
NEW YORK, NY 10016

**C** IRS Center where partnership filed return ► E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

### Part II  Information About the Partner

**E** Partner's SSN or TIN (Do not use TIN of a disregarded entity. See instructions.)
45-4588149

**F** Name, address, city, state, and ZIP code for partner entered in E. See instructions.

RAS PROPERTY MANAGEMENT, LLC
95 MADISON AVE
NEW YORK, NY 10016

**G** ☒ General partner or LLC member-manager    ☐ Limited partner or other LLC member

**H1** ☒ Domestic partner    ☐ Foreign partner

**H2** ☒ If the partner is a disregarded entity (DE), enter the partner's:
TIN [redacted]   Name RITA A. SKLAR

**I1** What type of entity is this partner? LLC

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 63.4921 % | 63.4921 % |
| Loss | 63.4921 % | 63.4921 % |
| Capital | 63.4921 % | 63.4921 % |

Check if decrease is due to sale or exchange of partnership interest ☐

**K** Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ 617,115. | $ 577,582. |

☐ Check this box if Item K includes liability amounts from lower tier partnerships.

**L** Partner's Capital Account Analysis

| | |
|---|---|
| Beginning capital account | $ 7,205,849. |
| Capital contributed during the year | $ |
| Current year net income (loss) | $ -915,397. |
| Other increase (decrease) (attach explanation) | $ |
| Withdrawals & distributions | $ ( 54,221.) |
| Ending capital account | $ 6,236,231. |

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes    ☒ No    If "Yes," attach statement. See instructions.

**N** Partner's Share of Net Unrecognized Section 704(c) Gain or (Loss)
Beginning $
Ending $

| Box | Description | Amount | Box | Description | Amount |
|---|---|---|---|---|---|
| 1 | Ordinary business income (loss) | -16,756. | 15 | Credits | |
| 2 | Net rental real estate income (loss) * | -1,044,715. | | | |
| 3 | Other net rental income (loss) | | 16 | Foreign transactions | |
| 4a | Guaranteed payments for services | 26,391. | | | |
| 4b | Guaranteed payments for capital | | | | |
| 4c | Total guaranteed payments | 26,391. | | | |
| 5 | Interest income | 147,061. | | | |
| 6a | Ordinary dividends | | | | |
| 6b | Qualified dividends | | | | |
| 6c | Dividend equivalents | | 17 | Alternative minimum tax (AMT) items | |
| | | | A | | -690. |
| 7 | Royalties | | | | |
| 8 | Net short-term capital gain (loss) | | | | |
| 9a | Net long-term capital gain (loss) | | 18 | Tax-exempt income and nondeductible expenses | |
| 9b | Collectibles (28%) gain (loss) | | C | | 987. |
| 9c | Unrecaptured section 1250 gain | | | | |
| 10 | Net section 1231 gain (loss) | | 19 | Distributions | |
| 11 | Other income (loss) | | A | | 54,221. |
| 12 | Section 179 deduction | | 20 | Other information | |
| 13 | Other deductions | | A | | 147,061. |
| | | | Z* | STMT | |
| 14 | Self-employment earnings (loss) | | | | |
| A | | 9,635. | | | |

21 ☐ More than one activity for at-risk purposes*
22 ☐ More than one activity for passive activity purposes*
*See attached statement for additional information.

For IRS Use Only

BAA  For Paperwork Reduction Act Notice, see Instructions for Form 1065.    www.irs.gov/Form1065    Schedule K-1 (Form 1065) 2019
PARTNER 3                                                                    PTPA0312L  12/10/19