**GLENN AGRE BERGMAN & FUENTES**

Andrew K. Glenn<br>
aglenn@glennagre.com<br>
55 Hudson Yards, 20th Floor<br>
New York, NY 10001<br>
212.358.5600

September 10, 2021

**VIA ECF**

The Honorable Sean H. Lane
United States Bankruptcy Judge
One Bowling Green
New York 10004-1408

Re:     <u>In re Ninety-Five Madison Company, L.P., Case No. 21-10529 (SHL)</u>

Dear Judge Lane:

      We are proposed counsel for the debtor in the above-referenced Chapter 11 case (the "Debtor"). We write to respectfully request the Court's permission to withdraw, without prejudice, the Debtor's *Motion for an Order Granting It Use and Occupancy from Vitra, Inc. Nunc Pro Tunc to the Petition Date* [Dkt. No. 62], which seeks an order granting the Debtor compensation for Vitra's use and occupancy of the Debtor's real property (the "Property") since before the petition date (the "Motion"), among other relief. Predecessor counsel to the Debtor, Windels, Marx, Lane, & Mittendorf, LLP, filed the Motion on August 18, 2021. Thereafter, the Debtor, in consultation with the undersigned, has determined to proceed with submitting a Chapter 11 plan -- to be filed next week -- that will pay all creditors in full and provide for the assumption of the Vitra lease.

      The Motion seeks a partial determination of what the Debtor believes Vitra owes the Debtor by virtue of its use and occupancy of the leased premises. In its objection to the Motion (the "<u>Vitra Objection</u>" [Dkt. No. 72]), Vitra cites a litany of factual issues that will likely require a trial on the merits. These issues include whether: (i) the Debtor completed required dunnage, (ii) Vitra's showroom is not substantially open for business and (iii) the "showroom" Vitra presently occupies is a "construction site" unfit for its intended purpose. Vitra Objection ¶ 15.

      However, because the same issues must be addressed in the Debtor's assumption of the Vitra lease (and all other outstanding disputes with Vitra) in conjunction with confirmation of the Debtor's proposed plan, the Debtor believes that litigating these matters on a piecemeal basis will be a waste of judicial resources and expense to all parties. Moreover, since the Motion was filed, we have had numerous settlement discussions with Vitra's counsel. While a settlement will likely be difficult given the history between the parties, the Debtor intends to use the period between the filing of its plan and confirmation to continue these negotiations, which, if successful, would vitiate the need for any trial on these matters.

Glenn Agre Bergman & Fuentes LLP
New York
San Francisco
glennagre.com

The Honorable Sean H. Lane
September 10, 2021
Page 2 of 2



GLENN AGRE BERGMAN & FUENTES

    We respectfully submit that, under these circumstances, the Court should permit the Debtor to withdraw the Motion without prejudice and to litigate the matters therein in connection with the assumption of the Vitra lease pursuant to confirmation of the Debtor's plan.  *First*, withdrawal of the Motion would not prejudice Vitra, which will have a full opportunity to assert its position at confirmation, including the arguments it made in its objection to the Motion.  *See Harris v. Butler*, 961 F. Supp. 61, 62 (S.D.N.Y. 1997) (granting plaintiff leave to withdraw without prejudice his motion for attorney's fees "[b]ecause the withdrawal of plaintiff's motion will not prejudice any party").  *Second*, the Debtor has submitted this request in a timely manner, in advance of the hearing on the Motion.  *See Vincent v. City of Sulphur*, Case No. 2:13-CIV-189, 2016 U.S. Dist. LEXIS 129438, at *5 (W.D. La. Sept. 21, 2016) ("A party can withdraw a motion to dismiss if the withdrawal is made in a timely manner. . . .  If the plaintiff moves to withdraw the motion to dismiss before the court has ruled on the dismissal, his motion is considered timely.").

    We submit this letter for the Court's consideration following a meet-and-confer with Vitra's counsel, who apprised us that he did not have authority to consent to the Debtor's request.

    We are available to address these matters at the Court's convenience.

                                                                Respectfully submitted,

                                                                /s/ *Andrew K. Glenn*
                                                                Andrew K. Glenn

cc:  S. Jason Teele (via e-mail and ECF)

     All Counsel of Record (via ECF)