# **EXHIBIT B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 ) ) Case No. 21-10529 (SHL) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) ) |
| Debtor. | ) ) |

## ORDER AUTHORIZING DEBTOR TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION

Upon consideration of the motion (the "Motion")[1] of Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor in this Chapter 11 case, pursuant to Sections 105(a) and 364(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for entry of an order authorizing the Debtor to enter into a certain Commercial Premium Finance Agreement (the "Premium Finance Agreement") with FIRST Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A ("FIRST"), a true and correct copy of which is attached hereto as **Exhibit A**, and to provide adequate protection; and the Court having reviewed the Motion and the Premium Finance Agreement; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and upon the record of the Hearing; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

It is hereby ORDERED that:

1. The Motion is granted to the extent set forth herein.

2. The Debtor is authorized and directed to:

    a) enter into the Premium Finance Agreement;

    b) grant FIRST or its successor or assigns a first priority lien on and security interest in unearned premiums as described in the Premium Finance Agreement, pursuant to Section 364(c) of the Bankruptcy Code; and

    c) timely make all payments due under the Premium Finance Agreement. FIRST is authorized to receive and apply such payments to the Indebtedness owed by the Debtor to FIRST as provided in the Premium Finance Agreement.

3. Without limitation, the liens, security interests and rights in unearned premiums granted under the Premium Finance Agreement are senior to the lien of any DIP lender in this Chapter 11 case and are senior to any claims under Sections 503, 506(c) or 507(b) of the Bankruptcy Code.

4. If additional premiums become due to insurance companies under the policies financed under the Premium Finance Agreement, the Debtor and FIRST or its successor or assigns are authorized to modify the Premium Finance Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5. In the event the Debtor does not make any of the payments due under the

Premium Finance Agreement as they become due, the automatic stay imposed under Section 362 of the Bankruptcy Code shall automatically lift to enable FIRST and/or any third-parties, including insurance companies providing the protection under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the collateral and apply such collateral to the Indebtedness owed to FIRST by the Debtor.

6. FIRST and/or any third-parties, including insurance companies providing the coverage under the Policies, exercising such rights shall comply with the notice provisions and other provisions of the Premium Finance Agreement.

7. The Premium Finance Agreement and the liens and security interests in the unearned premiums granted pursuant hereto shall continue in full force and effect and the Indebtedness due under the Premium Finance Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of this Chapter 11 case, (ii) the discharge of the Debtor, or (ii) the confirmation of a plan of reorganization, subject to the terms of such plan.

SO ORDERED THIS ____ DAY OF _____, 2021

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE