Andrew K. Glenn
Shai Schmidt
Rich Ramirez
Naznen Rahman
**GLENN AGRE BERGMAN & FUENTES LLP**
55 Hudson Yards
20th Floor
New York, New York 10001
Telephone: (212) 358-5600

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 21-10529 (SHL) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) ) ) |
| Debtor. | ) ) |

## NOTICE OF PRESENTMENT OF STIPULATION BY AND AMONG DEBTOR AND DANIELLE C. LESSER REGARDING TERMINATION OF RECEIVERSHIP AND ALLOWANCE OF CLAIMS

**PLEASE TAKE NOTICE** that on the date hereof, Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor in possession in this Chapter 11 case, submitted the *Stipulation by and among Debtor and Danielle C. Lesser Regarding Termination of Receivership and Allowance of Claims* (the "Stipulation"), attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Stipulation will be presented to the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York (the "Court"), for signature on **November 29, 2021, at 10:00 a.m. (E.T.)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Stipulation shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable to Chapter 11 cases in this Court; (c) be filed with the Clerk of the Court in accordance with the customary practices of the Court and General Order M-399 (with a courtesy copy delivered to the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge); and (d) be served upon and received by (i) counsel to the Debtors, Glenn Agre Bergman & Fuentes LLP, 55 Hudson Yards, 20th Floor, New York, NY 10001 (Attn: Andrew K. Glenn, Shai Schmidt, Rich Ramirez and Naznen Rahman); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard Morrissey, Esq.); (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (iv) any other party-in-interest entitled to notice of this Stipulation, in accordance with General Order M-399, no later than **November 24, 2021, at 4:00 p.m. (E.T.)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objection is filed and served by the Objection Deadline, there will be no hearing and the relief requested in the Stipulation may be granted.

**PLEASE TAKE FURTHER NOTICE** that if an objection is filed and served by the Objection Deadline, a hearing (the "Hearing") will be held to consider the Stipulation before the Honorable Sean H. Lane, United States Bankruptcy Judge. The Court will notify the moving and objecting parties of the date and time of the Hearing.

**PLEASE TAKE FURTHER NOTICE** that in light of the Court's General Order M-543 ("General Order M-543"), dated March 20, 2020, the Hearing will only be conducted telephonically. Parties wishing to participate in the Hearing must make arrangements through

CourtSolutions LLC. Instructions to register for CourtSolutions LLC are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that the Stipulation has been filed electronically with the Clerk of the Court and may be reviewed by all registered users of the Court's website at: http://www.nysb.uscourts.gov.

Dated: November 18, 2021
New York, New York

**NINETY-FIVE MADISON COMPANY, L.P.**,
Debtor and Debtor-in-Possession

By: /s/ *Rich Ramirez*
Andrew K. Glenn
Shai Schmidt
Rich Ramirez
Naznen Rahman
**GLENN AGRE BERGMAN & FUENTES LLP**
55 Hudson Yards
20th Floor
New York, New York 10001
Telephone: (212) 358-5600
E-mail: aglenn@glennagre.com
sschmidt@glennagre.com
rramirez@glennagre.com
nrahman@glennagre.com

*Counsel to the Debtor*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NINETY-FIVE MADISON COMPANY, L.P.,<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 21-10529 (SHL)<br>)<br>)<br>)<br>) |

**STIPULATION BY AND AMONG DEBTOR AND DANIELLE C. LESSER REGARDING TERMINATION OF RECEIVERSHIP AND ALLOWANCE OF CLAIMS**

This stipulation and agreed order (the "Stipulation") is made as of November 18, 2021, by and among Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor in the above-captioned Chapter 11 case (the "Chapter 11 Case"), and Danielle C. Lesser (the "Receiver" and, together with the Debtor, the "Parties"), concerning the pre-petition receivership of certain of the Debtor's assets (the "Receivership"). The Parties hereby stipulate and agree as follows:

**Recitals**

A.  The Debtor and its tenant, Vitra, Inc. ("Vitra") were parties to a state court proceeding captioned *Vitra, Inc. v. Ninety-Five Madison Company, L.P.*, in the Supreme Court of the State of New York, County of New York, Index No. 652342/2017 (the "New York State Court Case").

B.  The Debtor and Vitra were also parties to an arbitration proceeding captioned *Vitra, Inc. v. Ninety-Five Madison Company, L.P.*, JAMS No. 1425024190 (the "Arbitration"). As part of the Arbitration and pursuant to the Amended Fifth Interim Award dated August 7, 2019, Arbitrator Stephen Crane appointed the Receiver to perform all the Debtor's obligations, responsibilities, and prerogatives as landlord pursuant to the Debtor's lease with Vitra.

C.  On March 22, 2021 (the "Petition Date"), the Debtor filed with this Court a

voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") commencing the Chapter 11 Case.

D. Upon the filing of the Petition, the Receiver's services to the estate ceased pursuant to Section 543 of the Bankruptcy Code.

E. On April 15, 2021, the Receiver filed Proof of Claim No. 3 ("Claim No. 3") seeking $199,494.34 in connection with a pre-petition judgment against the Debtor. The Receiver assigned the judgment to Vitra pursuant to that certain Assignment of Judgment dated as of May 27, 2021. The amount of the judgment, including interest accrued through the Petition Date, has been asserted by Vitra in Proof of Claim No. 4 (the "Vitra Claim")

F. On July 20, 2021, the Receiver filed Proof of Claim No. 8 ("Claim No. 8") seeking $34,504.69 for pre-petition services performed by the Receiver in connection with the New York State Court Case and the Arbitration.

