**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| NINETY-FIVE MADISON COMPANY, L.P., | Case No. 21-10529 (DSJ) |
| Debtor. | |

## ORDER (I) RESOLVING MOTION OF VITRA, INC. TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 LIQUIDATION; (II) ALLOWING VITRA'S PROOF OF CLAIM IN A COMPROMISED AMOUNT; AND (III) GRANTING RELATED RELIEF

Upon the motion of Vitra, Inc. ("Vitra")[1] to convert the Chapter 11 case of Ninety-Five Madison Company, L.P. (the "Debtor")[2] to a chapter 7 liquidation (Docket No. 162) (the "Motion to Convert"), and following extensive arm's length negotiations between Vitra and the Debtor resulting in a global settlement, as set forth in this Order, of all disputes between Vitra and Debtor, including, resolving the Motion to Convert, allowing Vitra's Proof of Claim (Claim No. 4) (the "Vitra Claim") in a compromised amount, and the disposition of the lease dated as of June 14, 2016 (the "Lease") between the Debtor, as landlord, and Vitra, as tenant, for a street level showroom and second floor space in the property known as 95 Madison Avenue, New York, New York (the "Property"), and Vitra International AG ("Vitra International") as guarantor pursuant to that certain Guaranty dated as of June 14, 2016 (the "Guaranty"); the Court finding that (i) it has jurisdiction over the matters raised in the Motion and in this Order pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Motion and the resolution set forth in this Order are "core proceedings" pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) proper and adequate notice has been given and no additional notice is necessary;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] Vitra, the Debtor, and Sharan Sklar Management LLC and Michael Sklar Management LLC, two of three General Partners of the Debtor, are referred to herein as a "Party" and, collectively, as the "Parties".

and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

**THEREFORE, THE DEBTOR, VITRA, AND VITRA INTERNATIONAL (WITH RESPECT TO PARAGRAPHS 8 AND 9 ONLY) STIPULATE, AGREE AND CONSENT, AND THE COURT ORDERS, ADJUDGES AND DECREES, THAT**:

1.      <u>Rejection of the Lease</u>. The Lease shall be rejected as of May 31, 2023 (the "<u>Rejection Date</u>") pursuant to 11 U.S.C. § 365. Provided that the Debtor makes the payment set forth in Paragraph 5 of this Order and is not in breach of any other obligation hereunder, Vitra shall waive, and shall not assert, any additional or rejection damages claims against the Debtor arising from the rejection of the Lease. Vitra shall vacate the Property on or before the Rejection Date and shall leave the Property in vacant and broom clean condition in full satisfaction of its vacatur obligations under the Lease. For the avoidance of doubt, Vitra shall have no obligation to restore the Property, complete, or commence any additional work at the Property, including without limitation, work required by applicable law, regulation, or code.

2.      <u>Allowance of Vitra Claim.</u> The Vitra Claim is allowed in the aggregate amount of $2,900,000 (the "<u>Allowed Claim Amount</u>"), subject to the amounts to be setoff as provided herein.

3.      <u>Back Rent</u>. The Debtor shall be credited for rent against the Allowed Claim Amount in the amount of $1,681,192 allocable for the period March 1, 2021 through November 30, 2022 (the "<u>Back Rent Amount</u>"). The Parties understand and agree that the Back Rent Amount is net of the sum of (i) $453,879.36 in rent credits and (ii) $285,691.87, which represents the security deposit (the "<u>Security Deposit</u>") paid by Vitra pursuant to the Lease.

4.      <u>Rent and Additional Rent</u>. The Debtor shall be credited against the Allowed Claim Amount the sums of (i) $492,546.60 as rent and (ii) $200,000 as Additional Rent (as defined in the Lease) (the amounts specified in subparagraphs (i) and (ii), collectively, the "<u>Future Rent Amount</u>"), for the period between December 1, 2022 through the Rejection Date. Subject to Vitra's rights and claims hereunder, the Debtor shall be entitled to transfer the Security Deposit into its debtor in possession operating account upon the Court's approval of this Stipulation; <u>provided</u>,

_however_, that the Debtor shall immediately replenish the Security Deposit if the Net Vitra Claim is not paid as required by Paragraph 5 of this Order.

