UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
NINETY-FIVE MADISON COMPANY, L.P.,                           :    Case No. 21-10529 (DSJ)
                                                             :
                                                             :
          Debtor.                                            :
------------------------------------------------------------ x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP AS SPECIAL REAL ESTATE TRANSACTION & TAX COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO JANUARY 14, 2023

Upon consideration of the application (the "Application")[1] of Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor-in-possession in this chapter 11 case (the "Chapter 11 Case") pursuant to sections 327(e), 328, and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") for (i) authorization to retain and employ the firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") as special real estate transaction and tax counsel to the Debtor, *nunc pro tunc* to January 14, 2023, and (ii) approval of the terms of Fried Frank's employment and retention as memorialized in that certain engagement letter dated as of March 7, 2023 (the "Engagement Letter") attached hereto; and upon the declaration of Richard A. Wolfe (the "Wolfe Declaration"), a partner of Fried Frank, which was filed with the Court as **Exhibit B** to the Application; and the Court having reviewed the Application and the Wolfe Declaration; and the Court being satisfied, based on the representations made in the Application and the Wolfe Declaration, that (i) Fried Frank does not hold or represent any interest adverse to the Debtor's estate, and (ii) Fried Frank is a "disinterested person" as that

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

phrase is defined in section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; **and a hearing on the Application having been held on March 23, 2023, at which, after hearing from and considering the comments of all interested parties, the Court issued an oral ruling;** and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor's estate and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore:  **[DSJ 3/23/2023]**

It is hereby ORDERED that:

1. **For the reasons stated on the record on March 23, 2023, the** ~~The~~ Application is granted and the provisions set forth in the Engagement Letter are hereby approved to the extent set forth herein and except as otherwise expressly modified herein to the contrary.  **[DSJ 3/23/2023]**

2. In accordance with sections 327(e) and 328(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), the Debtor is hereby authorized and empowered to employ Fried Frank as special real estate transaction and tax counsel to the Debtor in this Chapter 11 Case, *nunc pro tunc* to January 14, 2023, and Fried

Frank is hereby authorized to perform the services set forth in the Application, the Wolfe Declaration, and the Engagement Letter.

3. In connection with this Chapter 11 Case, Fried Frank shall be compensated for professional services rendered, and reimbursed for expenses incurred, on and after January 14, 2023, as set forth in the Application, the Wolfe Declaration, and the Engagement Letter, in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Rules, and any other applicable procedures and orders of the Court.

4. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

5. Fried Frank shall use its best efforts to coordinate with the Debtor and the Debtor's other professionals to avoid any unnecessary duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 Case.

6. Prior to any increase in Fried Frank's hourly rates, Fried Frank shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Office of the U.S. Trustee and any official committee appointed in this Chapter 11 Case. The supplemental affidavit shall explain the basis for the rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The Office of the U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the authority to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      March 23, 2023

                                        *s/ David S. Jones*
                                        HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**ENGAGEMENT LETTER**

Fried, Frank, Harris, Shriver & Jacobson LLP

**FRIED FRANK**

One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

**CONFIDENTIAL & PRIVILEGED
COMMUNICATION FROM COUNSEL**

Direct Line: (212) 859-8922
richard.wolfe@friedfrank.com

March 7, 2023

Ninety-Five Madison Company, L.P.
95 Madison Avenue
New York, NY 10016
Attn: Michael Sklar and Sharan Sklar

Re:   Engagement of Fried, Frank, Harris, Shriver & Jacobson LLP and the law firm's non-domestic affiliates[1]

Dear Michael and Sharan,

We are honored and delighted that Ninety-Five Madison Company, L.P. (the "Company") has agreed to retain Fried Frank to act as its counsel in connection with the Company's chapter 11 case filed in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). This letter confirms the engagement of and sets forth the terms and conditions upon which Fried Frank has been engaged by the Company.

