Andrew K. Glenn
Shai Schmidt
Rich Ramirez
Naznen Rahman
**GLENN AGRE BERGMAN & FUENTES LLP**
1125 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) Case No. 21-10529 (DSJ) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |

**NOTICE OF PRESENTMENT OF APPLICATION OF DEBTOR NINETY-FIVE MADISON COMPANY, L.P. FOR AN ORDER AMENDING THE ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BRANTON REALTY SERVICES LLC AS <u>REAL ESTATE BROKER AND SALES AGENT</u>**

 **PLEASE TAKE NOTICE** that on May 1, 2023, Ninety-Five Madison Company, L.P.

(the "<u>Debtor</u>"), the debtor and debtor in possession in this Chapter 11 case, submitted the

*Application of Debtor Ninety-Five Madison Company, L.P. for an Order Amending the Order*

*Pursuant to 11 U.S.C §§ 327(a) and 328(a) Authorizing the Retention and Employment of Branton*

*Realty Services LLC as Real Estate Broker and Sales Agent* (the "<u>Supplemental Application</u>").[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Supplemental Application.

**PLEASE TAKE FURTHER NOTICE** that the Supplemental Application will be presented to the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York (the "Court"), for signature on May 8, 2023 at 10:00 a.m. (E.T.).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Supplemental Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable to Chapter 11 cases in this Court; (c) be filed with the Clerk of the Court in accordance with the customary practices of the Court and General Order M-399 (with a courtesy copy delivered to the Chambers of the Honorable David S. Jones, United States Bankruptcy Judge); and (d) be served upon and received by (i) counsel to the Debtors, Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Shai Schmidt, Rich Ramirez and Naznen Rahman); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Richard Morrissey, Esq.); (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (iv) any other party-in-interest entitled to notice of this Supplemental Application, in accordance with General Order M-399, no later than May 3, 2023, at 4:00 p.m. (E.T.) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objection is filed and served by the Objection Deadline, there will be no hearing and the relief requested in the Supplemental Application may be granted.

**PLEASE TAKE FURTHER NOTICE** that if an objection is filed and served by the Objection Deadline, a hearing (the "Hearing") will be held to consider the Supplemental

Application before the Honorable David S. Jones, United States Bankruptcy Judge. The Court will notify the moving and objecting parties of the date and time of the Hearing.

      **PLEASE TAKE FURTHER NOTICE** that the Supplemental Application has been filed electronically with the Clerk of the Court and may be reviewed by all registered users of the Court's website at: http://www.nysb.uscourts.gov.

Dated: May 1, 2023
New York, New York

                  **NINETY-FIVE MADISON COMPANY, L.P.**,
                  Debtor and Debtor-in-Possession

                  By:  */s/ Andrew K. Glenn*
                  Andrew K. Glenn
                  Shai Schmidt
                  Rich Ramirez
                  Naznen Rahman
                  **GLENN AGRE BERGMAN & FUENTES LLP**
                  1185 Avenue of the Americas
                  22nd Floor
                  New York, New York 10036
                  Telephone: (212) 970-1600
                  E-mail: aglenn@glennagre.com
                          sschmidt@glennagre.com
                          rramirez@glennagre.com
                          nrahman@glennagre.com

                  *Counsel to the Debtor*

Andrew K. Glenn
Shai Schmidt
Rich Ramirez
Naznen Rahman
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 21-10529 (DSJ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) |
| | ) |
| Debtor. | ) |
| | ) |

### APPLICATION OF DEBTOR NINETY-FIVE MADISON COMPANY, L.P. FOR AN ORDER AMENDING THE ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BRANTON REALTY SERVICES LLC AS REAL ESTATE BROKER AND SALES AGENT

Ninety-Five Madison Company, L.P. (the "<u>Debtor</u>"),[1] the debtor in this Chapter 11 case

(the "<u>Chapter 11 Case</u>"), respectfully submits this application (the "<u>Supplemental Application</u>")

for entry of an order substantially in the form attached hereto as **Exhibit A**, amending the *Order*

*Pursuant to 11 U.S.C §§ 327(a) and 328(a) Authorizing the Retention and Employment of Branton*

*Realty Services LLC as Real Estate Broker and Sales Agent* Nunc Pro Tunc *to August 18, 2022*

[Dkt. No. 181] (the "<u>Initial Retention Order</u>").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Initial Application (as defined herein).

