**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NINETY-FIVE MADISON COMPANY, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-10529 (DSJ) |

# DECLARATION OF MICHAEL SKLAR IN SUPPORT OF DEBTOR'S AMENDED COMBINED CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

I, Michael Sklar, hereby declare under penalty of perjury:

1. I am a General Partner of Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor-in-possession in the above captioned Chapter 11 case (the "Chapter 11 Case").

2. I submit this declaration (the "Declaration") in support of the Debtor's *Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement for Debtor Ninety-Five Madison Company, L.P.*, dated December 15, 2023 (as amended or modified in accordance with its terms, the "Combined Plan and Disclosure Statement" or "Plan").[1]

3. I have been actively involved in the Debtor's Chapter 11 Case since its commencement on March 22, 2021. I have assisted the Debtor during the restructuring process, including by providing oversight and assistance with respect to, among other things, the negotiation and development of the Plan.

4. I am familiar with the Debtor's overall day-to-day operations, business and financial affairs, and books and records. I am over the age of 18, competent to testify, and authorized to submit this Declaration on behalf of the Debtor in support of confirmation of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Plan.

5. Except as otherwise indicated herein, all statements set forth in this Declaration are based on my personal knowledge of the Debtor's operations and finances, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtor's management and the Debtor's advisors. If called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

I. **THE PLAN SATISFIES THE PLAN CONFIRMATION REQUIREMENTS UNDER SECTION 1129 OF THE BANKRUPTCY CODE.**

6. I have reviewed and am generally familiar with the terms and provisions of the Combined Plan and Disclosure Statement. With the Debtor's legal advisors, I was personally involved with the development and negotiation of the Plan. The Plan is the result of extensive, good faith, arm's-length negotiations among the Debtor and key stakeholders. For the reasons detailed below and with the assistance of the Debtor's legal advisors, I believe the Plan satisfies all applicable provisions of Section 1129 of the Bankruptcy Code for confirmation of a plan of reorganization.

    A. **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(1).**

7. I understand that Section 1129(a)(1) of the Bankruptcy Code requires a Chapter 11 plan to comply with all applicable provisions of the Bankruptcy Code. As explained below, I believe that the Plan complies with the requirements of the Bankruptcy Code.

        i. <u>The Plan Satisfies the Requirements of 11 U.S.C. § 1122</u>.

8. It is my understanding that Section 1122 of the Bankruptcy Code requires that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interest of such class" provided that there is a "rational basis" to do so. I understand that "substantially similar" does not require similar claims be grouped

together but merely that the class be homogenous.

9. The Debtor exercised its reasonable business judgment in creating the classification scheme under the Plan, and I believe there are valid business, legal, and factual reasons that justify the separate classification of the particular Claims and Interests into the Classes created under the Plan. The Plan provides for separate classification of Claims and Interests based on differences in the legal nature and/or priority of such Claims and Interests. Article III of the Plan designates the following Classes of Claims and Interests as follows:

| Class | Designation | Impairment | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Secured Claims | Unimpaired | Deemed to Accept |
| 3 | General Unsecured Claims | Unimpaired | Deemed to Accept |
| 4 | Equity Interests in Debtor | Unimpaired | Deemed to Accept |

10. I believe the classification structure of the Plan to be rational, as each class contains only Claims or Interests that are substantially similar to one another and have the same or similar rights against the Debtor.

    ii.  <u>The Plan Satisfies the Requirements of 11 U.S.C. § 1123(a)</u>.

11. *Designation of Classes of Claims and Interests – 11 U.S.C. § 1123(a)(1)*. Article III of the Plan designates four Classes of Claims and Interests. I am advised and believe, therefore, that the Plan complies with Section 1123(a)(1) of the Bankruptcy Code.

12. *Specification of Unimpaired Classes – 11 U.S.C. § 1123(a)(2)*. The Plan specifies that all Classes of Claims and Interests are Unimpaired under the Plan. I am advised and believe, therefore, that the Plan satisfies Section 1123(a)(2) of the Bankruptcy Code.

