**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 21-10529 (DSJ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) |
| | ) |
| Debtor. | ) |
| | ) |

### ORDER APPROVING AND CONFIRMING DEBTOR'S AMENDED COMBINED CHAPTER 11 PLAN OF REORGANIZATION

**WHEREAS** the above-captioned debtor and debtor in possession, Ninety-Five Madison

Company, L.P., (the "<u>Debtor</u>")[1] has, among other things:

    a.   commenced the Chapter 11 case (the "<u>Chapter 11 Case</u>") by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") on March 22, 2021 (the "<u>Petition Date</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>");

    b.   continued to operate and manage its property as debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code;

    c.   filed, on September 12, 2021, the *Chapter 11 Plan of Reorganization for Debtor Ninety-Five Madison Company, L.P.* [Docket No. 79];

    d.   filed, on October 26, 2022, the *Debtor's Motion for Entry of Order (I) Authorizing Debtor to Obtain Postpetition Debtor-In-Possession Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket. No. 187];

    e.   entered into, on December 12, 2022, the *Secured, Super-Priority Debtor-in-Possession Loan and Security Agreement* [Docket No. 197, Exhibit 1]; and

    f.   filed, on September 27, 2023, the *Combined Chapter 11 Plan and Disclosure Statement of Debtor Ninety-Five Madison Company, L.P.* [Docket No.274] (as amended or modified, the "<u>Plan</u>"), a copy of which is attached hereto as **Exhibit A**.

---

[1]   Capitalized terms used in this Confirmation Order but not otherwise defined herein shall have the same meanings ascribed to such terms in the Plan (as defined herein).

**WHEREAS** this Court has, among other things:

    a. entered, on December 14, 2022, the *Order (I) Authorizing the Debtor to Obtain Postpetition Debtor-in-Possession Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 197];

    a. reviewed the Plan, the Debtor's Confirmation brief, the Confirmation declaration of Michael Sklar, and all pleadings, exhibits, statements, responses, and comments regarding Confirmation, including all objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Case; and

    b. held, on December 19, 2023, a hearing (the "Confirmation Hearing") on the *Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement for Debtor Ninety-Five Madison Company, L.P.* [Dkt. No. 294], at which time the Court indicated that it would confirm the Plan as set forth herein.

**NOW, THEREFORE,** the Court having found that notice of the Plan and the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation has been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and that the legal and factual bases set forth in the documents filed in support of Confirmation and all evidence proffered or adduced by counsel at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following Findings of Fact and Conclusions of Law and hereby orders as follows:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.**     **Findings and Conclusions**

    1.     The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, or vice versa, they are adopted as such.

2.     The term **"*Outside Date*"** now means June 30, 2024, provided that such date may be further extended to no later than December 31, 2024, by order of the Court, for good cause shown in an application presented by a party in interest, and after notice and an opportunity for any affected party to object.

**B.     Jurisdiction, Venue, and Core Proceeding**

3.     The Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction to enter a final order determining that the Plan, including the Restructuring Transaction contemplated in connection therewith, complies with the applicable provisions of the Bankruptcy Code and should be confirmed and approved. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**C.     Eligibility for Relief**

4.     The Debtor is an entity eligible for relief under Section 109 of the Bankruptcy Code.

**D.     Chapter 11 Provisions**

5.     On March 22, 2021, the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has continued to operate and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No committee of unsecured creditors under Section 1102 of the Bankruptcy Code was appointed in this case by the United States Trustee for the Southern District of New York.

**E.     Judicial Notice**

6.     The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and the evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case. Any

resolutions of any objections explained on the record at the Confirmation Hearing are incorporated herein by reference.

**F.      Good Faith – 11 U.S.C. § 1125(e)**

7.      The Plan has been proposed in good faith and not by any means forbidden by law. In so finding, the Court has considered the totality of the circumstances of this Chapter 11 Case. The Plan is the result of extensive, good faith, arm's length negotiations between the Debtor and its principal constituencies.  The Plan Transactions are proposed in good faith, are in the best interests of the estate, and maximize value for all stakeholders.

