**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) Case No. 21-10529 (DSJ) |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER PURSUANT TO SECTIONS 105, 363, 365 AND 1146 OF THE
BANKRUPTCY CODE AND RULES 2002, 6004, 6006 AND 9014 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ENTRY OF AN
ORDER (I) APPROVING THE SALE OF THE PROPERTY FREE AND CLEAR
OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS (EXCEPT
PERMITTED ENCUMBRANCES), (II) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
<u>LEASES RELATED THERETO, AND (III) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>") of Ninety-Five Madison Company, L.P. (the "<u>Debtor</u>"),

the debtor in the above-captioned Chapter 11 case, for entry of an order (this "<u>Order</u>") pursuant to

Sections 105, 363, 365 and 1146 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

(the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), Rules 6004-1 and 6006-1 of the Local Rules of the United

States Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>"), and the

Amended Guidelines for the Conduct of Asset Sales, General Order M-383 of the Court (the "<u>Sale</u>

<u>Guidelines</u>"):

(i)       approving the sale (the "<u>Sale</u>") of the assets (as more specifically set forth in
Section 2 of the Agreement (as defined below), the "<u>Property</u>") of the Debtor to
Madison 29 Holding LLC (the "<u>Purchaser</u>") pursuant to that certain Purchase and
Sale Agreement, dated as of February 23, 2024 (attached to the Motion as **Exhibit
B** thereto, and as amended from time to time, including all schedules and exhibits,
the "<u>Agreement</u>" or "<u>PSA</u>"),[1] free and clear of all liens, claims, encumbrances and

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion or the
Agreement, as applicable. For the avoidance of doubt, the Revised Terms (as defined and set forth in Section III of
the Order) are deemed part of and expressly incorporated into the Agreement.

interests ("<u>Claims and Interests</u>") to the fullest extent permitted by law and except where the Debtor has agreed to transfer, and the Purchaser has expressly agreed to permit or assume, certain encumbrances of the Debtor (as set forth and defined in the Agreement, the "<u>Permitted Encumbrances</u>");

(ii)     authorizing the assumption and assignment to the Purchaser of the Sidewalk Shed Contract and the transferable permits and licenses relating to the Property; and

(iii)     granting certain related relief;

and this Court having considered the relief requested in the Motion, the Declaration of Michael Sklar in Support of the Motion, and the evidence submitted and arguments made at the hearing held on April 18, 2024 (the "<u>Hearing</u>"); and the Hearing having been held and concluded; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved or overruled by the Court; and it appearing that approval of the relief requested in the Motion is fair and reasonable and in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and consideration, and good and sufficient cause appearing therefor **for reasons stated by the Court in an oral ruling made during the hearing on the Motion which is incorporated herein, [DSJ 5/2/2024]**

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

## I.     Jurisdiction, Final Order, and Statutory Predicates.

A.     The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

B.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.     The legal predicates for the relief requested in the Motion are Sections 105, 363, 365 and 1146 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9014, Local Bankruptcy Rules 6004-1 and 6006-1, and the Sale Guidelines.

**II. Notice.**

D.     As demonstrated at the Hearing and as evidenced by the certificates of service filed with the Court [Docket Nos. 328 and 348], the Debtor has provided proper, timely, adequate and reasonable notice of and sufficient opportunity to object to the Motion, the Sale, the Agreement, and the relief to be granted in this Order.

E.     No further or other notice beyond that described in the foregoing paragraph is or shall be required in connection with the relief provided in this Order.

**III. Incorporated Terms in the Agreement.**

F.     The Debtor and the Purchaser agree that the Agreement should be revised to incorporate the following terms (collectively, the "Revised Terms"):

(1)     The purchase price to be paid by Purchaser to Seller for the Property is Sixty-Five Million Dollars ($65,000,000.00) by wire transfer in immediately available funds less the Initial Deposit and all credits and apportionments set forth in the Agreement (the "Increased Purchase Price").

(2)     The Scheduled Closing Date provided in Section 18 of the Agreement shall not be extended by the Debtor.

(3)     If Seller defaults in the performance of any of its obligations under the Agreement, the Purchaser will provide the Seller with reasonable notice of any such default(s) and reasonable opportunity to cure any such defaults (the "Cure Period"); provided, however, that if (a)  Seller notifies the Purchaser before the expiration of the Cure Period that Seller, despite the exercise of its best efforts to cure any such default(s) within such Cure Period, requires a reasonable extension of the Cure Period, and (b) the

Purchaser does not agree with Seller's request for such extension, then before the Purchaser may exercise its remedies under the Agreement, including, without limitation, "Liquidated Damages" (as defined in Section III (F) (5) below) and specific performance (as set forth in Section III (F) (4) below), the Purchaser shall file a motion with the Court on an expedited basis for the Court to determine the length of the Cure Period and any related relief and Seller shall not object to filing of such a motion on an expedited basis (it being understood and agreed that Seller preserves all objections it may have to the substance of the motion filed, or the reasonableness of the Purchaser offered Cure Period).

