# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 21-10529 (DSJ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) <br> ) |
| Debtor. | ) <br> ) |

**ORDER AMENDING THE ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BRANTON REALTY SERVICES LLC AS REAL ESTATE BROKER AND SALES AGENT**

Upon consideration of the supplemental application (the "Supplemental Application")[1] of Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor in possession in this Chapter 11 case (the "Chapter 11 Case"), pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for entry of an order (this "Order") amending the *Order Pursuant to 11 U.S.C §§ 327(a) and 328(a) Authorizing the Retention and Employment of Branton Realty Services LLC as Real Estate Broker and Sales Agent* Nunc Pro Tunc *to August 18, 2022* [Dkt. No. 181] (the "Initial Retention Order") as memorialized in that certain *Amendment of Listing Agreement for Sale* (the "Engagement Agreement Amendment"), attached as **Exhibit 1** to this Order; and upon the Declaration of Woody Heller (the "Supplemental Heller Declaration"), which was filed with the Court as **Exhibit B** to the Supplemental Application; and the Court having reviewed the Supplemental Application and the Supplemental Heller Declaration; and the Court being satisfied, based on the representations made in the Supplemental Application and in the Supplemental Heller Declaration, that (i) BRS does not hold or represent any interest adverse to the Debtor's estate, and (ii) BRS is a "disinterested

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Supplemental Application.

person" as that phrase is defined in Section 101(14) of the Bankruptcy Code; and the *Objection to Application of Debtor Ninety-Five Madison Company, L. P. for an Order Amending the Order Pursuant to 11 U.S.C §§ 327(a) and 328(a) Authorizing the Retention and Employment of Branton Realty Services LLC as Real Estate Broker and Sales Agent* [Docket No 239] (the "Objection"), having been interposed by RAS Property Management, LLC; and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having been provided, and it appearing that no other or further notice need be provided; and the Court having held a hearing on the Supplemental Application and the Objection on May 17, 2023 (the "Hearing"); and any other objections to the Supplemental Application having been overruled or resolved; and the Court having found and determined that the relief sought in the Supplemental Application is in the best interests of the Debtor's estate and all parties-in-interest and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

It is hereby ORDERED that:

1. For the reasons stated on the record at the Hearing, the Supplemental Application is granted to the extent set forth herein.

2. In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Supplemental Application is approved and the Initial Retention Order is hereby amended to include the Indemnity Amendments to the extent

stated on the record at the Hearing.

3.  All other terms and conditions of Initial Retention Order shall remain in full force and effect and remain unchanged as set forth in the Initial Retention Order, including for the avoidance of doubt the requirements provided in paragraphs 5 and 6 of the Initial Retention Order.

4.  Consistent with paragraphs 5 and 6 of the Initial Retention Order, any Indemnified Claim will constitute an administrative expense claim in the Chapter 11 Case, subject to allowance under applicable rules and Bankruptcy Code provisions.

5.  Paragraph 5 of the Engagement Agreement is hereby modified as follows:

a) "In the event of any Indemnified Claim, Owner shall cause counsel reasonably satisfactory to Branton to diligently defend Branton. Should Branton choose to retain Glenn Agre Bergman & Fuentes LLP ("Glenn Agre") to represent Branton to defend it in the event of any Indemnified Claim, Glenn Agre will file an application with the Court for approval of such retention pursuant to applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and General Orders applicable to Chapter 11 cases for the Southern District of New York. If a conflict of interest exists or arises between Owner and Branton, then Branton may engage its own counsel at Owner's reasonable expense, provided that such counsel charges rates comparable to those charged by Joshua Stein PLLC subject to customary annual adjustments. In that case, Owner shall pay Branton's reasonable legal fees as incurred provided that Owner has received reasonable backup documentation. This paragraph does not limit Branton's right to engage its own counsel at any time at Branton's expense."

6.	The Debtor and BRS are authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

7.	The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.	The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9.	In the event of a conflict between this Order and the Supplemental Application and/or Engagement Agreement Amendment, the terms of this Order shall govern.

Dated: New York, New York
       May 25, 2023

                                    *s/ David S. Jones*
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

BY EMAIL                                                              April 18, 2023

Branton Realty Services LLC
1080 Fifth Avenue, Apartment 2B
New York, NY 10128
Att'n: Mr. Warren Heller

<i>Amendment of Listing Agreement for Sale</i>

Dear Mr. Heller:

  Please refer to Listing Agreement for Sale (the "<u>Agreement</u>") between yourselves (together with anyone working with you in connection with the Agreement, "<u>Branton</u>") and Ninety-Five Madison Company, L.P. ("<u>Owner</u>"), as approved by the United States Bankruptcy Court, Southern District of New York (the "<u>Court</u>") by order dated August 31, 2022. You and we now clarify, amend, and supplement the Agreement as follows (the "<u>Amendment</u>"). Definitions in the Agreement apply in this Amendment.

