UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

In re

NINETY-FIVE MADISON COMPANY, L.P.,

Debtor.

------------------------------------------x

Chapter 11

Case No. 21-10529 (DSJ)

## OBJECTION OF CREDITOR/EQUITY HOLDER
## THE ESTATE OF LOIS WEINSTEIN
## TO THE APPLICATION OF BRANTON REALTY SERVICE LLC
## FOR (i) PAYMENT OF REAL ESTATE BROKER AND SALES AGENT
## COMMISSIONS, (ii) REIMBUREMENT OF EXPENSES and (iii) RELATED RELIEF

Carol E. Keller and Gail Shields as preliminary Executors of the Estate of Lois Weinstein

(the "Weinstein Estate") by their undersigned counsel, pursuant to Section 11 U.S. Code § 330 of

the Bankruptcy Code, respectfully objects to the and respectfully requests that pursuant to

Bankruptcy Code § 330 (a)(2) that the Court only award expenses claimed.

In support of their objection, the undersigned respectfully states as follows:

1.      The Estate of Lois Weinstein is an equity holder in the Debtor possessing an

18.1513 percent interest in Ninety-Five Madison Company, LP ("Ninety-Five"), 18.1513% of

the fee estate to the building and land, located at 89-95 Madison Avenue, New York, NY

10016 (the "Building") and the holder of a contested claim for $4.5 Million for repayment of

funds converted by Rita Sklar and paid to Ninety-Five between 2013 and 2015. See Proof of

Claim filed September 10, 2021 Claim No. 9).

2. It appears that the fees requested are excessive in light of the standards set forth in Bankruptcy Code § 330 (a)(3).

3. Here, a broker, Two Bins Capital LLC ("Two Bins") has already been paid for brokerage services on the sale of 95 Madison Avenue.

4. Thus the alleged services are excessive and duplicative which is violative of Bankruptcy Code 330 Section (a) (4) (A) (i) disallowing for unnecessary duplication of services.

5. Here, the claims are also speculative. By its own admission, Branton's exclusive had already expired. Branton provided a list to Debtor of the potential buyers it had engaged and the ultimate buyer of the Property, Madison 29 LLC was not on this list.

6. Further, the exclusivity period for the post expiration "Branton Buyer" referred to in the Heller Declaration, had expired at the time that the Debtor agreed to the sale to Madison 29.

7. Thus under Bankruptcy Code § 330 (a) (4) (A) , the services rendered were duplicative and not necessary to the administration of the estate.

8. Under Bankruptcy Code § 330 (a)(3) (B) and (F), compensation is also barred because it violates the customary rules of the real estate brokerage industry which deny commissions where the broker's exclusive expired and the purchaser was not introduced to the seller within the exclusive period.

9. If anything, Branton may have a claim which may be the subject of a post - bankruptcy action or possibly an adversary proceeding, but as an administrative claim under Bankruptcy Code 330, it must be denied.

## CONCLUSION

WHEREFORE, creditor and equity holder Estate of Lois Weinstein respectfully requests

that the Court deny the instant fee application and grant such other and further relief as seems just

and proper.

Dated: June 24, 2024
       New York, New York

Respectfully submitted,

By:_____*Jeffrey A Barr*_____
Creditor, Estate of Lois Weinstein
Jeffrey A. Barr
211 Duke Ellington Blvd, Suite 7A
New York, NY 10025
(212) 227-1834