# AMINI LLC

**Jordan Reisch**
MEMBER NY BAR

212.497.8271
jreisch@aminillc.com

August 1, 2024

**BY EMAIL**

Honorable David S. Jones
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408
jones.chambers@nysb.uscourts.gov

Re:   In re: Ninety-Five Madison Company 21-bk-10529
      Request for Conference re: Contested Matter re: Branton Fee Application

Dear Judge Jones:

      We represent Branton Realty Services LLC ("Branton") in connection with its final fee application [Dkt. #362] and write to request an on the record discovery conference by Zoom.

      Branton's employment as real estate broker was approved by initial order [Dkt. #181] that was later amended [Dkt. #243]. Under the employment terms, Branton had the exclusive right to sell the debtor's property through December 31, 2023. The debtor was required to "refer to Branton all inquiries" regarding the property, and any negotiations were to be "conducted by or through Branton (subject to direction and input from Owner)." The application states the debtor had discussions with Madison 29 Holdings LLC ("Madison 29") or its broker Two Bins Capital LLC during the exclusive period but failed to refer that inquiry to Branton as required; and Branton is therefore entitled to a transaction fee in relation to the sale to Madison 29 that was subsequently approved [Dkt. #361].

      Together with the filing of its fee application, Branton propounded discovery requests on the debtor; specifically, FRCP 34 requests for production and a FRCP 30(b)(6) deposition notice. The debtor did not object to the fee application; instead, a minority equity security holder did [Dkt. #365].

      In late June, debtor's counsel and Branton's prior counsel agreed on a discovery and briefing schedule under which discovery in this contested matter would conclude August 9th, the debtor's objection to the fee application would be due August 27 and Branton's reply would be due September 10, with the hearing to take place September 16 subject to the Court's availability. (June 27, 2024 email, enclosed as Exhibit 1.)

      On July 1st, the debtor served its requests for production on Branton; and Branton has made a production in response. Debtor has also produced documents in response to Branton's first request for production.

      Branton's new counsel requested an adjournment of the current hearing date because it will be in court in Connecticut from September 16-27 and is not able to attend the current hearing date of September 17. During a July 25 meet and confer, Debtor's counsel suggested a hearing the week of October 14, due to the fact that its clients were traveling for the Jewish holidays in early October.

      On July 26, 2024, Branton served a second set of requests for production and proposed to extend the discovery and briefing schedule, with the hearing to take place the week of October 14, subject to the Court's availability.

      Two days later, the debtor stated that it has "no obligation to agree to any hearing schedule" on the fee application and would not be producing documents in response to Branton's second set of requests because the debtor did not object to the fee application, stating that FRBP 9014's: "discovery requirements are not triggered until two parties actually oppose each other" and Branton is therefore not entitled to discovery "from a party in interest who has not yet presented an actual dispute." (July 29, 2024 email, enclosed as <u>Exhibit 2</u>.) This despite the fact that the fee application seeks to recover fees **from the debtor** and the debtor already agreed to a discovery schedule, produced discovery, and propounded its own discovery requests in this contested matter.

      The undersigned asked debtor's counsel to meet and confer regarding its position on Branton's discovery requests on three separate occasions on July 29, 30, and 31. On July 31, debtor's counsel informed us that it "see[s] no need to meet and confer."

      Given the fast approaching previously-agreed August 9 discovery cutoff in this contested matter, Branton requests a conference to: (1) fix a reasonable discovery and briefing schedule, and hearing date in mid-/late-October (other than on the Jewish holidays); and (2) resolve the above dispute, as to whether the debtor can avoid having to produce documents responsive to Branton's requests and avoid sitting for a Rule 30(b)(6) deposition, because it has not yet objected to the fee application.

Sincerely,

/s/ Jordan Reisch

Jordan Reisch

cc: Andrew K. Glenn
    Rich Ramirez
    Jeffrey A. Barr