

Andrew K. Glenn
aglenn@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.358.5600

August 8, 2024

**Via ECF**

The Honorable David S. Jones
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004

    Re:    <u>Response to Branton Realty Services LLC's Letter dated August 1, 2024</u>

Dear Judge Jones:

    We represent Ninety-Five Madison Company, L.P. ("<u>NFMC</u>"), the Post-Effective Date Debtor in the above-referenced Chapter 11 case. We write in response to the letter submitted by Branton Realty Services LLC ("<u>Branton</u>") [Dkt. No. 367] (the "<u>Letter</u>") in connection with its fee application [Dkt. No. 362] (the "<u>Fee Application</u>"). The Letter mischaracterizes key facts regarding this adversary proceeding that Branton erroneously and improperly filed as a fee application, as well as the present discovery dispute which forces NFMC to file its *Motion to Compel* contemporaneously herewith. *See* Dkt. No. 369 ("<u>Motion to Compel</u>").

    Concerning the procedural posture of Branton's adversary proceeding erroneously characterized as a fee application – on June 5, 2024, Branton initiated discovery against NFMC and several other parties prior to any party objecting to his Fee Application. After meeting and conferring by Zoom and email, Branton and NFMC agreed to a discovery schedule consistent with a September hearing date. Pursuant to that discovery schedule, on July 1, 2024, NFMC served its *First Request for the Production of Documents* ("<u>RFPs</u>") on Branton and, on July 12, completed its production of documents in response to Branton's discovery requests. Two and a half weeks after serving its RFPs, NFMC was informed that Branton had retained new counsel. Thus, in a good faith effort to accommodate Branton, NFMC agreed during a meet and confer to negotiate a new discovery schedule and hearing date to allow Branton's new counsel to get up to speed.

    In the Letter, Branton deceptively claims that it "has made a production in response" to NFMC's RFPs. In reality, Branton sent what it characterized as its complete production after the previously negotiated deadline and then unilaterally and categorically refused to produce documents that are responsive to the *majority* of NFMC's requests. Each of these requests goes directly to allegations made in the Branton Fee Application, all for which Branton will bear the burden of proof pursuant to Section 328 of the Bankruptcy Code.

    During a meet and confer on July 25, 2024, Branton confirmed its position to NFMC that its production was complete and that no other documents were forthcoming. In response, NFMC raised deficiencies by email regarding Branton's production, and explained that for obvious reasons it was illogical to agree to a new schedule without an agreement on the production of

necessary documents or a judicial determination on the dispute. NFMC also informed Branton that it would move to compel withheld documents if Branton's position remained unchanged.[1]

Branton never responded. Instead, Branton submitted the Letter to this Court *less than 24 hours later in a hasty attempt to forestall NFMC's pursuit of needed discovery*.

The Letter misrepresents NFMC's efforts to cooperate in this matter. Contrary to Branton's claims, NFMC has made multiple attempts to meet and confer.[2] During the last such attempt, for example, my co-counsel explained that he was "trying to confirm a time that works to meet and confer," noting that our "bankruptcy group is currently wrapping up a trial/out of state for another matter." *See* Exhibit 1. Rather than extending the professional courtesy of coordinating a mutually convenient time to meet and confer, Branton contended that it did "not exactly have the luxury of waiting" for an agreeable date and filed the Letter a day later. Branton's supposed impatience, however, does not square with its own demand to extend the parties' previously negotiated schedule.

Finally, at no point did NFMC ever take the position or represent that it can now suddenly "avoid having to produce documents responsive to Branton's requests and avoid sitting for a Rule 30(b)(6) deposition, because it has not yet objected to the fee application," as the Letter claims. Branton mischaracterizes the law and NFMC's efforts: NFMC in good faith agreed to a discovery schedule and produced responsive documents a month ago despite the nonexistence of a contested matter in this case. *See e.g.*, *Leavell v. Karnes*, 143 B.R. 212, 217 (S.D. Ill. 1990) ("Thus, a contested matter does not arise until there is an actual dispute—raised by an objection to an application for compensation. The application itself does not present an actual dispute.").

We are fully prepared to continue to comply with our discovery obligations and have only sought to ensure that Branton does the same. Subject to the Court's availability, NFMC will accordingly seek to schedule a hybrid hearing on its Motion to Compel and the setting of a trial schedule.

We are available to address this matter at the Court's convenience.

> Respectfully submitted,
>
> _____
>
> Andrew K. Glenn

---

[1] *See* **Exhibit 1**. Branton, for conspicuous reasons and despite quoting counsels' exchanges in its Letter, wholly omitted this correspondence as an exhibit.

[2] Counsel to NFMC has engaged in meet and confer and discovery discussions by Zoom or telephone call with Branton's counsel at least four (4) times since Branton initiated discovery in June. These sessions occurred on the following dates: June 18, July 3, July 19, and July 25. Moreover, Branton and NFMC were scheduled to specifically discuss NFMC's RFPs in a meet and confer on July 8, but Branton's counsel abruptly canceled the meeting the morning-of and without explanation.