# AMINI LLC

**Jordan Reisch**  
MEMBER NY BAR

212.497.8271  
jreisch@aminillc.com

August 19, 2024

**BY ECF**

Honorable David S. Jones  
U.S. Bankruptcy Court for the Southern District of New York  
One Bowling Green  
New York, NY 10004-1408  
jones.chambers@nysb.uscourts.gov

Re: In re: Ninety-Five Madison Company 21-bk-10529  
<u>Request for Conference re: Contested Matter re: Branton Fee Application</u>

Dear Judge Jones:

We represent Branton Realty Services LLC ("Branton") in connection with its final fee application [Dkt. #362]. On August 1, Branton requested that the Court hold a discovery conference pursuant to Local Rule 7007-1(b) and the Chambers Rule on discovery disputes. [Dkt. #367]. The debtor responded on August 8, both via letter and by filing a motion to compel ("Motion"). [Dkt. #369, 370]. On August 13, the Court asked the parties to file one or more letter requests consolidating the issues the parties wish to present.[1]

Branton now submits this letter to identify the issues it wishes to address at the discovery conference. Those issues are: (1) the debtor's refusal to produce documents that are responsive to its requests; (2) fixing of a reasonable discovery and briefing schedule and hearing date; and (3) the Motion the debtor made without a pre-motion conference.

I. <u>Background</u>

Branton's employment as real estate broker was approved by initial order [Dkt. #181] that was later amended [Dkt. #243]. Under the employment terms, Branton had the exclusive right to sell the debtor's property through December 31, 2023. The debtor was required to "refer to Branton all inquiries" regarding the property, and any negotiations were to be "conducted by or through Branton (subject to direction and input from Owner)." The application states the debtor had discussions with Madison 29 Holdings LLC ("Madison 29") or its broker, Emanuel Westfried of Two Bins Capital LLC ("Two Bins") during the exclusive period but failed to refer that inquiry to Branton as required; and Branton is therefore entitled to a transaction fee in relation to the sale to Madison 29 that was subsequently approved [Dkt. #361].

---

[1] Branton's counsel asked debtor's counsel if it wished to submit a single joint letter and Branton's counsel stated that it preferred to submit two separate letters.

II.  Branton's Requests for Production

Together with the filing of its fee application, Branton propounded discovery requests on the debtor.  These requests included a request for all documents and communications between the debtor (or its agents) and Two Bins between August 1, 2022 to February 2, 2024.  The debtor made a production on July 13, which was deficient in several respects.

First, the debtor's production indicates that a Zoom call took place between Mr. Westfried and representatives of the debtor, including Michael and Sharan Sklar (the "Zoom Call") on November 28, 2023, during Branton's exclusive. Branton has reason to believe that the debtor possesses either a recording of, or extensive notes regarding, the Zoom Call. When Branton's counsel asked debtor's counsel to produce such material, the debtor's counsel took the position that any recordings or notes of the Zoom Call are exempt from disclosure because they were prepared in anticipation of litigation.  This argument fails (see FRCP 26(b)(3)(A)), because such materials are clearly "otherwise discoverable under Rule 26(b)(1)" and Branton has a substantial need for these materials in this contested matter and cannot obtain the same by other means.  It is also unclear what litigation debtor could have been preparing for.  Second, debtor's counsel advised that it did not intend to produce any communications between debtor's counsel and Two Bins.  Such discovery—any recordings or notes of the Zoom Call and communications between debtor's counsel and Two Bins—should be directed without the need for a FRCP 37 motion.

On July 26, Branton served a second set of requests for production. The debtor took the position that it would not be producing documents in response because the debtor did not object to the fee application, stating that FRBP 9014's "discovery requirements are not triggered until two parties actually oppose each other" and Branton is therefore not entitled to discovery "from a party in interest who has not yet presented an actual dispute."  [Dkt. 367-2].  While debtor now appears to walk back that position [Dkt. #370 at 2], debtor's counsel has twice since refused to confirm that it would be making a production in response to Branton's second set of requests. Branton reserves all rights in regard to challenging debtor's response to Branton's second set of requests, which have yet to be served.