G. On August 18, 2021, the Debtor filed the *Objection Pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure to Claims Asserted by Danielle C. Lesser* [Dkt. No. 65].

H. On September 12, 2021, the Debtor filed a Chapter 11 plan of reorganization (as modified, amended, or supplemented, the "Plan") [Dkt. No. 79]. The Parties have since engaged in good faith negotiations in connection with the Claims and the allowance thereof and wish to enter into the Stipulation in connection therewith.

**IT IS THEREFORE AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED AS FOLLOWS:**

1. **Recitals Incorporated.** The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2. **Approval of Stipulation.** This Stipulation between the Parties is subject in all respects to the approval of the Court evidenced by the "So Ordering" of this Stipulation.

3. **Termination of Receivership.** The parties stipulate that the Receiver ceased acting in any statutory capacity with respect to the estate on the Petition Date pursuant to Section 543 of the Bankruptcy Code.

4. **Allowance of Claims.** Claim No. 3 shall be, and hereby is, deemed withdrawn by the Receiver. Claim No. 8 shall be allowed in the aggregate amount of $30,000.00 (the "Allowed Claim"), subject to confirmation of the Plan, which shall provide for the allowance of Claim No. 8 in the foregoing amount. For the avoidance of doubt, nothing herein shall, or be deemed to, reduce, expunge, or otherwise impair the Vitra Claim, including without limitation, that portion of the Vitra Claim arising from the Assignment of Judgment asserted in Claim No. 3; provided, however, that the Debtor reserves all of its rights to object to, or settle, all or a portion of the Vitra Claim.

5. **Mutual Release.** Upon the payment of the Allowed Claim in accordance with the Plan, and subject to the terms of the Plan, (i) the Debtor shall release all claims against the Receiver; and (ii) the Receiver shall release any and all claims against the Debtor and any of its affiliates, related parties, successors and assignees, general partners, advisors, directors, officers, representatives, agents and employees. For the avoidance of doubt, the foregoing waiver shall not apply to the amount of the judgment asserted by Claim No. 3 that was assigned to Vitra and subsequently asserted in the Vitra Claim.

6. **Acknowledgements.** Each Party acknowledges that it has read and understands this Stipulation and that it has had the opportunity to consult with its attorneys before signing this Stipulation.

7. **Entire Agreement; Modification.** This Stipulation constitutes the entire agreement between the Parties and overrides and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about the subject matter hereof. No modification of this Stipulation shall be valid unless it is in writing identified as an amendment to the Stipulation and is signed by all Parties hereto.

8. **Governing Law.** This Stipulation is governed by and shall be construed in accordance with the laws of the State of New York (or United States federal law, to the extent applicable), including any applicable statutes of limitation, without regard to any otherwise applicable principles of conflicts of law or choice of law rules (whether of the State of New York or any other jurisdiction) that would result in the application of the substantive or procedural rules or law of any other jurisdiction.

9. **Negotiated Treatment.** The Parties acknowledge that each Party has cooperated in the drafting of this Stipulation. The language in all parts of this Stipulation shall be in all cases construed according to its fair meaning and not strictly for or against any Party.

10. **No Admission of Liability.** This Stipulation shall not in any manner be construed as determinative of the issues raised by the Debtor and the Receiver and shall have no precedential value. It is understood and agreed that any actions taken or payments made pursuant to this Stipulation are made solely to avoid the expense of litigation. This Stipulation and the actions taken pursuant hereto are not to be construed as constituting any determination of the merits of any claims or as constituting any admission of wrongdoing or liability on the part of the Receiver or the Debtor.

11. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to hear any disputes regarding this Stipulation. Nothing herein shall be deemed a waiver of the

Court's authority to hear disputes raised by this Stipulation or otherwise with respect to the Claims.

12. **Fees and Costs.** Each Party shall bear its own costs and expenses, including any and all legal fees, incurred in connection with this Stipulation and the Claims.

13. **Counterparts.** This Stipulation may be executed in multiple counterparts (including via facsimile or electronic mail), each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

Dated: November 18, 2021
New York, New York

| **MORRISON COHEN LLP** | **GLENN AGRE BERGMAN & FUENTES LLP** |
|---|---|
| By: /s/ *Joseph T. Moldovan* | By: /s/ *Andrew K. Glenn* |
| Joseph T. Moldovan | Andrew K. Glenn |
| 909 Third Avenue | Shai Schmidt |
| New York, NY 10022 | Rich Ramirez |
| (212) 735-8600 | Naznen Rahman |
| | 55 Hudson Yards |
| *Attorneys for Danielle C. Lesser* | 20th Floor |
| | New York, New York 10001 |
| | Telephone: (212) 358-5600 |
| | E-mail: aglenn@glennagre.com |
| | sschmidt@glennagre.com |
| | rramirez@glennagre.com |
| | nrahman@glennagre.com |
| | *Counsel to the Debtor* |

**SO ORDERED**

Dated: _____, 2021       _____
     New York, New York           HONORABLE SEAN H. LANE
                                             UNITED STATES BANKRUPTCY JUDGE