5.      <u>Payment of the Vitra Claim</u>. The Net Vitra Claim shall be paid in full, in cash, within thirty (30) days of (i) the effective date of a plan of reorganization confirmed by the Court in the Debtor's chapter 11 case, (ii) the conversion of the Debtor's case to chapter 7, or (iii) the dismissal of the Debtor's bankruptcy case. The Net Vitra Claim is hereby allowed as a secured claim pursuant to 11 U.S.C. § 506, junior only to the allowed secured claim(s) of Madison Avenue Servicing, LLC. For purposes of this Order, the term "<u>Net Vitra Claim</u>" means the Allowed Claim Amount less the sum of the Back Rent Amount plus the Future Rent Amount. For the avoidance of doubt, the Parties agree that the Net Vitra Claim to be paid to Vitra pursuant to this Paragraph 5 is $1,265,832.63, as set forth in <u>Exhibit 1</u> hereto.

6.      <u>Plan of Reorganization</u>. On or before the designation of a winning bidder from its ongoing process to dispose of the Property, the Debtor shall promptly file an amended plan of reorganization and proposed order consistent with the provisions of this Order and shall use best efforts to seek confirmation thereof.

7.      <u>Mutual Covenants of the Parties</u>. The Parties each agree that:

(a)      To the extent not already terminated, all prepetition actions between the Parties, including the prepetition arbitration proceeding, are hereby terminated. To the extent necessary, the Parties are authorized, notwithstanding the automatic stay of 11 U.S.C. § 362, to file an appropriate notice or pleading dismissing or terminating any prepetition action, including the prepetition arbitration proceeding;

(b)      Vitra shall not interfere with the Debtor's disposition efforts or process with respect to the Property; <u>provided</u>, <u>however</u>, that the Debtor's disposition efforts and process shall not interfere with Vitra's quiet enjoyment of the Property before the Rejection Date.  In that regard, the Debtor shall only

enter into the Property upon written notice to Vitra and upon Vitra's prior written consent, as provided in section (c) below;

(c)     The Debtor shall be permitted to show the Property to interested parties prior to the Rejection Date upon reasonable notice to Vitra, which shall be given in writing (which may be by electronic mail) at least two (2) business days prior to any such showing;

(d)     The Debtor shall not interfere with Vitra's efforts and process to vacate the Property on or before the Rejection Date or the removal of Vitra's personal property, including, without limitation, at Vitra's sole discretion and election, the items listed in Exhibit 2, from the Property. To the extent the Debtor has any objections relating to Vitra's vacating the Property and/or removal of fixtures, the Debtor shall have no right to interfere with Vitra's vacatur. Rather, the Debtor shall submit its objections to Vitra and the Parties will attempt to amicably resolve such objections after such vacatur. The only requirement to vacating shall be providing reasonable insurance by the moving company. The Debtor shall make the freight elevator fully available without charge to enable Vitra to vacate the Property; and

(e)     The Parties shall meet and confer in good faith on April 20, 2023 to coordinate Vitra's process for vacating the Property, including Vitra's access to and use of the freight elevator and any other matters that the Parties determine should be addressed relating to Vitra's vacatur of the Property. A representative of each Party with decision-making authority shall participate in the meet and confer. The Court shall conduct a hearing on April 27, 2023 at 10:00 a.m. to adjudicate any disputes arising at the meet and confer that the Parties are unable to resolve by consent. To the extent there remains one or more unresolved disputes following the meet and confer, each Party shall submit a pleading to the Court by 6:00 p.m. on April 24, 2023, identifying

-4-

the dispute(s). If no disputes exist following the meet and confer, the Parties shall notify the Court and the hearing may be cancelled.

8. <u>Release of Vitra and Vitra International by the Debtor</u>. The Debtor agrees for the mutual covenants, promises, and consideration exchanged pursuant to this Order, the Debtor, on behalf of itself, and its officers, directors, employees, investors, shareholders, agents, attorneys, partners (other than Rita A. Sklar), parents, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, hereby fully and forever releases Vitra, Vitra International, and their respective officers, directors, employees, investors, shareholders, agents, attorneys, partners, parents, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, from, and agree not to sue concerning, any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, leases (including the Lease), guaranties (including the Guaranty), promises, variances, trespasses, damages, judgments, extents, executions, claims, liabilities, demands any claim, duty or obligation relating to any matters of any kind, whether presently known or unknown, suspected or unsuspected, fixed or contingent that the Debtor does or may possess arising from any omissions, acts or facts that have occurred from the beginning of time relating to Vitra's tenancy and occupancy in the Property, the Lease, the Guaranty, and the Debtor's chapter 11 case; <u>provided</u>, <u>however</u>, that nothing in this Order shall release Vitra or Vitra International from claims or liability arising from a breach of any provision of this Order.  For the avoidance of doubt, and without limiting the foregoing, the release set forth in this Paragraph 8 shall not operate as a release of any Party by Rita A. Sklar.