I.   *Scope of the Representation*

Fried Frank will act as special real estate and tax counsel to the Company in connection with a potential sale, net lease or other disposition of, or other transaction with respect to, the

---

[1]  Fried Frank is a limited liability partnership qualified under the laws of the State of Delaware. In order to comply with local practice rules and for similar local considerations, Fried Frank's practice in particular jurisdictions may be conducted through, or in association with, separate entities. Information about Fried Frank's offices and affiliates can be found on our website at http://www.friedfrank.com. Similar entities may be formed in the future to conduct practice in those or other geographic areas and the current entities may be modified or eliminated without prior notice. All such existing and new entities are referenced herein collectively as "Fried Frank Entities." You therefore consent to our firmwide sharing of confidential information and use of personnel and other resources in the work we undertake for you, and all references in this letter to "we", "us", "the firm", "firmwide" and similar words and phrases include all Fried Frank Entities.

US\WOLFERI\32434132.2



Ninety-Five Madison Company, L.P.  -2-  March 7, 2023

property owned by the Company located at 95 Madison Avenue in Manhattan. To the extent that the Company asks Fried Frank, and Fried Frank agrees, to act for the Company on other legal matters, those engagements will be on the same terms as this engagement (including without limitation as to the matters relating to Section II, *Waiver of Conflicts and Related Matters* below) unless otherwise agreed in writing. We have designated Richard Wolfe and Jon Mechanic to lead this engagement. Our engagement will end on the latter of delivery of our oral or written report or when the disposition process concludes.

II.   *Waiver of Conflicts and Related Matters*

The Company understands that Fried Frank is a large firm with a broad client base and many matters. As a consequence, there is always the possibility that Fried Frank may be asked by other clients, present or future, to act in an adverse position to the Company, or to represent clients whose interests differ from the Company in a matter. The rules against conflicts generally protect clients from divided loyalty and the risk of improper disclosure of confidential information and could prevent Fried Frank from accepting such other representations without a waiver of conflicts from the Company.

By signing below, the Company confirms its understanding concerning, among other things, the material risks and reasonably available alternatives to waiving such conflicts and that the Company specifically agrees as follows.

The Company agrees that Fried Frank will remain free, notwithstanding Fried Frank's representation of the Company in the matter described above or in other matters and whether or not during the course of our representation of the Company, to represent any present or future client of Fried Frank with interests adverse to the Company in any matter (including representation in litigation, arbitration or mediation in which the Company and such other client are or may be adverse parties), so long as such matter (a) is not substantially related to matters in which we are then currently representing the Company and (b) does not require Fried Frank to utilize confidential information that we have learned from the Company while working on behalf of the Company. Such situations could include, for example, (i) our representation of the Company as a borrower in an ordinary course transaction where we represent the lender in other matters; (ii) our representation of the Company as a lender in an ordinary course transaction when we represent the borrower in other matters; (iii) our representation of the Company in the current engagement while representing another party to the transaction or litigation in a separate and unrelated transaction or litigation; (iv) our representation of the Company as an issuer while simultaneously representing (in another matter) a financial adviser to you; or (v) our representation of a debtor in an unrelated bankruptcy or restructuring matter in which the Company is a creditor.

It is expressly agreed that, in addition to the foregoing, and notwithstanding anything to the contrary, with respect to restructuring and insolvency engagements and related work undertaken by Fried Frank, the Company hereby expressly consents to Fried Frank's representation of a debtor, trustee, creditor, committee of creditors, asset purchaser, investor, debtor-in-possession lender, and/or any other parties in interest in connection with any restructuring or insolvency proceeding in which the Company and/or entities affiliated with the

US\WOLFERI\32434132.2



Ninety-Five Madison Company, L.P.  -3-  March 7, 2023

Company are creditors or parties in interest. It is also agreed that, in connection with Fried Frank's engagement by a debtor or other party in interest in any restructuring or insolvency proceeding in which the Company is a creditor or other party in interest, Fried Frank may disclose its connections with the Company and the provisions of this waiver to a court of competent jurisdiction, to any government agency (including the office of the United States Trustee) and parties in interest in the subject proceeding to the extent required by applicable law or procedural rules to obtain requisite approval for our engagement and to maintain such engagement, provided that, absent further written consent by the Company, Fried Frank will not disclose any confidential information concerning the Company, including trade secrets and matters covered by the attorney-client privilege or the attorney work product privilege.

The Company understands further that in connection with Fried Frank's representation of other clients we may learn information that is confidential to that client but is also either (x) relevant to matters on which the Company has engaged Fried Frank or (y) information that the Company may wish to know. the Company understands and specifically agrees that Fried Frank will not disclose to the Company any such information without the consent of such other clients. We will, of course, also refrain from revealing the Company's confidential information to other clients without the consent of the Company.