In support of this Supplemental Application, the Debtor relies upon the declaration of Woody Heller (the "Supplemental Heller Declaration"), attached hereto as **Exhibit B**, incorporated herein by reference, and respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASES FOR RELIEF

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## RELEVANT BACKGROUND

3. The Debtor is the fee simple and title owner of a commercial building located at 95 Madison Avenue, New York New, York 10016 (the "Property"). The Debtor is a New York limited partnership whose general partners are: (i) RAS Property Management, LLC, an entity owned by Ms. Rita Sklar and various trusts formed by her ("RAS"); (ii) Sharan Sklar Management LLC, an entity managed by Ms. Sharan Sklar ("Sharan Sklar Management"); and (iii) Michael Sklar Management, LLC, an entity managed by Mr. Michael Sklar ("Michael Sklar Management" and, together with RAS and Sharan Sklar Management, the "General Partners").

4. Since June 2021, the Debtor's *Second Amended Partnership Agreement* (the "Partnership Agreement") requires that all decisions as to the Debtor be made by a "vote of a majority" of the General Partners.[2]

5. As described in the *Application of Debtor Ninety-Five Madison Company, L.P. for*

---

[2] *See Letter to Judge Sean H. Lane Re: Response to Your Honors Direction Stated During the June 3, 2021 Hearing with Respect to Vitra Inc.'s Motion for an Order Dismissing the Chapter 11 Case or Converting the Chapter 11 Case to a Chapter 7 Case* [Dkt. No. 39], Exhibit A.

*an Order Pursuant to 11 U.S.C §§ 327(a) and 328(a) Authorizing the Retention and Employment of Branton Realty Services LLC as Real Estate Broker and Sales Agent* Nunc Pro Tunc *to August 18, 2022* [Dkt. No. 176] (the "Initial Application"), due to challenges posed by the ongoing COVID-19 pandemic and the sustained downturn in the commercial leasing market, the Debtor made the decision in its business judgment to proceed with a sale or other disposition of all or a portion of the Property (a "Sale Transaction") to an outside buyer (a "Buyer").

6.    Subsequently, the Debtor sought to retain Branton Realty Services LLC ("BRS") as its real estate broker and sales agent to effectuate a prompt Sale Transaction.  On August 19, 2022, the Debtor filed the Initial Application.  The Initial Application included as Exhibit B the declaration of Woody Heller, BRS's principal (the "Initial Heller Declaration").[3]

7.    On August 31, 2022, the Court entered the Initial Retention Order.  Attached as Exhibit 1 to the Initial Retention Order was that certain *Listing Agreement for Sale* dated August 18, 2022 (the "Initial Engagement Agreement").  The Initial Engagement Agreement memorialized the terms and conditions of BRS's employment and retention by the Debtor.

8.    Pursuant to the Initial Retention Order, the Debtor employed BRS as real estate broker and sales agent for the Debtor in accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.  *See* Initial Retention Order at § 2.  Over the last several months, BRS has diligently worked to market the Property, analyze offers and proposals from potential Buyers, and offer recommendations to the Debtor in connection with a possible Sale Transaction, among other tasks.

9.    Recently, the Debtor and BRS agreed that the terms of the Initial Engagement Agreement should be amended to better reflect various case developments.  Specifically, one of

---

[3]    The Debtor incorporates herein by reference both the Initial Application and the Initial Heller Declaration.

the Debtor's General Partners, controlled by Rita Sklar, has threatened to pursue litigation against BRS for following directions issued by the other two General Partners in connection with the Debtor's pursuit of a Sales Transaction. In response to the events, on April 18, 2023, the Debtor and BRS executed that certain *Amendment of Listing Agreement for Sale* (the "<u>Engagement Agreement Amendment</u>") which, as explained in further detail below, addresses various decision-making processes and amends the indemnification terms of the Initial Engagement Agreement.