13. *Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)*. No Classes of Claims or Interests are impaired under the Plan. I am advised and believe, therefore, that having

no applicability to the Plan, the requirements of Section 1123(a)(3) of the Bankruptcy Code have been met.

14. *No Discrimination – 11 U.S.C. § 1123(a)(4)*. It is my understanding that Section 1123(a)(4) of the Bankruptcy Code requires that a plan provide the same treatment for each claim or interest within a particular class, unless such holder of a particular claim or interest agrees to less favorable treatment. Article III of the Plan provides that all Holders of Allowed Claims or Interests will receive the same rights and treatment as other Holders of Allowed Claims or Interests within such holders' respective class. Accordingly, I believe that the Plan satisfies each of the requirements pursuant to Section 1123(a)(4) of the Bankruptcy Code.

15. *Means for Implementation – 11 U.S.C. § 1123(a)(5)*. I believe that the Plan provides for adequate means for implementation of the Plan, including, without limitation: (i) funding of distributions under the Plan, (ii) the continued corporate existence of the Debtor and the vesting of assets in the Reorganized Debtor, and (iii) the Court to retain jurisdiction over certain matters related to the Plan and the Chapter 11 Case.

16. *Issuance of Non-Voting Securities – 11 U.S.C. § 1123(a)(6)*. The Plan does not provide for the issuance of any nonvoting equity securities, and I have been advised that Section 1123(a)(6) is not applicable.

17. *Provisions Regarding Officers and Directors – 11 U.S.C. § 1123(a)(7)*. I understand that Section 1123(a)(7) of the Bankruptcy Code requires that a Chapter 11 plan contain only provisions related to selecting directors and officers that are consistent with the interests of creditors and equity holders and with public policy. Article IV.E of the Plan provides that the Debtor's General Partners will continue to serve as the Reorganized Debtor's General Partners after the Effective Date. I am advised and believe that this provision is inapplicable to the Chapter

11 Case as the Debtor is not selecting directors and officers as part of the Plan.

        iii.       <u>The Plan Satisfies the Requirements of 11 U.S.C. § 1123(b)</u>.

18.      *Unimpairment of Classes – 11 U.S.C. § 1123(b)(1)*. The Plan specifies that all Classes of Claims and Interests are Unimpaired under the Plan, and I am advised and believe that it is thereby consistent with Section 1123(b)(1) of the Bankruptcy Code.

19.      *Assumption and Rejection – 11 U.S.C. § 1123(b)(2)*. Article V of the Plan provides that all Unexpired Leases and Executory Contracts to which the Debtor is a party are assumed by the Reorganized Debtor as of the Effective Date, except for an Unexpired Lease or Executory Contract that (i) the Debtor has previously rejected in accordance with applicable provisions of the Bankruptcy Code, (ii) is specifically designated as an Executory Contract or Unexpired Lease to be rejected under the Plan, or (iii) is the subject of a separate rejection motion filed under Section 365 of the Bankruptcy Code before the Effective Date. The Debtor has not currently identified any Executory Contracts or Unexpired Leases to be assumed through the Plan upon the Effective Date.

20.      *Settlement, Releases, Exculpation, and Injunction – 11 U.S.C. § 1123(b)(3)*. Article IV.I of the Plan provides for the retention by the Reorganized Debtor of Causes of Action. I am advised and believe that these provisions are permitted by Section 1123(b)(3) of the Bankruptcy Code.

        a.       *Debtor Release.*

21.      Article VIII.C of the Plan (the "<u>Debtor Release</u>") provides for releases by the Debtor, the Reorganized Debtor, and the Estate of all claims and Causes of Action that they may have as of the Effective Date against the Released Parties. "Released Parties" is defined by the Plan to include: (a) the Debtor; (b) the Reorganized Debtor; and (c) the DIP Lender.