**G.      Modifications to the Plan**

8.      To the extent this Confirmation Order contains modifications to the Plan, such modifications were made to address objections and informal comments received from various parties-in-interest.  The disclosure of any Plan modifications prior to or on the record at the Confirmation Hearing constitutes due and sufficient notice of any and all Plan modifications.  The Plan as modified shall constitute the Plan submitted for Confirmation.

**H.      Objections**

9.      To the extent that any objections (whether formal or informal), reservations of rights, statements, or joinders to any of the foregoing relating, in each case, to Confirmation have not been resolved, withdrawn, waived, or settled prior to entry of this Confirmation Order, or otherwise resolved herein or as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits based on the record before this Court.

**I.      Burden of Proof**

10.      The Debtor, as the proponent of the Plan, has satisfied its burden of proving by a preponderance of the evidence that the Plan satisfied the requirements of Section 1129(a) and (b)

of the Bankruptcy Code.  In addition, to the extent applicable, the Plan is confirmable under the clear and convincing evidentiary standard.

**J.      Bankruptcy Rule 3016**

11.     The Plan is dated and identifies the Debtor as the Plan proponent, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement section of the Combined Plan and Disclosure Statement satisfied Bankruptcy Rule 3016(b) to the extent applicable by law.  The release, injunction, and exculpation provisions of the Plan are set forth in bold therein, thereby complying with Bankruptcy Rule 3016(c).

**K.      Adequacy of Disclosure Statement.**

12.     To the extent required by applicable law, the Disclosure Statement section of the Combined Plan and Disclosure Statement (a) contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable non-bankruptcy rules, laws, and regulations and (b) contains "adequate information" (as such term is defined in Section 1125(a) of the Bankruptcy Code and used in Section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Plan, and the transactions contemplated thereunder.

**L.      Plan Compliance with the Bankruptcy Code – 11 U.S.C. § 1129(a)(1).**

13.      The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

**a.      Proper Classification – 11 U.S.C. §§ 1122(a), 1123(a)(1).**

14.     As required by Section 1123(a)(1) of the Bankruptcy Code, in addition to the Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates the four (4) Classes of Claims of Interests.  As required by Section 1122(a) of the Bankruptcy Code, the Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as applicable, in each such Class.  Valid factual and legal reasons exist for separately

classifying the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate between Holders of Claims and Interests. Accordingly, the Plan satisfies Sections of 1122(a) and 1123(a)(1) of the Bankruptcy Code.

**b.      Specific Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**

15.      Article III of the Plan specifies that Classes 1 through 4 are unimpaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code.

**c.      Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**

16.      Article III of the Plan does not designate any classes as Impaired under the Bankruptcy Code.

**d.      No Discrimination – 11 U.S.C. § 1123(a)(4)**

17.      The Plan provides for the same treatment of each Claim in each respective Class unless the holder of a particular Claim has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

**e.      Adequate Means for Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**

18.       The Plan and the various documents and agreements referred to therein provide an adequate and proper means for the Plan's implementation thereby satisfying Section 1123(a)(5).

**f.      Non-Voting Equity Securities – 11 U.S.C. § 1123(a)(6)**

19.      The Plan does not provide for the charter provisions described in Section 1123(a)(6) of the Bankruptcy Code, and thus Section 1123(a)(6) is not applicable.

**g.      Selection of Officers, Directors, or Trustees – 11 U.S.C. §§ 1123(a)(7)**

20.      No officers and directors will be selected under the Plan.  Accordingly, the Plan is not required to contain provisions for the selection of officers, directors, or trustees in accordance with Sections 1123(a)(7) of the Bankruptcy Code.

**h.     Post-Petition Person Service Payments – 11 U.S.C. § 1123(a)(8)**

21.     The Debtor is not an "individual" as that term is defined in the Bankruptcy Code. Accordingly, Section 1123(a)(8) of the Bankruptcy Code is inapplicable to the Plan.