(4)    In the event Seller has not cured a default by Seller in the performance of its obligations before the expiration of the Cure Period, Purchaser shall be entitled to specific performance of the terms of any obligations of the Seller under the Agreement if the Purchaser is ready, willing, and able to consummate the transactions necessary for the Closing, and Purchaser shall also be entitled to reimbursement for, and Seller shall pay, all of Purchaser's reasonable legal fees, court costs and other reasonable costs actually incurred by Purchaser in the pursuit of its remedies ("Purchaser's Fees"). Any order granting specific performance shall include an award of Purchaser's Fees.

(5)    Notwithstanding anything to the contrary contained herein, if the Closing does not occur based on any willful and intentional acts or omissions of Seller (as determined by non-appealable order of a court of competent

jurisdiction), then, and in addition to Purchaser's other remedies under the Agreement, including, without limitation, specific performance as set forth in Section III (F)(4) above, the Seller shall be obligated to pay damages to the Purchaser in an amount that is equal to five percent (5.00%) of the Increased Purchase Price (the "<u>Liquidated Damages</u>") before any further distributions of any kind are paid by the Debtor.

(6) If any motion, pleading, or related document is filed in a court of competent jurisdiction that seeks to enjoin, restrain, make illegal, or otherwise prohibit the consummation of the Sale, the Seller shall take commercially reasonable actions to defend against such filing; *provided* that the filing of any such motion, pleading, or related document does not give rise, in and of itself, to the payment of Liquidated Damages to Purchaser by Seller.

(7) The Seller agrees not to initiate contact with, solicit or encourage submission of any inquiries, proposals or offers by, respond to any unsolicited inquiries, proposals or offers submitted by, and enter into any discussions or negotiations regarding any of the foregoing with, any Person regarding a sale of the Property. There shall be no fiduciary out or any other bases for the Debtor not to proceed with the Closing.

(8)     Section 19 of the Agreement shall be amended by adding as notice parties

for Purchaser:

Wachtel Missry LLP                  Wachtel Missry LLP
One Dag Hammarskjold Plaza          One Dag Hammarskjold Plaza
885 Second Avenue                   885 Second Avenue
New York, NY 10017                  New York, NY 10017
Attn: Morris Missry, Esq.           Attn: Steven J. Cohen, Esq.
missry@wmllp.com                    cohen@wmllp.com

(9) To the extent that there is any conflict or inconsistency between the terms and

conditions set forth in the Agreement and those set forth in the Revised Terms,

the terms and conditions set forth in the Revised Terms shall govern and prevail.

## IV.    Business Justification.

G.      For purposes of this Order, "General Partners" means (i) RAS Property

Management, LLC; (ii) Sharan Sklar Management LLC; and (iii) Michael Sklar Management,

LLC.

H.      The Debtor has demonstrated a good, sufficient, and sound business purpose and

justification for entering into the Agreement, which provides for the private Sale of the Property

to the Purchaser, does not contain a break-up fee, and contains an exculpation provision.

I.      The Sale will result in a substantial benefit to the Debtor, its estate, its creditors,

and other parties in interest.  The Sale will generate sufficient funds to meet the needs of the

Debtor, its estate, and the Debtor's creditors.

J.      The Debtor has fully explored potential dispositions of the Property.

K.      The Debtor has adequately marketed the Property.  The Debtor has engaged in such

a robust and lengthy marketing process that a public auction is not necessary.

L.      The Agreement is a reasonable exercise of the Debtor's business judgment.

M. The Increased Purchase Price constitutes the highest and best offer and provides fair and reasonable consideration.

## V. Good Faith.

N. The Purchaser's conduct did not involve fraud, collusion, or an attempt to control the Increased Purchase Price or take unfair advantage of other bidders.

O. The Agreement has been proposed, negotiated, and entered into by the Debtor and Purchaser without collusion, in good faith, and from arms'-length bargaining positions. The Purchaser is purchasing the Property in good faith and for fair and reasonable consideration, and the Purchaser is a good-faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.

P. The Purchaser is therefore entitled to the full rights, benefits, privileges, and protections afforded under Section 363(m) of the Bankruptcy Code and any other applicable or similar bankruptcy and nonbankruptcy law.

Q. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the transaction to be avoided under Section 363(n) of the Bankruptcy Code.

## VI. Sale Free and Clear of Claims and Interests.

R. The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full with respect to each Claim and Interest in the Property.

S. The conditions of Section 363(f)(3) of the Bankruptcy Code have been satisfied because the value of the anticipated proceeds from the Sale will be sufficient to satisfy all Allowed Claims in full.