  Branton may rely upon, and proceed in accordance with, any approval, direction, instruction, or other communication Branton receives from any two of the three General Partners (which term in this context also refers to Sharan, Michael, and Rita Sklar, each on behalf of the General Partner LLC that he or she owns) of Owner (the "<u>Instructions</u>") concerning Branton's performance of its duties under the Agreement. If any Instruction varies from the Agreement, Branton will: (i) promptly notify all General Partners by email, and Andrew Glenn, Esq.; and (ii) disregard that Instruction unless and until Branton receives written confirmation of the Instruction signed by two of the three General Partners.

  If any Representative or partner of Owner communicates with Branton to overrule or vary from any Instruction of the majority of the General Partners or the Agreement (an "<u>Inconsistent Communication</u>"), Branton will ignore and disregard any such Inconsistent Communication as if it had never occurred. Branton shall promptly so advise Owner in writing via an email to all General Partners and Andrew Glenn, Esq.

  Owner shall indemnify and hold harmless Branton from and against all claim(s) made by or on behalf of any General Partner, Representative, or Designee of Owner against Branton (an "<u>Indemnified Claim</u>") that arise(s) out of or relate(s) to any: (i) action by Branton that substantially complies with any Instruction or the Agreement; (ii) Branton's failure to comply with any Inconsistent Communication; or (iii) dispute to which Branton is made a party between or among any partner(s) or Representative(s) of Owner, including any dispute or disagreement on the authority or actions of any General Partner(s) or Representative(s), whether to proceed with any Transaction, or whether to proceed as the Agreement otherwise contemplates (a dispute described in this clause "iii," an "<u>Owner Dispute</u>").

  In the event of any Indemnified Claim, Owner shall cause counsel reasonably satisfactory to Branton to diligently defend Branton. Branton has approved Andrew Glenn, Esq. If a conflict of interest exists or arises between Owner and Branton, then Branton may engage its own counsel at Owner's reasonable expense, provided that such counsel charges rates comparable to

1

those charged by Joshua Stein PLLC subject to customary annual adjustments. In that case, Owner shall pay Branton's reasonable legal fees as incurred provided that Owner has received reasonable backup documentation. This paragraph does not limit Branton's right to engage its own counsel at any time at Branton's expense. If Branton is deposed or made a witness in any Owner Dispute, then Owner shall cause Owner's counsel as provided for above to defend Branton in that deposition or testimony.

Owner has approved Branton's marketing materials. The parties modify Agreement Section 11 to: (i) delete the names and contact details of attorneys to receive copies of notices; and (ii) add the names and contact details of these new parties for copies of notices:

- If to Owner, copies shall be sent to: (i) Andrew K. Glenn, Glenn Agre Bergman & Fuentes, LLP, 1185 Avenue of the Americas, New York, NY 10019, email: aglenn@glennagre.com; and (ii) Troy T. Taylor, Algon Group, troy@algongroup.com.

- If to Branton, copies shall be sent to: Joshua Stein PLLC, 110 West 57th Street, Fourth Floor, New York, NY 10019, Att'n: Joshua Stein, email: notices@joshuastein.com.

Notices to Owner and Branton themselves shall continue to be sent in accordance with Section 11 of the Agreement. The changes above update Section 11 only as it relates to the attorneys for the parties and an additional notice recipient for Owner.

Owner acknowledges that, subject to Branton's providing copies of all written bids or offers received to date (which Branton will provide to Owner's counsel upon execution and delivery of this Amendment by all parties): (i) to the best of Owner's knowledge, Branton has, to date, complied with its obligations under the Agreement; and (ii) Owner has no knowledge of the existence of any claims against Branton.

Owner acknowledges that Branton will provide no tax or tax planning advice for Owner or its partners or Representatives. They will all rely on other professionals for tax matters.

If only one General Partner (or any limited partner) of Owner purports to terminate the Agreement or Branton's engagement under the Agreement, then that termination shall be of no force or effect, and Branton may disregard and ignore it.

Except for Branton's express obligations in connection with (a) forwarding offers to Owner, (b) as the Agreement requires at expiration of the Term, or (c) as this Amendment expressly requires, Branton has no obligation to identify any potential Counterparties with whom Branton communicated.

Promptly after the Court has approved this Amendment as required below, Branton will provide to Andrew Glenn, Esq., the names of the following, in addition to (and without limiting) Branton's previous disclosure of offerors:

a) Entities that have toured the Property;

b) Entities that have signed confidentiality agreements; and

c) Entities that have accessed Branton's marketing website.

2

In connection with Branton's review of offers received, Branton has already reported to Owner the number and general type of entities that the Property has been marketed to.

When and as Branton receives written offers for the Property, Branton shall within two business days forward them only to Owner's counsel on behalf of Owner, and not directly to Owner. Forwarding of offers to Owner's counsel on behalf of Owner shall satisfy Branton's obligations under brokerage law regarding forwarding of all offers to Branton's client.

Pursuant to Agreement Section 16, Owner confirms that the Representatives have designated Troy T. Taylor of Algon Group ("Taylor") as Designee. Taylor shall also act as a Representative of Owner, replacing Sharan Sklar in that role. Sharan Sklar is no longer a Representative or the Designee. Owner and Sharan Sklar Management LLC: (i) have engaged Taylor with no involvement by Branton; and (ii) shall pay all sums due Taylor for his service as Designee, Representative, and adviser to Owner and the General Partners.

Going forward, Designee will schedule any conference calls for 5 p.m. every Monday (or 5 p.m. on Thursday if Branton requests). Calls shall not exceed one hour. Branton has no liability or responsibility if such scheduling is impractical or impossible or if any Representative(s) or General Partner(s) do not participate. Branton will have no responsibility to schedule conference calls.

Branton shall not meet or speak by telephone (including during calls set up pursuant to the previous paragraph) with just one Representative unless that Representative is either (a) Designee or (b) accompanied by one or more other Representative(s).

Agreement Section 17 (limitation on recourse) applies to this Amendment. The parties waive jury trial in any dispute about this Amendment, which may be executed in counterparts.

Wherever this Amendment requires or permits Branton to communicate by email with all General Partners, Branton shall address that email to all of these recipients: msklar@ninetyfivemadison.com; ssklar@ninetyfivemadison.com; ritasklar@gmail.com; troy@algongroup.com; and aglenn@glennagre.com. When Branton has sent that email, Branton shall: (i) be deemed to have adequately accomplished that communication; and (ii) have no obligation to assure that Branton's email message has actually been received by any intended recipient.

The Bankruptcy Court for the Southern District of New York presiding over Owner's Chapter 11 case shall have exclusive jurisdiction and shall be the only venue to adjudicate any Indemnified Claim or any other claim or dispute initiated by Owner or any partner, Representative(s), or Designee of Owner relating to the Agreement or any performance or nonperformance under the Agreement (an "Owner Claim"). No Owner Claim shall be brought in any court, state or federal, except the Court as this paragraph provides.

This Amendment will become effective only if and when (i) signed by two General Partners and (ii) approved by the Court (except for the updates of attorney names and contact information and the obligation of Sharan Sklar Management LLC to pay Taylor). Owner will promptly: (i) give Branton a copy of the draft application/order toward that end (which must be consistent with this Amendment and must provide that (a) any claims of Branton under the Agreement or this Amendment constitute administrative expense claims in Owner's bankruptcy and (b) the Court shall retain exclusive jurisdiction, even after conclusion of Owner's bankruptcy

3

proceeding, to hear Owner Claims relating to actions and omissions that occurred before the closing of the sale; and (ii) within seven days after the date of this Amendment, file that draft with the Court, provided that Branton approved it; (iii) diligently seek Court approval; and (iv) notify Branton, and give Branton a complete copy, when it has been obtained.

*[No Further Text on This Page.]*

4

This Amendment is entered into as of the date set forth above.

Very truly yours,

**NINETY-FIVE MADISON COMPANY, L.P.**

By: **SHARAN SKLAR MANAGEMENT LLC**

By: _____
    as designee for
    Sharan Sklar, its Manager

By: **MICHAEL SKLAR MANAGEMENT LLC**

By: _____ 9/18/23
    Michael Sklar, its Manager  sole member

Agreed and confirmed.

**BRANTON REALTY SERVICES LLC**

By: _____

4877-8038-0495, v. 37

Warren M. Heller

**SIGNATURE PAGE FOR AMENDMENT OF LISTING AGREEMENT FOR SALE**