Branton separately sought discovery from Mr. Westfried via a July 22 subpoena served on August 3 and returnable on August 9.  On August 5, Branton's counsel spoke with Mr. Westfried, who agreed to provide all documents responsive to the subpoena, began providing information, and agreed and to sit for a deposition on August 13 or 14.  The very next day, Branton was informed that Mr. Westfried was now being represented by **debtor's counsel**,[2] instructed to cease all further communications with Mr. Westfried, and told that debtor's counsel would not have Mr. Westfried appear for the deposition he agreed to until after discovery is complete.  Since then, Branton has not received any response from Mr. Westfried despite the fact that the subpoena return date has passed.  Mr. Westfried should be directed to respond without the need for a FRCP 45(g) motion.

---

[2] Branton is troubled by the key witness' sudden representation by debtor's counsel just as he agreed to provide information and voluntarily appear for a deposition days later.  Debtor's counsel has refused to confirm whether debtor and/or its principals are paying Mr. Westfried's legal fees, so that Branton may consider any potential conflict Glenn Agre's joint representation of the debtor and Mr. Westfried presents. As debtor has no obligation to cover Mr. Westfried's legal fees, Branton is left to speculate whether debtor has decided to cover the key witness's legal fees because debtor believes having Mr. Westfried represented by debtor's counsel is to their strategic advantage.

III.     Scheduling

In late June, debtor's counsel and Branton's prior counsel agreed on a discovery and briefing schedule under which discovery in this contested matter would conclude August 9th, the debtor's objection to the fee application would be due August 27 and Branton's reply would be due September 10, with the hearing to take place September 16 subject to the Court's availability. A hearing was then scheduled for September 17. In July, Branton's current, substitute, counsel requested an adjournment of the current hearing date on account of a scheduling conflict (full day evidentiary hearings in a Connecticut state court action, from September 16-27). On July 26, Branton's counsel circulated a proposed extension of the existing discovery and briefing schedule. Debtor's counsel responded that it "is under no obligation to agree to any hearing schedule" because of perceived deficiencies with Branton's discovery (discussed below). Accordingly, Branton requests that the Court fix a reasonable case schedule.

IV.     Debtor's Motion to Compel

The Motion (Dkt. #369), is procedurally defective because it was made without a pretrial conference as required by Local Rule 7007-1(b) and the Chambers Rule on discovery disputes.

The Motion is also substantively deficient. The debtor's contention (Motion ¶9; see also *id.* ¶23) that the Fee Application "effectively seek[s] a declaratory judgment that Branton is entitled to a commission under the terms of the Listing Agreement because the Sale of the Property **is a result of Branton's marketing efforts**" (emphasis added)—is false. To the contrary, the Fee Application contends (at ¶¶32-36) Branton is entitled to its commission, regardless of whether the sale is the result of its efforts, because the debtor did not refer the inquiry made by the buyer Madison 29 and/or its broker Two Bins during the exclusive period as required by Branton's Court-approved listing agreement; and Branton is therefore entitled to the contracted-for commission in relation to the transaction approved by the sale order to Madison 29 (Dkt. #361).

The discovery that the debtor has moved to compel production of is not relevant to this issue. The requested discovery effectively seeks every communication Branton sent or received in relation to its year-and-a-half engagement with every prospective buyer.[3] Such discovery is neither relevant to any party's claim or defense, under FRE 401, nor proportional to the needs of the case. This discovery dispute is likewise properly determined without the need for motion practice.

Sincerely,

/s/ Jordan Reisch

Jordan Reisch

---

[3] For example, Request #5 seeks "[a]ll Documents and Communications related to and/or evidencing" the more than 140 tours that Branton conducted of the property with 110 other unrelated prospective buyers; Request #11 seeks every communication with these other unrelated prospective buyers; Requests #9 and #10 seek "all prior versions, notes, and drafts" of the List as well all documents "that were reviewed in preparing the List" despite the fact there is no dispute that the ultimate buyer Madison 29 was not on the List. One request even seeks all of Branton's communications **with the debtor**, which the debtor appears to be withdrawing, as it is not referenced in the Motion.