9. <u>Release of the Debtor by Vitra and Vitra International</u>. Vitra and Vitra International agree that for the mutual covenants, promises, and consideration exchanged pursuant to this Order, and upon receipt of payment on account of the Allowed Claim Amount, as set forth in Paragraphs 2-5 of this Order, Vitra and Vitra International, on behalf of themselves and their respective officers, directors, employees, investors, shareholders, agents, attorneys, partners, parents, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, shall fully and forever

release the Debtor and its respective officers, directors, employees, investors, shareholders, agents, attorneys, partners (other than Rita A. Sklar), parents, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, from, and agree not to sue concerning, any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, leases, guaranties (including the Guaranty), promises, variances, trespasses, damages, judgments, extents, executions, claims, liabilities, demands, any claim, duty or obligation relating to any matters of any kind, whether presently known or unknown, suspected or unsuspected, fixed or contingent that Vitra or Vitra International do or may possess arising from any omissions, acts or facts that have occurred from the beginning of time relating to the Property, the Lease, and the Debtor's chapter 11 case; provided, however, that nothing in this Order shall release the Debtor from claims or liability arising from a breach of any provision of this Order; provided, further that the foregoing release shall be in addition to any waiver or release of claims hereunder related to the rejection of the Lease as set forth in Paragraph 1 of this Order.  For the avoidance of doubt, and without limiting the foregoing, the release set forth in this Paragraph 9 and the covenant set forth in Paragraph 10 of this Order shall not operate as a release of, or covenant not to sue, Rita A. Sklar by Vitra and Vitra International.

10. <u>Covenant not to Sue</u>.  Neither Party shall commence or continue any litigation in this Court or any other court or forum except as necessary to enforce this Order and resulting from either Party's breach thereof; <u>provided</u>, <u>however</u>, that Vitra shall retain the right to object to the approval of the Debtor's disclosure statement, confirmation of the Debtor's plan of reorganization, or any other motion to the extent that the disclosure statement, plan of reorganization or other motion is inconsistent with the agreements contained in this Order.

11. <u>Default</u>. In the event of a default by a Party of its obligations under this Order, the non-defaulting Party may serve a notice of default and pursue any remedies available to it resulting from the default. In the event of a default, the rights, claims, and defenses of both Parties as they existed prior to the date of this Order shall be fully preserved; <u>provided</u>, <u>however</u>, that the rejection of the Lease pursuant to Paragraph 1 of this Order shall remain in effect and enforceable. If either

Party is required to commence any action or proceeding, or take any steps to enforce this Order, the prevailing party shall be entitled to an award of reasonable attorneys' fees (including fees on fees) and costs relating to such proceeding.

12. Nondisparagement. The Parties agree and covenant that they shall not at any time make, publish or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments or statements concerning the other Party or its businesses, or any of its employees, officers, and existing and prospective customers, suppliers, investors and other associated third parties. This Paragraph 12 does not, in any way, restrict or impede the Parties from exercising protected rights to the extent that such rights cannot be waived by agreement or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, provided that such compliance does not exceed that required by the law, regulation or order. The Court approves the parties' agreement contained in this paragraph 12 but makes no determination as to the provision's enforceability, and this Order does not constitute a Court directive that any person or entity comply with this paragraph 12.

13. Cooperation. The Parties shall cooperate fully in executing any documents or taking such other action as may be necessary or desirable to effectuate the provisions of this Order, including, without limitation, executing and filing (i) any notice(s) or pleading(s) to terminate any pending prepetition action or arbitration proceeding and (ii) a mortgage as set forth in Paragraph 5 of this Order.

14. Notices. Notices required or desired to be given to the Parties shall be in writing (which may be by electronic mail) and delivered to:

|  |  |
|---|---|
| If to Vitra or Vitra International: | Vitra International AG Group Legal Services Klünenfeldstrasse 22 4127 Birsfelden Switzerland Attn: legal@vitra.com |
| With a copy to: | Sills Cummis & Gross, P.C. One Riverfront Plaza |

Newark, New Jersey 07102
Attn: Mark S. Levenson, Esq. and S. Jason Teele, Esq.

If to the Debtor:   Ninety-Five Madison Company, L.P.
95 Madison Avenue
New York, New York 10016
Attention: Michael Sklar

With a copy to:   Glenn Agre Bergman & Fuentes LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Attn: Andrew K. Glenn, Esq.

15. <u>Successors & Assigns</u>. This Order is binding upon, and inures to the benefit of, the Parties and their respective successors and assigns, including a subsequently appointed or elected trustee, including a chapter 7 trustee, or receiver(s).

16. <u>Entire Agreement</u>. The provisions of this Order represent the entire agreement between the Parties and this Order is the resolution of disputed claims. The Parties agree and acknowledge that this Order is being consented to only for the purpose of avoiding the burdens, inconveniences and expenses of further disputes and litigation between the Parties as it relates to the Lease and is not and shall not be construed or deemed to be an admission or concession by any Party as to the merits of any claim or defense of the Parties. Each Party acknowledges that there are no other warranties, promises, assurances or representations of any kind, express or implied, upon which such Party has relied before consenting to this Order, unless expressly set forth herein. This Order shall not be clarified, modified, changed or amended except by a further order of the Court after notice and a hearing or upon the submission of an amendment to this Order consented to (and signed by) the Party or an authorized representative of the Party against whom modification is sought and such modification shall be subject to the approval of this Court.

17. <u>Authority to Settle; Binding Agreement</u>. The undersigned individuals represent and warrant that they have full authority to execute this Order on behalf of the Party they claim to represent and have obtained all necessary approvals from those Parties. The Court takes judicial notice of Paragraphs 2 and 3 of the Amendment to Amended and Restated Partnership Agreement

of Ninety-Five Madison Company, L.P. (Docket No. 194) and finds that the act of two (2) of the Debtor's General Partners is sufficient to bind the Debtor to the terms of this Order.

18. <u>Retention of Jurisdiction</u>. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
     December 12, 2022

          *s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**ACNOWLEDGED, AGREED
AND CONSENTED TO:**

**VITRA, INC.**

By: /s/ *S. Jason Teele*
Its: Counsel
Date: 12/12/2022

**VITRA INTERNATIONAL AG.,
As to Paragraphs 8 and 9 Only**

By: /s/ *S. Jason Teele*
Its: Counsel
Date: 12/12/2022

**NINETY-FIVE MADISON COMPANY, L.P.**

By: /s/ *Michael Sklar* (Sole Member of Michael Sklar Management LLC)
Its: General Partner
Date: 12/12/2022

**SHARAN SKLAR MANAGEMENT LLC,
General Partner**

By: /s/ *Sharan Sklar*
Its: Sole Member
Date: 12/12/2022

**MICHAEL SKLAR MANAGEMENT LLC,
General Partner**

By: /s/ *Michael Sklar*
Its: Sole Member
Date: 12/12/2022

## EXHIBIT 1

| | | |
|---|---|---|
| **Gross Proof of Claim** | | **2,900,000.00** |
| | | |
| *Calculation of Back Rent:* | | |
| Back Rent (3/1/21-11/30/22) | | 1,681,192 |
| Unapplied Rent Credit | - | 453,879.36 |
| Security Deposit | - | 285,692 |
| **Net Back Rent** | | **941,620.77** |
| | | |
| *Calculation of Future Rent:* | | |
| Future Rent (12/1/22-5/31/23) | | 492,546.60 |
| Additional Rent | + | 200,000 |
| **Net Future Rent** | | **692,546.60** |
| | | |
| **Net Proof of Claim/Payment Due Vitra** | | **1,265,832.63** |

<u>**EXHIBIT 2**</u>

1. Dinesen woodwork, including, without limitation, hospitality counter, chair wall, and platforms
2. Custom millwork cabinets
3. Curtain rails and curtains
4. The pictures below illustrate the items that Vitra can remove. Such pictures are not an exhaustive list.

# Dinesen Woodwork









## Custom Millwork Cabinets



## Curtain Rails and Curtains