The attorneys practicing at Fried Frank's offices in various jurisdictions are governed by the rules of professional conduct and conflicts of interest that are prescribed by the proper authorities in each jurisdiction. Although the rules of the various jurisdictions are often similar, they are not identical. The rules in force in the specific jurisdictions in which Fried Frank attorneys representing the Company are practicing apply to those attorneys, subject to any permitted modifications of those rules reflected in this engagement letter.

Finally, there are and will be occasions when Fried Frank attorneys would find it useful and helpful to discuss their professional responsibilities with attorneys educated and trained in such matters. Fried Frank has appointed a General Counsel, Associate General Counsel, and a Professional Responsibility Committee to perform that consultative function, along with other duties. Fried Frank believes that such consultations in and of themselves do not create a conflict with the interests the Company. However, there is the possibility that a conflict of interest might be deemed to exist between the Company and Fried Frank related to such consultations or the resulting communications. Accordingly, by signing below, the Company consents to such conversations occurring, the Company waives any conflict that might be deemed to exist in connection with such consultations, and the Company acknowledges that such communications are protected by Fried Frank's attorney-client privilege from disclosure to the Company.

III.    *Client Identification*

As the entities identified as engaging us in Section I, *Scope of the Representation* above, the Company agrees and confirms that the Company is Fried Frank's client for the specific matters on which Fried Frank is engaged and that Fried Frank shall not be deemed to represent any other parent, subsidiary or other affiliate of the Company unless Fried Frank expressly agrees in writing to do so. Further, representation of a corporation, partnership, joint venture or other entity by Fried

US\WOLFERI\32434132.2



Ninety-Five Madison Company, L.P.　　　　　　-4-　　　　　　　　　　　　March 7, 2023

Frank does not include a representation of the individuals or entities that are shareholders, officers, directors, partners, joint venturers, employees, agents or members of such entities or their interests in such entities. There is no attorney-client relationship between Fried Frank and any such related person or entity. The attorney-client privilege is solely between the client and Fried Frank. Any proposed expansion of the representation to include any such related persons or entities shall be subject to and contingent upon execution of an engagement letter directly with those persons or entities.

IV.　　*Compensation*

　　　　Fried Frank's compensation is based on the actual time spent on the engagement by the attorneys and staff at Fried Frank. The Company will be charged a current fixed rate for each attorney and employee depending on the individual's professional experience and other relevant factors. Fried Frank's hourly rates for the personnel likely to be assigned to this matter currently range from $1,365 to $1,985 for partners and counsel, from $745 to $1,285 for an associate attorney, and from $370 to $535 for a legal assistant or other support staff. The rates are revised from time to time; additionally, the rates for associates are normally adjusted on September 1 to reflect their increased seniority and experience. (The foregoing information is provided to the Company on a confidential basis.)

　　　　The time charges set forth above are benchmarks not absolutes to which Fried Frank adheres without analysis of the time that has been spent. Each month, however, before bills are submitted, a review is performed to assess the nature and quality of the services performed for the client.

　　　　Fried Frank's schedule of ancillary service charges as of the date of this letter, showing how Fried Frank charges clients for disbursements is annexed as Attachment A. These are the costs, other than attorney, paralegal and staff time, incurred in our representation. Some of these costs, like facsimile transmission and photocopying, are incurred within Fried Frank. Other costs, like overnight delivery and some messenger services, are charged to Fried Frank by outside providers. All charges are designed to recover Fried Frank's actual cost of providing the services. For in-house services (e.g., photocopying, computer research), the Company is charged the direct cost of the service (i.e., the actual cost of making a copy on the photocopy machine). These charges may be revised from time to time to reflect these costs. Billing for ancillary services and expenses may lag the rendering or use of those services by several months because of delays in the receipt of third-party bills and the posting of accounts.

　　　　Fried Frank is at all times available to discuss statements with the Company, and to explain the services covered. In Fried Frank's view, good legal service requires that Fried Frank's clients feel comfortable discussing Fried Frank's fees with us. Subject to compliance with any applicable orders of the Bankruptcy Court, Fried Frank anticipates that it will submit statements to the Company on a monthly basis, and, subject to the next paragraph, payment is due within 30 days following the date of each statement.

US\WOLFERI\32434132.2



Ninety-Five Madison Company, L.P.                -5-                          March 7, 2023

       This engagement and payment of any fees hereunder are subject to the review and approval of the Bankruptcy Court overseeing 95 Madison's Chapter 11 case. We will not suspend your account if the delay in rendering payment to us is based on any delay caused in the Bankruptcy Court's review of our fee applications.

       In certain circumstances, the Company may have the right to arbitrate a fee dispute with Fried Frank pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York.

       Of course, the Company also always has the right to end our counsel relationship. Likewise, Fried Frank has the right to end our counsel relationship subject to applicable rules of professional conduct and rules of court. Upon termination of our engagement by either the Company or by Fried Frank, the Company shall remain liable to Fried Frank for all amounts due and to become due for the professional services rendered and ancillary charges incurred prior to the termination date.

V.   *Costs of the Production of Files*

       In the event Fried Frank is authorized or requested by the Company or on the Company's behalf, or required by law as we may determine, or by any legal process, to produce any of (a) Fried Frank's files, (b) the Company's files stored with Fried Frank or (c) Fried Frank's personnel as formal or informal witnesses or information sources with respect to Fried Frank's engagement or potential engagements by the Company, the Company agrees to pay or reimburse Fried Frank for Fried Frank's professional time (at then applicable hourly rates for personnel who have hourly rates and on a reasonable basis otherwise) and ancillary services and expenses, as well as the fees and expenses of Fried Frank's counsel as incurred in preparing and implementing a response to such a request. Production of files as required will be in electronic format.

VI.   *Cooperation*

       In order to enable Fried Frank to effectively render services to the Company in this matter, the Company has agreed to disclose fully and accurately all relevant facts and to keep Fried Frank apprised of all developments relating to this matter. the Company has agreed otherwise to cooperate fully with Fried Frank and to be available to attend discovery proceedings and conferences, hearings, negotiations, closings, and similar proceedings.

VII.   *Preserving Confidences*

       It will be necessary in connection with representing the Company in this matter for the Company and Fried Frank to share our respective mental impressions, opinions, conclusions, legal theories and strategy considerations, and for the Company and Fried Frank to share confidential and privileged communications. In order to assist us in preserving the attorney-client and work product privileges that may apply, such communications and documents should be shared only with a limited number of people affiliated with the respective organizations of the Company who are required to have it in order to discharge their responsibilities or have a specific need to know the information in order to assist in connection with the matter in which we are representing the

US\WOLFERI\32434132.2



Ninety-Five Madison Company, L.P.                -6-                             March 7, 2023

Company. Persons in the foregoing category with whom information or documents are shared should be advised of the confidential nature of the material.

VIII.    *Closing the Matter*

As noted above, Fried Frank is delighted that the Company has asked Fried Frank to represent them. When a matter that is the subject of this letter is concluded, however, the Company understands and agrees that with respect to that matter Fried Frank will have no ongoing obligation to advise the Company of changes in the law that would or might affect our previous advice to the Company unless the Company and Fried Frank agree in writing that we will provide such advice.

Finally, maintaining files and documents that are created, collected, or maintained in connection with Fried Frank's representation of the Company can be burdensome and costly over the long term. Consequently, following the conclusion of any matter that is the subject of this engagement letter, Fried Frank will offer the Company by letter an opportunity to receive the documents in Fried Frank's files that belong to the Company, at the Company's cost. If Fried Frank does not hear from the Company within 45 days of the date of that letter, Fried Frank will retain or dispose of such documents as permitted or required by law. In either event, Fried Frank will retain only such documents (or copies thereof) as Fried Frank thinks appropriate. Finally, with respect to all documents that are in Fried Frank's files for the Company matters, the Company and Fried Frank specifically agree that internal firm documents are the exclusive property of Fried Frank. Internal firm documents include, e.g. internal research materials prepared by our junior attorneys for more senior attorneys, draft outlines of issues, and emails, memos, notes and similar materials that have been created for the purpose of assisting senior firm attorneys in providing advice to the Company.

IX.    *Bankruptcy Court*

In light of the Company's chapter 11 cases pending before the Bankruptcy Court, Fried Frank's retention is subject to the review and approval of the Bankruptcy Court with jurisdiction over such chapter 11 cases. As such, Fried Frank will take steps necessary to prepare the disclosure materials required in connection with Fried Frank's retention as counsel for the Company in connection with such chapter 11 cases. So that the Company is best positioned, Fried Frank has undertaken an expanded conflict check process with respect to potentially interested parties as provided by the Company. Fried Frank does not have reason to believe that these relationships will constitute actual conflicts of interest but the relationships may need to be described and disclosed in a formal application to retain Fried Frank.

Regardless of where our services are rendered, the relationship between you and the Firm shall be governed by the laws of the State of New York. If any dispute between you and the Firm is not subject to arbitration, it shall be heard in the United States Bankruptcy Court for the Southern District of New York. and both parties consent to the exclusive jurisdiction of such courts for this purpose.

US\WOLFERI\32434132.2

Ninety-Five Madison Company, L.P.    -7-    March 7, 2023

   Your signature below confirms that the Company has had an opportunity to consult with other legal counsel or advisors of the Company's choice regarding the matters set out in this letter (including, without limitation, the matters set out under Section II, *Waiver of Conflicts and Related Matters*).

   Fried Frank hopes that the Company finds the discussion above to be comprehensive and helpful, and that the Company will let Fried Frank know if the Company has any questions. Fried Frank wishes to deal fairly and clearly with our clients in these and all other aspects of our relationship.

   Please sign the original and enclosed copy of this letter in order to confirm that it accurately reflects the scope, terms, and conditions with respect to this engagement. After you have done so, please retain the original for your files, and return the signed copy to Fried Frank. Please note, however, that the Company's continued instruction to Fried Frank on this matter will constitute the Company's full acceptance of the terms set out above and attached.

   [Remainder of Page Left Blank]



Ninety-Five Madison Company, L.P.          -8-                          March 7, 2023

    Thank you again for the honor and privilege of allowing us to work with you and act as the attorneys for the Company.

Very truly yours,

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Richard A. Wolfe

ACCEPTED AND AGREED:

Ninety-Five Madison Company, L.P.

By:  Michael Sklar Management LLC, a General Partner of the Company

    By: _____
    Name: Michael Sklar
    Title: Sole Member, Michael Sklar Management LLC a General Partner

By:  Sharan Sklar Management LLC, a General Partner of the Company

    By: _____
    Name: Sharan Sklar
    Title: Sole Member

US\WOLFERI\32434132.2



**Attachment A: Schedule of Ancillary Service Charges**
All charges are designed to recover the firm's actual cost of providing
the services and are current as of the date of the attached engagement letter.

### Duplicating & Printing

Internal Duplicating

|  | B&W | Color |
|---|---|---|
| Per page copying: | $ .12/page | $ .75/Page |
| Per page copying with pagination: | $ .17/page | $ .80/Page |

External Duplicating

| | B&W | Color |
|---|---|---|
| Per page copying: | Actual cost | Actual cost |
| Per page copying with pagination: | Actual cost | Actual cost |

| Internal Printing | $ .12/page | — |
|---|---|---|

An additional $25.00 charge per CD will be assessed for documents transferred to Electronic Media.

### Secretarial Services

Word processing services:    $40 per hour

### Secretarial Overtime

A dedicated secretary is requested for after normal work hours by the responsible attorney to be exclusively devoted to providing secretarial assistance on the matter:    $40 per hour

### Telephone

Local Calls:    No charge
Long Distance Calls:    No charge
International Calls:    Actual cost

### Messenger Service

External Service:    Actual cost charged by third party vendor

US\WOLFERI\32434132.2

### Meals

| | |
|---|---|
| Dinner for administrative staff after normal working hours: | Actual cost |
| Attorney and paralegal meals: | Actual cost |

### Travel

| | |
|---|---|
| Local travel for attorneys and paralegals: | Actual cost |
| Secretaries and other administrative personnel after normal working hours: | Actual cost |

Note: All personnel working on client matters after 8:00 p.m. are entitled to car service to their home.

| | |
|---|---|
| Travel outside local area: | Actual cost |

### Electronic Research

| | |
|---|---|
| Lexis: | Estimated actual cost, plus sales tax |
| Westlaw: | Estimated actual cost, plus sales tax |