10. The Debtor believes that the terms of the Engagement Agreement Amendment are reasonable and will allow BRS to pursue a Sale Transaction more efficiently on behalf of the Debtor.

## RELIEF REQUESTED

11. By this Supplemental Application and for the reasons set forth herein, the Debtor seeks entry of an order amending the order pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 authorizing the retention and employment of Branton Realty Services LLC as real estate broker and sales agent to the Debtor.

## PROPOSED INDEMNIFICATION AMENDMENTS[4]

12. The proposed terms of the Engagement Agreement Amendment clarify that BRS may rely upon, and proceed in accordance with, any approval, direction, instruction or other communication it receives from any two of the three General Partners (an "<u>Instruction</u>") concerning the performance of BRS's duties. They also clarify that BRS is not required to comply with and may disregard any directions that were not approved as outlined above (an "<u>Inconsistent Communication</u>"). The purpose of this amendment is to align the decision-making structure of

---

[4] The following is not intended to be a complete recitation of the terms and conditions of the Engagement Agreement Amendment and is provided only for summary purposes.

the General Partners as it relates to a Sale Transaction with the decision-making structure memorialized in the Debtor's Partnership Agreement.

13.     As noted above, however, the Debtor's General Partner that is controlled by Ms. Rita Sklar has threatened to pursue litigation against BRS for following directions issued by the other two General Partners.  The Debtor believes BRS should not be held liable for, and should not be subject to, any litigation costs stemming from Ms. Rita Sklar's threats as it relates to the Debtor's decision-making process to which she has unequivocally agreed.

14.     The Debtor therefore seeks to amend the terms of the indemnification provisions of the Initial Engagement Agreement (such amendments, the "Indemnity Amendments").  The Indemnity Amendments provide that the Debtor will indemnify and hold harmless BRS from and against all claims that may be made by or on behalf of any General Partner (or its representative) against BRS arising from (i) BRS's actions that substantially comply with any Instruction or the Initial Engagement Agreement; (ii) BRS's failure to comply with any Inconsistent Communication; or (iii) any dispute to which BRS is made a party between or among any of the General Partners (or its representative) (collectively, an "Indemnified Claim").  Moreover, (a) any Indemnified Claim will constitute an administrative expense claim in the Chapter 11 Case, and (b) the Court will retain exclusive jurisdiction to hear any Indemnified Claim even after the conclusion of the Chapter 11 Case.

15.     The Indemnity Amendments also contemplate that in the event of any Indemnified Claim, the Debtor will cause legal counsel reasonably satisfactory to BRS to defend BRS or, in the event of a conflict of interest, BRS will engage its own legal counsel at the Debtor's reasonable expense.  BRS, however, is free to engage its own counsel at any time at BRS's own expense.

16.     These proposed terms would amend Section 10 of the Initial Engagement

Agreement, titled "Indemnification," which provides, *inter alia*, that the Debtor has agreed to indemnify and hold BRS harmless from and against all claims, and all actual out-of-pocket costs of defense against such claims (including reasonable attorneys' fees and disbursements), suffered or incurred by BRS which may arise out of or relate to any of the Property Conditions (as defined in the Initial Engagement Agreement).

17. Crucially, nothing in the Indemnity Amendments would alter or modify the indemnification terms set forth in the Initial Retention Order. This includes the requirements that all indemnification requests by BRS require Court approval and are subject to the Fee Guidelines, and that BRS will not be indemnified if any losses, claims, damages, liabilities or expenses are finally judicially determined to have resulted from BRS's gross negligence, bad faith, or willful misconduct.

## BASIS FOR RELIEF

18. This Court and others have found that "indemnification provisions in professional contracts are appropriate provided they are reasonable and in the best interests of the estate pursuant to § 328(a)." *In re Joan & David Helpern, Inc.*, 2000 WL 1800690, at *1 (S.D.N.Y. Dec. 6, 2000). *See In re Joan and David Halpern Inc.*, 248 B.R. 43, 46-47 (Bankr. S.D.N.Y. 2000) (holding common law principles permit indemnity of fiduciaries and that the indemnity sought by professionals procured by the debtor was fair and reasonable and in the best interest of the estate); *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 757 (B.A.P. 8th Cir. 2002) (holding the standard for assessing indemnity provisions is whether the provisions are "reasonable under the circumstances of this case" and in the best interest of the estate).

19. The Debtor submits that for all the reasons stated above, in the Initial Application, and in the Initial Heller Declaration and Supplemental Heller Declaration, approval of this

Supplemental Application, including the Indemnity Amendments, are necessary and in the best interests of the Debtor and its estate and complies with the requirements of Sections 327(a) and 328(a) of the Bankruptcy Code. *See e.g.*, *In re Joan & David Halpern Inc.*, 248 B.R. at 47 (finding indemnity provisions fair and reasonable and approving the debtor's retention of financial advisor when "it is hard to quarrel with the notion that the debtor needs the services of a qualified [ ] advisor" and "no one, including the United States Trustee, has questioned the debtor's need for [the advisor's] services or [the advisor's] ability to render them").

20.     Moreover, the Debtor respectfully submits that the proposed Indemnity Amendments are both reasonable and warranted considering Ms. Rita Sklar's recent litigious threats. The Debtor firmly believes that any challenges that Ms. Rita Sklar may have to any final Sale Transaction that the Debtor may enter into may always be brought before this Court without the need to sue BRS for any conduct related to the terms for which BRS has been retained. Additionally, even if Ms. Rita Sklar were to prosecute any such litigation, the Debtor submits that such litigation should be heard by this Court, which is most familiar with the facts surrounding any contemplated Sale Transaction, the Debtor's overall sales process, and the governance disputes that have permeated this case.

## NOTICE

21.     Notice of this Supplemental Application shall be provided to: (a) the U.S. Trustee; (b) the Debtor's creditors; and (c) any party that has filed a notice of appearance and request for service of documents. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

22.     No prior application for the relief requested herein has been made to this or any

other court.

## CONCLUSION

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  May 1, 2023
       New York, New York

                    NINETY-FIVE MADISON COMPANY, L.P.
                    Debtor and Debtor-in-Possession

                    By: */s/ Michael Sklar*
                        Michael Sklar
                        General Partner

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 21-10529 (DSJ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) |
|  | ) |
| Debtor. | ) |
|  | ) |

## ORDER AMENDING THE ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BRANTON REALTY SERVICES LLC AS REAL ESTATE BROKER AND SALES AGENT

Upon consideration of the supplemental application (the "Supplemental Application")[1] of Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor in possession in this Chapter 11 case (the "Chapter 11 Case"), pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for entry of an order (this "Order") amending the *Order Pursuant to 11 U.S.C §§ 327(a) and 328(a) Authorizing the Retention and Employment of Branton Realty Services LLC as Real Estate Broker and Sales Agent Nunc Pro Tunc to August 18, 2022* [Dkt. No. 181] (the "Initial Retention Order") as memorialized in that certain *Amendment of Listing Agreement for Sale* (the "Engagement Agreement Amendment"), attached as **Exhibit 1** to this Order; and upon the Declaration of Woody Heller (the "Supplemental Heller Declaration"), which was filed with the Court as **Exhibit B** to the Supplemental Application; and the Court having reviewed the Supplemental Application and the Supplemental Heller Declaration; and the Court being satisfied, based on the representations made in the Supplemental Application and in the Supplemental Heller Declaration, that (i) BRS does not hold or represent any interest adverse to the Debtor's estate, and (ii) BRS is a "disinterested

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Supplemental Application.

person" as that phrase is defined in Section 101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having been provided, and it appearing that no other or further notice need be provided; and no objections to the Supplemental Application having been timely filed; and the Court having found and determined that the relief sought in the Supplemental Application is in the best interests of the Debtor's estate and all parties-in-interest and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

It is hereby ORDERED that:

1. The Supplemental Application is granted to the extent set forth herein.

2. In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Supplemental Application is approved and the Initial Retention Order is hereby amended to include the Indemnity Amendments.

3. All other terms and conditions of Initial Retention Order shall remain in full force and effect.

4. Any Indemnified Claim will constitute an administrative expense claim in the Chapter 11 Case.

5. The Debtor and BRS are authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

6. The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

7.      The Court shall retain exclusive jurisdiction with respect to all matters arising

from or related to the implementation of this Order, including the exclusive jurisdiction after the

conclusion of the Chapter 11 Case to hear any Indemnified Claim.

8.      In the event of a conflict between this Order and the Supplemental Application

and/or Engagement Agreement Amendment, the terms of this Order shall govern.


Dated: _____, 2023
         New York, New York

                                    _____
                                    THE HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

Branton Realty Services LLC
1080 Fifth Avenue, Apartment 2B
New York, NY 10128
Att'n: Mr. Warren Heller

*Amendment of Listing Agreement for Sale*

Dear Mr. Heller:

Please refer to Listing Agreement for Sale (the "<u>Agreement</u>") between yourselves (together with anyone working with you in connection with the Agreement, "<u>Branton</u>") and Ninety-Five Madison Company, L.P. ("<u>Owner</u>"), as approved by the United States Bankruptcy Court, Southern District of New York (the "<u>Court</u>") by order dated August 31, 2022. You and we now clarify, amend, and supplement the Agreement as follows (the "<u>Amendment</u>"). Definitions in the Agreement apply in this Amendment.

Branton may rely upon, and proceed in accordance with, any approval, direction, instruction, or other communication Branton receives from any two of the three General Partners (which term in this context also refers to Sharan, Michael, and Rita Sklar, each on behalf of the General Partner LLC that he or she owns) of Owner (the "<u>Instructions</u>") concerning Branton's performance of its duties under the Agreement. If any Instruction varies from the Agreement, Branton will: (i) promptly notify all General Partners by email, and Andrew Glenn, Esq.; and (ii) disregard that Instruction unless and until Branton receives written confirmation of the Instruction signed by two of the three General Partners.

If any Representative or partner of Owner communicates with Branton to overrule or vary from any Instruction of the majority of the General Partners or the Agreement (an "<u>Inconsistent Communication</u>"), Branton will ignore and disregard any such Inconsistent Communication as if it had never occurred. Branton shall promptly so advise Owner in writing via an email to all General Partners and Andrew Glenn, Esq.

Owner shall indemnify and hold harmless Branton from and against all claim(s) made by or on behalf of any General Partner, Representative, or Designee of Owner against Branton (an "<u>Indemnified Claim</u>") that arise(s) out of or relate(s) to any: (i) action by Branton that substantially complies with any Instruction or the Agreement; (ii) Branton's failure to comply with any Inconsistent Communication; or (iii) dispute to which Branton is made a party between or among any partner(s) or Representative(s) of Owner, including any dispute or disagreement on the authority or actions of any General Partner(s) or Representative(s), whether to proceed with any Transaction, or whether to proceed as the Agreement otherwise contemplates (a dispute described in this clause "iii," an "<u>Owner Dispute</u>").

In the event of any Indemnified Claim, Owner shall cause counsel reasonably satisfactory to Branton to diligently defend Branton. Branton has approved Andrew Glenn, Esq. If a conflict of interest exists or arises between Owner and Branton, then Branton may engage its own counsel at Owner's reasonable expense, provided that such counsel charges rates comparable to

1

those charged by Joshua Stein PLLC subject to customary annual adjustments. In that case, Owner shall pay Branton's reasonable legal fees as incurred provided that Owner has received reasonable backup documentation. This paragraph does not limit Branton's right to engage its own counsel at any time at Branton's expense. If Branton is deposed or made a witness in any Owner Dispute, then Owner shall cause Owner's counsel as provided for above to defend Branton in that deposition or testimony.

Owner has approved Branton's marketing materials. The parties modify Agreement Section 11 to: (i) delete the names and contact details of attorneys to receive copies of notices; and (ii) add the names and contact details of these new parties for copies of notices:

- If to Owner, copies shall be sent to: (i) Andrew K. Glenn, Glenn Agre Bergman & Fuentes, LLP, 1185 Avenue of the Americas, New York, NY 10019, email: aglenn@glennagre.com; and (ii) Troy T. Taylor, Algon Group, troy@algongroup.com.

- If to Branton, copies shall be sent to: Joshua Stein PLLC, 110 West 57th Street, Fourth Floor, New York, NY 10019, Att'n: Joshua Stein, email: notices@joshuastein.com.

Notices to Owner and Branton themselves shall continue to be sent in accordance with Section 11 of the Agreement. The changes above update Section 11 only as it relates to the attorneys for the parties and an additional notice recipient for Owner.

Owner acknowledges that, subject to Branton's providing copies of all written bids or offers received to date (which Branton will provide to Owner's counsel upon execution and delivery of this Amendment by all parties): (i) to the best of Owner's knowledge, Branton has, to date, complied with its obligations under the Agreement; and (ii) Owner has no knowledge of the existence of any claims against Branton.

Owner acknowledges that Branton will provide no tax or tax planning advice for Owner or its partners or Representatives. They will all rely on other professionals for tax matters.

If only one General Partner (or any limited partner) of Owner purports to terminate the Agreement or Branton's engagement under the Agreement, then that termination shall be of no force or effect, and Branton may disregard and ignore it.

Except for Branton's express obligations in connection with (a) forwarding offers to Owner, (b) as the Agreement requires at expiration of the Term, or (c) as this Amendment expressly requires, Branton has no obligation to identify any potential Counterparties with whom Branton communicated.

Promptly after the Court has approved this Amendment as required below, Branton will provide to Andrew Glenn, Esq., the names of the following, in addition to (and without limiting) Branton's previous disclosure of offerors:

a) Entities that have toured the Property;

b) Entities that have signed confidentiality agreements; and

c) Entities that have accessed Branton's marketing website.

2

In connection with Branton's review of offers received, Branton has already reported to Owner the number and general type of entities that the Property has been marketed to.

When and as Branton receives written offers for the Property, Branton shall within two business days forward them only to Owner's counsel on behalf of Owner, and not directly to Owner. Forwarding of offers to Owner's counsel on behalf of Owner shall satisfy Branton's obligations under brokerage law regarding forwarding of all offers to Branton's client.

Pursuant to Agreement Section 16, Owner confirms that the Representatives have designated Troy T. Taylor of Algon Group ("Taylor") as Designee. Taylor shall also act as a Representative of Owner, replacing Sharan Sklar in that role. Sharan Sklar is no longer a Representative or the Designee. Owner and Sharan Sklar Management LLC: (i) have engaged Taylor with no involvement by Branton; and (ii) shall pay all sums due Taylor for his service as Designee, Representative, and adviser to Owner and the General Partners.

Going forward, Designee will schedule any conference calls for 5 p.m. every Monday (or 5 p.m. on Thursday if Branton requests). Calls shall not exceed one hour. Branton has no liability or responsibility if such scheduling is impractical or impossible or if any Representative(s) or General Partner(s) do not participate. Branton will have no responsibility to schedule conference calls.

Branton shall not meet or speak by telephone (including during calls set up pursuant to the previous paragraph) with just one Representative unless that Representative is either (a) Designee or (b) accompanied by one or more other Representative(s).

Agreement Section 17 (limitation on recourse) applies to this Amendment. The parties waive jury trial in any dispute about this Amendment, which may be executed in counterparts.

Wherever this Amendment requires or permits Branton to communicate by email with all General Partners, Branton shall address that email to all of these recipients: msklar@ninetyfivemadison.com; ssklar@ninetyfivemadison.com; ritasklar@gmail.com; troy@algongroup.com; and aglenn@glennagre.com. When Branton has sent that email, Branton shall: (i) be deemed to have adequately accomplished that communication; and (ii) have no obligation to assure that Branton's email message has actually been received by any intended recipient.

The Bankruptcy Court for the Southern District of New York presiding over Owner's Chapter 11 case shall have exclusive jurisdiction and shall be the only venue to adjudicate any Indemnified Claim or any other claim or dispute initiated by Owner or any partner, Representative(s), or Designee of Owner relating to the Agreement or any performance or nonperformance under the Agreement (an "Owner Claim"). No Owner Claim shall be brought in any court, state or federal, except the Court as this paragraph provides.

This Amendment will become effective only if and when (i) signed by two General Partners and (ii) approved by the Court (except for the updates of attorney names and contact information and the obligation of Sharan Sklar Management LLC to pay Taylor). Owner will promptly: (i) give Branton a copy of the draft application/order toward that end (which must be consistent with this Amendment and must provide that (a) any claims of Branton under the Agreement or this Amendment constitute administrative expense claims in Owner's bankruptcy and (b) the Court shall retain exclusive jurisdiction, even after conclusion of Owner's bankruptcy

3

proceeding, to hear Owner Claims relating to actions and omissions that occurred before the closing of the sale; and (ii) within seven days after the date of this Amendment, file that draft with the Court, provided that Branton approved it; (iii) diligently seek Court approval; and (iv) notify Branton, and give Branton a complete copy, when it has been obtained.

*[No Further Text on This Page.]*

This Amendment is entered into as of the date set forth above.

Very truly yours,

**NINETY-FIVE MADISON COMPANY, L.P.**

By: **SHARAN SKLAR MANAGEMENT LLC**

By: _Eloy Layh as designe for_
Sharan Sklar, its Manager

By: **MICHAEL SKLAR MANAGEMENT LLC**

By: _[signature]_  9/18/23
Michael Sklar, its Manager   sole member

Agreed and confirmed.

**BRANTON REALTY SERVICES LLC**

By: _Warren M. Heller_

4877-8038-0495, v. 37

_Warren M. Heller_

T.T.7
WHH

**SIGNATURE PAGE FOR AMENDMENT OF LISTING AGREEMENT FOR SALE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

In re:

NINETY-FIVE MADISON COMPANY, L.P.,

               Debtor.

———————————————————————

) Chapter 11
)
) Case No. 21-10529 (DSJ)
)
)
)
)

**DECLARATION OF WOODY HELLER IN SUPPORT OF APPLICATION OF
DEBTOR NINETY-FIVE MADISON COMPANY, L.P. FOR AN ORDER AMENDING
THE ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE
RETENTION AND EMPLOYMENT OF BRANTON REALTY SERVICES LLC AS
<u>REAL ESTATE BROKER AND SALES AGENT</u>**

I, Woody Heller, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure,

hereby declare that the following is true and correct to the best of my knowledge, information, and

belief:

1.       I am the founder of Branton Realty Services LLC ("BRS").

2.       This declaration (the "Declaration") is submitted in connection with the application

(the "Supplemental Application")[1] of Ninety-Five Madison Company, L.P. (the "Debtor"), the

debtor and debtor in possession in this Chapter 11 case (the "Chapter 11 Case"), for an order

pursuant to Sections 327(a) and 328(a) amending the order authorizing the retention and

employment of BRS as real estate broker and sales agent, and to provide disclosures required under

Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-

1.

3.       Unless otherwise stated, I have personal knowledge of the facts hereinafter set

forth, and all matters set forth in this Declaration are based on my personal knowledge, my review

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Application.

of relevant documents, information supplied to me or my views. If I were called to testify, I would testify competently to the facts discussed herein.

4.      To the extent that any information disclosed herein requires subsequent amendment or modification upon BRS's completion of further analysis or as additional relevant information becomes available to it, one or more supplemental declarations will be submitted to the Court reflecting the same.

## PROPOSED INDEMNIFICATION AMENDMENTS[2]

5.      Since its retention, I know that BRS has diligently worked to market the Property, analyze offers and proposals from potential Buyers, and offer recommendations to the Debtor in connection with a possible Sale Transaction, among other tasks. I also know that recently, one of the Debtor's General Partners, controlled by Rita Sklar, has threatened to pursue litigation against BRS for following directions issued by the other two General Partners in connection with the Debtor's pursuit of a Sale Transaction. In response to the events, on April 18, 2023, the Debtor and BRS executed that certain *Amendment of Listing Agreement for Sale* (the "Engagement Agreement Amendment") which addresses various decision-making processes and amends the indemnification terms of the Initial Engagement Agreement.

6.      I understand that the proposed terms of the Engagement Agreement Amendment clarify that BRS may rely upon, and proceed in accordance with, any approval, direction, instruction or other communication it receives from any two of the three General Partners (an "Instruction") concerning the performance of BRS's duties. They also clarify that BRS is not required to comply with and may disregard any directions that were not approved as outlined above

---

[2]    The following is not intended to be a complete recitation of the terms and conditions of the Engagement Agreement Amendment and is provided only for summary purposes.

(an "<u>Inconsistent Communication</u>").  I understand the purpose of this amendment is to align the decision-making structure of the General Partners as it relates to a Sale Transaction with the decision-making structure memorialized in the Debtor's Partnership Agreement.

7.     I also understand the Debtor seeks to amend the terms of the indemnification provisions of the Initial Engagement Agreement (such amendments, the "<u>Indemnity Amendments</u>").  The Indemnity Amendments provide that the Debtor will indemnify and hold harmless BRS from and against all claims that may be made by or on behalf of any General Partner (or its representative) against BRS arising from (i) BRS's actions that substantially comply with any Instruction or the Initial Engagement Agreement; (ii) BRS's failure to comply with any Inconsistent Communication; or (iii) any dispute to which BRS is made a party between or among any of the General Partners (or its representative) (collectively, an "<u>Indemnified Claim</u>").  Moreover, (a) any Indemnified Claim will constitute an administrative expense claim in the Chapter 11 Case, and (b) the Court will retain exclusive jurisdiction to hear any Indemnified Claim even after the conclusion of the Chapter 11 Case.

8.     I understand the Indemnity Amendments also contemplate that in the event of any Indemnified Claim, the Debtor will cause legal counsel reasonably satisfactory to BRS to defend BRS or, in the event of a conflict of interest, BRS will engage its own legal counsel at the Debtor's reasonable expense.  BRS, however, is free to engage its own counsel at any time at BRS's own expense.

9.     I know these proposed terms would amend Section 10 of the Initial Engagement Agreement, titled "Indemnification," which provides, *inter alia*, that the Debtor has agreed to indemnify and hold BRS harmless from and against all claims, and all actual out-of-pocket costs of defense against such claims (including reasonable attorneys' fees and disbursements), suffered

or incurred by BRS which may arise out of or relate to any of the Property Conditions (as defined in the Initial Engagement Agreement).

10.     I understand that nothing in the Indemnity Amendments would alter or modify the indemnification terms set forth in the Initial Retention Order.  This includes the requirements that all indemnification requests by BRS require Court approval and are subject to the Fee Guidelines, and that BRS will not be indemnified if any losses, claims, damages, liabilities or expenses are finally judicially determined to have resulted from BRS's gross negligence, bad faith, or willful misconduct.

### BRS'S CONTINUED ELIGIBILITY AND DISINTERESTEDNESS

11.     As stated in the Initial Heller Declaration, I previously informed the Debtor that BRS had undertaken to determine whether it has any conflicts or other relationships across its business that might cause it to be ineligible for employment by the Debtor in this case.  Based on a conflicts search conducted by BRS of all BRS entities and operations, to the best of my knowledge, information and belief, BRS represents no interest adverse to the Debtor or to its estate in the matters for which BRS is proposed to be retained.

12.     In addition to the foregoing, through diligent inquiry, I ascertained that BRS is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that BRS, to the best of its knowledge: (i) is not a creditor, equity security holder or insider of the Debtor; (ii) is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and (iii) does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any reason.

13.     Based upon the above, I believe that BRS is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Further, pursuant to Bankruptcy Rule 2014, to the best of my knowledge BRS has no connections with the debtor, its creditors, any other party in interest or their respective attorneys and accountants.  If BRS discovers additional information that requires disclosure, BRS will file a supplemental disclosure statement with the Court.

14.     Neither I nor any of the BRS's professionals who may provide services for the Debtor is related to any Judge of this Court, the United States Trustee assigned to this Chapter 11 Case, or any person employed in the office of the United States Trustee.

15.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


Dated: May 1, 2023


By: */s/ Woody Heller*
     Woody Heller
     Founder, Branton Realty Services LLC