22. I believe the Debtor Release is an integral component of the plan process. I further believe that no constructive purpose would be served by preserving or seeking to prosecute any of the claims, Causes of Action, or liabilities against the Released Parties pursuant to the Debtor Release.

        b.    *Third-Party Releases.*

23. I understand that the Plan contains no releases against third parties.

        c.    *Exculpation Provisions.*

24. Article VIII.D of the Plan provides for the exculpation for the Exculpated Parties. "Exculpated Parties" is defined by the Plan to include: (a) the Debtor; (b) the Reorganized Debtor; and (c) with respect to each of the Entities in the foregoing clauses, each Entity's Related Parties. "Related Parties" is further defined by the Plan to include, and solely in their capacity as such: current and former directors, managers, officers, committee members, members of any governing body, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, brokers, representatives, and other professionals and advisors and any such Person's or Entity's respective heirs, executors, estates, and nominees.

25. The exculpation provision in the Plan serves an important function in protecting estate fiduciaries and parties with duties that have made substantial contributions to the Debtor's restructuring. Moreover, I am advised and I believe that the scope of the exculpation provision is appropriately limited to actions taken or failed to be taken in connection with the Chapter 11 Case.

I am further advised that the exculpation excepts actual fraud, gross negligence, or willful misconduct. For all of these reasons, I am advised and I believe that the exculpation provision is appropriate and should be approved.

   c.  *Injunction Provision*.

26.  Article VIII.E of the Plan provides that all Persons or Entities that have held, hold, or may hold Claims or Interests that have been released or discharged pursuant to the Plan and Section 1141(d) of the Bankruptcy Code are permanently enjoined, from and after the Effective Date, from taking certain actions against the Debtor, the Reorganized Debtor, the Exculpated Parties, or the Released Parties.

27.  I believe the injunction provision is necessary to implement the Debtor's reorganization, to give effect to the discharge of the Debtor pursuant to Section 1141 of the Bankruptcy Code, to preserve and enforce the Debtor Release and the exculpation provision, and is appropriately tailored to achieve these purposes. The injunction provision also is a key component of the ultimate reorganization, and I am advised it is similar to those previously approved by this Court. I believe the injunction provision should be approved.

28.  *Additional Provisions – 11 U.S.C. § 1123(b)(6)*. I am advised and believe that the provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1123(b)(6) of the Bankruptcy Code.

**B.**  **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(2).**

29.  Because all Classes of Claims and Interests are Unimpaired under the Plan, and therefore deemed to accept the Plan and not entitled to vote, I am advised and believe that the solicitation requirements of Sections 1125 and 1126 of the Bankruptcy Code do not apply to the Debtor. I am further advised and believe that the Debtor has complied with the disclosure

requirements of Section 1125(a) of the Code, and that it has therefore complied with the provisions of Section 1129(a)(2).

C. **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(3).**

30. I am advised and believe that the Debtor has met the good faith obligation imposed upon it under the Bankruptcy Code. The Plan has been proposed by the Debtor in good faith, with the legitimate and honest purpose of reorganizing the Debtor's ongoing business while leaving all Holders of Allowed Claims Unimpaired. Further, the Plan is proposed with the honest purpose of expeditiously making the distributions provided for in the Plan. Accordingly, I believe the Plan has been proposed in good faith and will achieve a result consistent with the objectives and purposes of the Bankruptcy Code. Finally, it is my understanding that the Plan complies with bankruptcy and applicable nonbankruptcy law.

D. **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(4).**

31. I understand that, in accordance with Section 1129(a)(4) of the Bankruptcy Code, all payments for professional services provided to the Debtor during the Chapter 11 Case that require Court approval will continue to be subject to such requirement through the Effective Date. Article II.C of the Plan includes procedures for the final allowance of Professional Fee Claims. The Plan further provides that the Court will retain jurisdiction to hear and determine all applications under Sections 330, 331, and 503(b) of the Bankruptcy Code for awards of compensation for services rendered and reimbursement of expenses incurred. I am advised and I believe, therefore, that the Plan complies with Section 1129(a)(4) of the Bankruptcy Code.

E. **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(5).**

33. Article IV.E of the Plan provides that the Debtor's General Partners will continue to serve as the Reorganized Debtor's General Partners after the Effective Date. While not

"directors or officers" of the Debtor as provided under Section 1129(a)(5) of the Bankruptcy Code, I believe that the retention of the Debtor's General Partners will allow the Reorganized Debtor to benefit from their familiarity with the Debtor's business and industry going forward in the current real estate climate and will also facilitate prompt distributions to creditors pursuant to the Plan. As such, I am advised and I believe that the preservation of the Debtor's current management post-confirmation is consistent with the interests of all the Debtor's stakeholders.

**F.      The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(6).**

34.     I am advised that Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Plan does not provide for any changes in any rates subject to such regulatory approval. Accordingly, I am advised and I believe that, having no applicability to the Plan, the requirements of Section 1129(a)(6) of the Bankruptcy Code have been met.

**G.      The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(7).**

35.     As the Plan provides that each Class of Claims or Interests is unimpaired, I am advised and believe that the best interests of creditors test of Section 1129(a)(7) of the Bankruptcy Code does not apply to any Classes. I am advised and believe that, having no applicability to the Plan, the requirements of Section 1129(a)(7) of the Bankruptcy Code have been met.

**H.      The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(8).**

36.      As stated above, no class of Claims or Interests is impaired under the Plan. I am advised and believe that, having no applicability to the Plan, the requirements of Section 1129(a)(8) of the Bankruptcy Code have been met.

**I.      The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(9).**

37.      I understand that Section 1129(a)(9) of the Bankruptcy Code requires the Plan to satisfy Administrative Claims, Priority Tax Claims, and Other Priority Claims in the Allowed

amount of such Claim, subject to the terms of such section, unless the Holder of a particular Claim agrees to different treatment with respect to such Claim.

38. Articles II and III of the Plan provide for the payment in Cash of Administrative Claims, Priority Tax Claims, and Other Priority Claims in accordance with Section 1129(a)(9) of the Bankruptcy Code. I believe that sufficient funds will be available under the Plan and via the DIP Facility for the Debtor to make these payments. Accordingly, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code.

### J. The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(10).

39. All Classes of Claims and Interests are unimpaired under the Plan and, thus, I am advised and believe that they are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, therefore, no Holders of any Claims or Interests are entitled to vote on the Plan. I am advised and believe that, having no applicability to the Plan, the requirements of Section 1129(a)(10) of the Bankruptcy Code have been met.

### K. The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(11).

40. I understand, based on discussions with the Debtor's legal advisors, that Section 1129(a)(11) of the Bankruptcy Code permits a plan to be confirmed if it is feasible, *i.e.*, it is not likely to be followed by liquidation or the need for further financial reorganization—and in the case of a liquidating plan—that the Debtor can timely perform all obligations described in such plan. I am confident that the Debtor can timely perform all obligations described in the Plan. I believe the Plan embodies a rational proposal for orderly distributions to Holders of Allowed Claims and the consummation of the Exit Facility. I further believe the liquidity provided by the DIP Facility is sufficient to make all payments required pursuant to the Plan, and that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization.

41. Accordingly, I believe the Plan provides for an achievable reorganization, which exceeds the requisite showing that the Plan will carry a reasonable likelihood of success, and as a result, I am advised and I believe that the Plan satisfies the feasibility requirements of Section 1129(a)(11).

**L.     The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(12).**

42. As required by the Bankruptcy Code, Article II.E of the Plan provides for the payment of all fees due and payable pursuant to 28 U.S.C. § 1930 by the Debtor prior to or as of the Effective Date.

**M.     11 U.S.C. §§ 1129(a)(13)-(16) Are Inapplicable.**

43. I am advised and I believe that Sections 1129(a)(13)-(16) are inapplicable as the Debtor (i) does not have retiree benefit obligations, (ii) has no domestic support obligations (Section 1129(a)(14)), (iii) is not an individual (Section 1129(a)(15)), and (iv) is a for-profit business (Section 1129(a)(16)).

## CONCLUSION

44. For the reasons set forth above, I respectfully submit that the Bankruptcy Court should confirm the Plan and grant the Debtor such other and further relief as is just and proper.

[*Signature Page Follows*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: December 17, 2023

*/s/ Michael Sklar*

Michael Sklar