**M.     Discretionary Contents of the Plan – 11 U.S.C. § 1123(b)**

22.     The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code. Thus, the Plan complies with Section 1123(b) of the Bankruptcy Code.

**a.     Impairment/Unimpairment of Classes of Claims and Equity Interests – 11 U.S.C. § 1123(b)(1)**

23.     As contemplated by Section 1123(b)(1) of the Bankruptcy Code, all classes of Claims and Interests are unimpaired and presumed to accept the Plan.  Accordingly, Section 1123(b)(1) is inapplicable to the Plan.

**b.     Assumption and Rejection of Executory Contracts – 11 U.S.C. § 1123(b)(2)**

24.     Article V of the Plan, governing the treatment of Executory Contracts and Unexpired Leases, satisfies the requirements of Section 365(b) of the Bankruptcy Code and, accordingly, the requirements of Section 1123(b)(2) of the Bankruptcy Code.

**c.     Settlement of Claims and Causes of Action – 11 U.S.C. § 1123(b)(3)**

25.     <u>Jurisdiction</u>.  The Court has jurisdiction under Sections 1334(a) and (b) of title 28 of the United States Code to approve the compromises, settlements, exculpations, and injunctions set forth in Article VIII of the Plan.  Sections 105(a) and 1123(b) of the Bankruptcy Code permit the issuance of the injunctions and approval of the exculpations and releases set forth in Article VIII of the Plan.  Such compromises and settlements are the product of extensive arm's-length, good faith negotiations and are fair, equitable, and reasonable and in the best interests of the Debtor and the Estate.

26.     Release.  Article VIII.C of the Plan describes certain releases granted by the Debtor, the Reorganized Debtor, and the Estate.  Such releases are a necessary, integrated, and integral element of the Plan, and are fair, reasonable, and in the best interests of the Debtor, the Reorganized Debtor, and the Estate.

27.     Exculpation.  The exculpation provisions set forth in Section VIII.D of the Plan were proposed in good faith and are essential to the Plan.  The record in the Chapter 11 Case and at the Confirmation Hearing fully supports the exculpation provisions, and such provisions are appropriately tailored to protect the Exculpated Parties from inappropriate litigation while excluding actions determined by Final Order to have constituted actual fraud, gross negligence, or willful misconduct.

28.     Injunction.  The injunction provisions set forth herein and in Section VIII.E of the Plan are (a) essential to the Plan, (b) necessary to preserve and enforce the provisions and consummate the implementation of the Plan, and (c) are appropriately tailored to achieve those purposes.

29.     Preservation of Causes of Action.  The Plan provides for the preservation by the Debtor of certain Causes of Action in accordance with Section 1123(b) of the Bankruptcy Code. In accordance with Section 1123(b) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce all rights to commence and pursue, any and all retained Causes of Action.  The provisions regarding the retained Causes of Action in the Plan are appropriate and in the best interests of the Debtor.

**d.     Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**

30.     The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1123(b)(6) of the Bankruptcy Code.

The failure to specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

**N.      Debtor's Compliance with the Bankruptcy Code – 11 U.S.C. § 1129(a)(2)**

31.      The Debtor, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code thereby satisfying Section 1129(a)(2) of the Bankruptcy Code, which requires compliance with Sections 1125 and 1126 of the Bankruptcy Code.  Section 1125 of the Bankruptcy Code provides that acceptances or rejections of a plan may not be solicited until a disclosure statement is approved by the court, and that the same disclosure statement must be transmitted to each holder of a claim or interest in a particular class.  Section 1126 of the Bankruptcy Code provides that only holders of allowed claims and equity interests in impaired classes that will receive or retain property under a plan on account of such claims or equity interests may vote to accept or reject a plan.  The Debtor did not and will not solicit votes from all Holders of Claims and Interests, specifically, Claims in Class 1, Class 2, Class 3, and Class 4, which are Unimpaired, and conclusively presumed to have accepted the Plan.  Accordingly, the Debtor, as plan proponent, has complied with the disclosure and solicitation requirements of Sections 1125 and 1126 of the Bankruptcy Code.

**O.      Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)**

32.      The Debtor has proposed the Plan and all other agreements, documents, and instruments necessary to effectuate the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the Plan itself, the formulation of the Plan, the process leading to Confirmation, and the transactions to be implemented pursuant thereto.  The Debtor's good faith is evident from the facts and record of the Chapter 11 Case, the Disclosure Statement section of

the Plan, and the record of the Confirmation Hearing. The Plan and other agreements and documents contemplated thereby are based upon extensive, arm's length, good faith negotiations between and among the Debtor and other stakeholders of the Debtor's estate. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's estate and to enable a distribution to the Debtor's administrative and general unsecured creditors.

**P.      Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4)**

33.      Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

**Q.      Directors, Officers, and Insiders – 11 U.S.C. § 1129 (b)(5).**

34.      No officers and directors will be selected under the Plan. Accordingly, the Plan is not required to contain provisions for the selection of officers, directors, or trustees in accordance with Sections 1123(a)(7) and 1129(a)(5) of the Bankruptcy Code.

**R.      No Rate Changes – 11 U.S.C. § 1129(a)(6).**

35.      There are no rates applicable to the Debtor's business or otherwise over which any regulatory commission or other governmental authority has, or will have, jurisdiction over confirmation of the Plan, whose approval of such rates is required under Section 1129(a)(6) of the Bankruptcy Code. Thus, Section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Case.

**S.      Best Interests of Creditors – 11 U.S.C. § 1129(a)(7).**

36.      All holders of Claims and Interest in each class stand to be paid in full under the Plan, and will not receive less than if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code, nor will any holder receive less than the value of such holder's interest in the estate's

property that secures such claims.  Accordingly, the Plan satisfies the "best interests of creditors" test under Section 1129(a)(7) of the Bankruptcy Code to the extent applicable.

**T.**    **Acceptance by Certain Classes – 11 U.S.C. § 1129(a)(8)**

37.    All of the Classes are composed of Unimpaired Claims and Interests and presumed to accept the Plan on behalf thereof.  Classes 1 (Other Priority Claims), 2 (Secured Claims), 3 (General Unsecured Claims), and 4 (Equity Interests in Debtor) are unimpaired under the Plan and are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code. Accordingly, Section 1129(a)(8) has been satisfied.

**U.**    **Treatment of Administrative Expense Claims, Priority Tax Claims, Other Priority Claims and Other Secured Claims – 11 U.S.C. § 1129(a)(9)**

38.    Pursuant to Articles II.A and II.D of the Plan, each Holder of an Allowed Administrative Expense Claim or an Allowed Priority Tax Claim shall be paid the full unpaid amount of such Allowed Administrative Expense Claim or Allowed Priority Tax Claim in Cash on the Effective Date or as soon thereafter as is reasonably practicable or, if not then due, when such Allowed Administrative Expense Claim or Allowed Priority Tax Claim is due or as soon thereafter as is reasonably practicable.  The Plan's treatment of Allowed Administrative Expense Claims and Allowed Priority Tax Claims satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

**V.**    **Acceptance by Impaired Classes – 11 U.S.C. § 1129 (a)(10).**

39.    There are no impaired classes under the Plan and accordingly Section 1129(a)(10) is inapplicable.

**W.**    **Feasibility – 11 U.S.C. § 1129(a)(11)**

40.    The Plan is feasible and provides adequate and appropriate means for its implementation and an orderly reorganization of the Debtor's estate.  The Plan satisfies the

standard of feasibility under Section 1129(a)(11). The evidence that was proffered or adduced at or prior to the Confirmation Hearing establish that the Debtor will be able to make all required payments to creditors under the Plan through the DIP Facility and the consummation of the Exit Facility. Such evidence is persuasive and credible, based on reasonable assumptions, and has not been controverted by other evidence. Accordingly, the Plan satisfies the requirements of Section 1129(a)(11) of the Bankruptcy Code.

## X.      Payment of Statutory Fees – 11 U.S.C.§ 1129(a)(12)

41.      The Debtor shall pay, in full in cash, any fees due and owing to the U.S. Trustee as of the Effective Date. Thereafter, the Debtor or the Reorganized Debtor, as applicable, shall pay all U.S. Trustee fees due and owing under Section 1930 of the Judicial Code in the ordinary course until the earliest of the last of the Chapter 11 Case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.

## Y.      Non-Applicability of Certain Sections – 11 U.S.C. §§ 1129(a)(13), (14), (15), and (16)

42.      The Debtor does not have any liability to pay "retiree benefits" as that term is defined under Section 1114(a) of the Bankruptcy Code, does not owe domestic support obligations, is not an individual, and is not a moneyed, business, or commercial corporation or trust. Thus, Sections 1129(a)(13), 1129(a)(14), 1129(a)(15) and 1129(a)(16) of the Bankruptcy Code are inapplicable to the Plan.

## Z.      Compliance with Remaining Bankruptcy Code Provisions – 11 U.S.C. §§ 1129(b), 1129(c), 1129(d), and 1129(e)

43.      Section 1129(b) is not applicable because there are no impaired Classes under the Plan.

44.      Section 1129(c) of the Bankruptcy Code, which prohibits confirmation of multiple plans, is not implicated because there is only one proposed plan.

45.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 and there has been no filing by any governmental unit asserting any such attempted avoidance. Thus, the Plan satisfies section 1129(d) of the Bankruptcy Code.

46.     This Chapter 11 Case is not a "small business case" (as that term is defined in the Bankruptcy Code), and accordingly, Section 1129(e) of the Bankruptcy Code is inapplicable to the Plan.

**AA.     Satisfaction of Confirmation Requirements**

47.      Based upon the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan and the Debtor, as applicable, satisfy all the requirements for Confirmation set forth in Section 1129 of the Bankruptcy Code.

**BB.     Waiver of Stay**

48.     Sufficient cause has been shown to waive any stay to the immediate effectiveness of this Confirmation Order.

**CC.     Retention of Jurisdiction**

49.     The Court may, and upon the Effective Date, shall, retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case, including the matters set forth in Article XI of the Plan and Section 1142 of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     **Disclosure Statement Approved.** The Disclosure Statement section of the Combined Plan and Disclosure Statement is approved in all respects to the extent required under applicable law.

2.     **Confirmation.** The Plan attached hereto as **<u>Exhibit A</u>** and each of its provisions are hereby approved and **CONFIRMED** in their entirety pursuant to Section 1129 of the

Bankruptcy Code **except to the extent otherwise specified in this Order or in the Court's oral ruling confirming the Plan**. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. The Debtor is authorized to implement and consummate the Plan, including taking all actions necessary, advisable, or appropriate to effectuate the Plan and the Restructuring Transaction, without further authorization or action by any person or body except as may be expressly required by the Plan or this Confirmation Order. The terms of the Plan and all other relevant and necessary documents shall be effective and binding as of the Effective Date on all parties-in-interest. Any amendments or modifications to the Pan described or set forth in this Confirmation Order are hereby approved without further order of the Court. **[DSJ 12/21/2023]**

3. **Objections.** All objections to Confirmation of the Plan and other responses, comments, statements, or reservation of rights, if any, in opposition to the Plan that have not been withdrawn, waived, or otherwise resolved by the Debtor prior to entry of this Confirmation Order are overruled on the merits, unless otherwise indicated herein. All withdrawn objections, if any, are deemed withdrawn with prejudice.

4. **Omission of Reference to Particular Plan Provisions.** The failure to specifically describe, include, or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or

provision, it being the intent of the Court that the Plan is confirmed in its entirety, except as expressly modified herein, and all are incorporated herein by this reference.

5. **Deemed Acceptance of the Plan as Modified.** In accordance with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who are conclusively presumed to have accepted the Plan are deemed to accept the Plan, subject to modifications, if any.

6. **Plan Classification Controlling.** The terms of the Plan shall solely govern the classification of Claims and Interests for the purposes of the distributions to be made thereunder.

7. **Confirmation Hearing Notice.** Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.

8. **No Action Required.** No action of the directors, equity holders, managers, partners, or members of the Debtor or Reorganized Debtor is required to authorize the Debtor or Reorganized Debtor to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan, or any contract, assignment, certificate, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

9. **Binding Effect.** On the date of and after entry of this Confirmation Order, in accordance with Section 1141(a) of the Bankruptcy Code and subject to the occurrence of the Effective Date and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or otherwise, the terms of the Plan and this Confirmation Order shall be immediately effective (and/or adopted, where applicable) and enforceable and deemed binding upon the Debtor, Reorganized Debtor, and any and all Holders of Claims or Interests and such Holder's respective successors and assigns. All Claims

and debts shall be fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any Holder of a Claim or debt has voted on the Plan. Pursuant to Section 1141(d) of the Bankruptcy Code, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as to all Claims and Interests as of the Effective Date. The Plan constitutes legal, valid, binding, and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms. Pursuant to Section 1142(a) of the Bankruptcy Code, the Plan and any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

10.     **Effectiveness of All Actions.** All actions contemplated by the Plan, including all actions pursuant to, and in accordance with the Plan, are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the Debtor or Reorganized Debtor.

11.     **Plan Implementation.** On, or, unless specifically provided otherwise herein or the Plan, prior to the Effective Date, or as soon thereafter as is reasonably practicable, the Debtor, in accordance with Article IV of the Plan, may take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan including (a) the Plan Transactions, (b) the Exit Facility Documents, (c) the execution and delivery of appropriate agreements or other documents containing terms that are consistent with or reasonably necessary to implement the terms of the Plan and that satisfy the requirements of applicable law; (d) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any property, right, liability, duty, or obligation on terms consistent with the terms of the Plan; and (e) all other actions that the Debtor determines are necessary or appropriate and that are not inconsistent with the Plan.

Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan including, entry into any contracts, instruments, releases, agreements, and documents necessary to implement, effectuate, and consummate the Plan shall be effective prior to, on, or after the Effective Date pursuant to this Confirmation Order, without further notice, application to, or order of this Court, or further action by the Debtor or Reorganized Debtor.

To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the Debtor, this Confirmation Order shall, pursuant to the applicable provisions of the Bankruptcy Code, constitute such consent or approval, and such actions are deemed to have been taken by action of the Debtor.

All such transactions effected by the Debtor during the pendency of this Chapter 11 Case from the Petition Date through the Confirmation Date (or as otherwise contemplated by this Confirmation Order) are approved and ratified, subject to the satisfaction of any applicable terms and conditions to effectiveness of such transactions and the occurrence of the Effective Date.

12. **Exemption from Transfer Taxes and Recording Fees.**  To the fullest extent permitted by Section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax, document recording tax, conveyance fee, intangibles, or similar tax, mortgage tax, real estate transfer tax, personal property transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment in the United States, or any state or political subdivision thereof.  The appropriate federal, state, or local governmental officials or agents are directed to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

13.    **Post-Confirmation Reporting.** After the Effective Date, the Reorganized Debtor shall have no obligation to file with the Court or serve on any parties reports that the Debtor was obligated to file under the Bankruptcy Code or a Court order, including monthly operating reports; provided, however, that the Reorganized Debtor will comply with the U.S. Trustee's quarterly reporting requirements. Through the Effective Date, the Debtor will file such reports as are required under the Local Rules.

14.    **Conflicts between the Confirmation Order and the Plan.** To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and provisions contained in this Confirmation Order shall govern.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

15.    **Final Order.** This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

16.    **Reversal**.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the Effective Date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and any amendments or modifications thereto.

17. **Retention of Jurisdiction**. To the fullest extent permitted by applicable law, and notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Court shall retain exclusive jurisdiction over all matters arising in, arising out of, or related to, the Chapter 11 Case and the Plan pursuant to Sections 105(a) and 1142 of the Bankruptcy Code.

18. **Integration of Plan and Confirmation Order Provisions**. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are integrated with each other and are mutually nonseverable and mutually dependent.

19. **Nonseverability of Plan Provisions Upon Confirmation**. Each provision of the Plan is: (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified without the Debtor's consent; and (c) nonseverable and mutually dependent.

20. **Governmental Agencies**. Nothing in the Plan or this Confirmation Order is intended to affect the police or regulatory activities of governmental agencies.

21. **Failure to Consummate Plan**. The Plan shall not become effective unless and until the conditions set forth in the Plan have been satisfied or waived pursuant to the terms of the Plan. If the Effective Date does not occur, then the Plan will be null and void in all respects and nothing contained in the Plan shall (a) constitute a waiver or release of any Claims against or Interests in the Debtor, (b) prejudice in any manner the rights of the Debtor, any Holder, or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking by the Debtor, any Holder, or any other Entity in any respect.

22. **Confirmation Order Supersedes**. This Confirmation Order shall supersede any Court orders issued prior to the Confirmation Date that are inconsistent with this Confirmation Order.

23. **Governmental Approvals Not Required**. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state, federal, or other governmental authority with respect to the implementation or consummation of the Plan, any certifications, documents, instruments, or agreements (including, without limitation, the Liquidation Trust Agreement), and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan.

24. **Releases**. Except as may otherwise be expressly provided in the Plan, the Debtor Release provisions set forth in Article VIII of the Plan are approved as follows:

> **Pursuant to Section 1123(b) of the Bankruptcy Code, for good and valuable consideration, as of the Effective Date, each of the Released Parties is unconditionally, irrevocably, generally, individually, and collectively, released, acquitted, and discharged by the Debtor, the Reorganized Debtor, and the Estate from any and all Causes of Action, including any derivative Causes of Action asserted or assertable by or on behalf of the Debtor, the Reorganized Debtor, or the Estate, any Causes of Action that the Debtor, the Reorganized Debtor, or the Estate would have been legally entitled to assert in its own right or on behalf of the Holder of any Claim against or Interest in the Debtor or other Entity, whether known or unknown, foreseen or unforeseen, asserted or unasserted, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise that the Debtor, the Reorganized Debtor, or the Estate (whether individually or collectively) ever had, now has, or thereafter can, shall, or may have, based on or relating to, or in any manner arising from, in whole or in part: (1) the Debtor, the Debtor's in-or-out-of-court restructuring efforts, any intercompany transactions, the Chapter 11 Case, the DIP Facility, or the Plan; (2) any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the DIP Facility or the Plan; (3) the business or contractual arrangements between the Debtor and any Released Party, whether before or during the Debtor's restructuring, or the restructuring of Claims and Interests before or during the Chapter 11 Case; (4) the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is affected by or classified in the Plan; or (5) the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of the occurrence of the Effective Date, the administration and implementation of the Plan, the pursuit of a Sale Transaction, or the distribution of property under the Plan or any other related agreement.**

> **Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not release: (1) to the extent that any Causes of Action**

against the Debtor are not released or discharged pursuant to the Plan, any rights of the Debtor and the Reorganized Debtor to assert any and all counterclaims, crossclaims, offsets, indemnities, claims for contribution, defenses, and similar claims or other Causes of Action in response to such Causes of Action; provided that such counterclaims, crossclaims, offsets, indemnities, claims for contribution, defenses, and similar claims or other Causes of Action may not be asserted against any Related Party of the Debtor or the Reorganized Debtor to the extent such claims have been released or discharged pursuant to the Plan, (2) any commercial Cause of Action arising in the ordinary course of business, such as accounts receivable and accounts payable on account of goods and services being performed, (3) any Cause of Action against a Holder of a Disputed Claim, to the extent such Cause of Action is necessary for the administration and resolution of such Claim solely in accordance with the Plan, (4) any Cause of Action against a Released Party unknown as of the Effective Date arising out of actual fraud, gross negligence, or willful misconduct of such Released Party, (5) any claims or Causes of Action against RAS Property Management, LLC or Rita Sklar arising before the Petition Date, or (6) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or other document, instrument, or agreement executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) essential to the Confirmation of the Plan; (2) an exercise of the Debtor's business judgment; (3) in exchange for the good and valuable consideration and substantial contributions provided by the Released Parties; (4) a good faith settlement and compromise of the Causes of Action released by the Debtor Release; (5) in the best interests of the Debtor and all Holders of Claims and Interests; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to the Debtor, the Reorganized Debtor, and the Estate from asserting any Cause of Action released pursuant to the Debtor Release.

25. **Exculpation**. Except as may otherwise be expressly provided in the Plan, the exculpation set forth in Article VIII of the Plan is authorized and approved as follows:

Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur any liability to any Person or Entity for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action arising from the Petition Date to the Effective Date related to any act or omission in connection with, relating to, or arising out of, the Debtor's restructuring efforts, the Chapter 11 Case, the filing of the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Plan, the DIP Facility, any Sale Transaction, any

Restructuring Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the funding of the Plan, the occurrence of the Effective Date, the pursuit of Confirmation, the pursuit of the Effective Date, the pursuit of a Sale Transaction, the administration and implementation of the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined by a Final Order to have constituted actual fraud, gross negligence, or willful misconduct; provided, that the foregoing shall not be deemed to release, affect, or limit any post-Effective Date rights or obligations of the Exculpated Parties under the Plan, any Restructuring Transaction, any Sale Transaction, or other document, instrument, or agreement executed to implement the Plan.

The Exculpated Parties have, and upon the Effective Date shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the distributions made pursuant to the Plan.

For the avoidance of doubt, nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to Rule 1.8(h) of the New York Rules Professional Conduct (22 N.Y.C.R.R. § 1200) or affect any criminal enforcement action.

"Exculpated Parties" means, collectively, and in each case in its capacity as such: (a) the Debtor; and (b) the Debtor's Related Parties to the extent such Related Parties are Estate fiduciaries under applicable law.

26.     **Injunction**. Except as may otherwise be expressly provided in the Plan, the injunction in Article VIII of the Plan is authorized and approved.

27.     **Automatic Stay**. Unless otherwise provided in the Plan, all injunctions or stays provided for in the Chapter 11 Case under Sections 105 and 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunction set forth in Article VIII of the Plan and/or Sections 524 and 1141 of the Bankruptcy Code. Upon the Effective Date, the injunction provided in Article VIII of the Plan shall apply.

28.     **Plan Classifications Controlling**. The classification of Claims and Interests for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan.

29. **Findings of Fact and Conclusions of Law**. The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

30. **Discharge of the Debtor**. Except as otherwise expressly provided in the Plan or this Confirmation Order, the discharge set forth in Article VIII of the Plan is approved.

31. **Continued Corporate Existence and Vesting of Assets in Reorganized Debtor**. Except as otherwise provided in the Plan, the Debtor will continue to exist after the Effective Date with all the powers under applicable law pursuant to the Debtor's organizational documents in effect prior to the Effective Date. In accordance with the terms of the Plan, and except as otherwise explicitly provided in the Plan, on the Effective Date, all property comprising the Debtor's estate shall revest in the Reorganized Debtor.

32. **Assumed Contracts and Leases**. Except as otherwise set forth in the Plan or this Confirmation Order, each Executory Contract and Unexpired Lease shall be deemed automatically assumed in accordance with the provisions and requirements of Sections 365 and 1123 of the Bankruptcy Code as of the Effective Date without further notice or order of this Court.

33. **Substantial Consummation**. Substantial consummation of the Plan under Section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

Dated: New York, New York
        December 21, 2023                          *s/ David S. Jones*
                                          _____
                                          HONORABLE DAVID S. JONES
                                          UNITED STATES BANKRUPTCY JUDGE