T. The Debtor may sell the Property free and clear of all Claims and Interests, except for Permitted Encumbrances.

**VII.    Requirements of Section 365 of the Bankruptcy Code.**

U.    The assumption and assignment of the Sidewalk Shed Contract and the transferable permits and licenses, if any, relating to the Property is an exercise of the Debtor's sound business judgment and is a necessary element of the Sale.

V.    The requirements of Section 365 of the Bankruptcy Code have been met with respect to the assumption and assignment of the Sidewalk Shed Contract and the transferable permits and licenses, if any, relating to the Property.

**VIII.   Taxes.**

W.    The Sale is integral to the implementation of the Plan and falls within the scope of the exemption provided under Section 1146(a) of the Bankruptcy Code.

**BASED UPON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    Approval of the Agreement.**

1.    The Agreement, any amendments, supplements, and modifications thereto (including, for the avoidance of doubt, the Revised Terms set forth in this Order), and all of the terms and conditions thereof, is hereby approved.

2.    The Debtor is hereby authorized and empowered to take any and all actions necessary or appropriate to (a) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of its obligations as contemplated by the Agreement; (b) consummate the Sale as contemplated in the Agreement and this Order; (c) take all further actions as may reasonably be requested by the Purchaser for the purpose of transferring the Property.

**II.    Transfer of the Purchased Property.**

3.    Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code, the Debtor shall transfer the Property to the Purchaser in accordance with the terms of the Agreement; such transfer

shall constitute a legal, valid, binding, and effective transfer of such Property; and the Purchaser shall take title to and possession of such Property free and clear of all Claims and Interests (except for Permitted Encumbrances).

## III. Assumption and Assignment.

4. Pursuant to Section 365 of the Bankruptcy Code, the Debtor is hereby authorized and directed to assume and assign to Purchaser all of Debtor's right, title, and interest in, and Purchaser is authorized to assume Debtor's obligations accruing under the Sidewalk Shed Contract and the transferable permits and licenses, if any, relating to the Property.

## IV. Good Faith of Purchaser.

5. The Purchaser is hereby granted the full rights, benefits, privileges, and protections of Section 363(m) of the Bankruptcy Code.

6. The Sale contemplated by the Agreement and this Order is undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not alter, affect, limit, or otherwise impair the validity of the Sale, unless such authorization and consummation of the Sale are duly stayed pending such appeal.

7. The Sale may not be avoided and no damages may be awarded pursuant to Section 363(n) of the Bankruptcy Code.

## V. Other Provisions.

8. <u>Sale Free and Clear.</u> Pursuant to Section 363(f) of the Bankruptcy Code, the Property shall be transferred to the Purchaser free and clear of any and all Claims and Interests, except for Permitted Encumbrances.

9.      Proceeds.  The Debtor is hereby authorized to use the proceeds from the Sale to satisfy all Allowed Claims and to repay the Exit Facility.

10.      Taxes.  The Sale shall be exempt from stamp taxes or similar taxes under Section 1146(a) under the Bankruptcy Code.

11.      Waiver of Stay.  For cause shown, pursuant to Bankruptcy Rules 6004(h) and 6006(d), this Order shall be stayed for seven (7) days after the entry hereof, and the fourteen-day stays imposed by Bankruptcy Rules 6004(h) and 6006(d) are hereby expressly modified. Accordingly, the Debtor and the Purchaser are authorized and empowered to close the Sale seven (7) days following entry of this Order.

12.      Exculpation.  No General Partner as an estate fiduciary shall incur any liability to any Person or Entity (including but not limited to any creditor, limited partner, or General Partner) for any act taken or omitted to be taken in connection with, arising out of, or relating to formulating, negotiating, preparing, closing, or consummating the Sale or the Agreement, or any contract, instrument, release, agreement or document created or entered into in connection with the Sale or the Agreement; *provided, however,* that the foregoing exculpation shall have no effect on the liability of any Person or Entity that results from any such act or omission that is determined in a final order to have constituted fraud, gross negligence, or willful misconduct.  For purposes of the exculpation in this Paragraph 12, the term (i) "Person" has the meaning set forth in Section 101(41) of the Bankruptcy Code; and (ii) the term "Entity" has the meaning set forth in Section 101(15) of the Bankruptcy Code.

13.      Omission of Provision.   The failure to include or specifically reference any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness

of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

14.  Order Governs.  In the event of any inconsistency between the provisions of this Order (including, for the avoidance of doubt, the Revised Terms set forth in this Order) and the terms of the Agreement, the provisions of this Order shall govern.

15.  Retention of Jurisdiction.  The Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the interpretation, performance, and enforcement of the terms and provisions of the Agreement and this Order.

SO ORDERED THIS 2ND DAY OF MAY, 2024

_____*s/ David S. Jones*_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE