Richard C. Ramirez
rramirez@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1600

August 19, 2024

**Via ECF**

The Honorable David S. Jones
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004

> Re: *In re Ninety-Five Madison Company, L.P.*, Case No. 21-10529 (DSJ)
> Request for Discovery Conference

Dear Judge Jones:

We represent Ninety-Five Madison Company, L.P. ("NFMC"), the Post-Effective Date Debtor in the above-referenced Chapter 11 case.

As described herein, NFMC has filed a motion to compel production [Dkt. No. 369] (the "Motion to Compel") because Branton Realty Services LLC ("Branton") has refused to satisfy its discovery obligations with respect to crucial documents concerning the instant dispute over Branton's fee application [Dkt. No. 362] (the "Fee Application"). NFMC believes that once the Motion to Compel is resolved, the remaining case schedule can be set.

Accordingly, NFMC respectfully requests (i) the scheduling of a Local Rule 7007-1 discovery conference for the Motion to Compel on August 29, 2024 or as soon as practical thereafter; and (ii) at said conference, the determining of the remaining case schedule proposed herein.

## RELEVANT BACKGROUND

In its letter to the Court dated August 8, 2024 [Dkt. No. 370], NFMC explains how Branton has unilaterally and categorically refused to produce documents that are responsive to the majority of NFMC's requests, which directly address the allegations made in the Fee Application. Accordingly, after a meet and confer on July 25, NFMC informed Branton that it would need to move to compel withheld documents if Branton's refusal to produce remained unchanged. Less than 24 hours later, however, Branton filed a letter with the Court [Dkt. No. 367] in a hasty attempt to forestall NFMC's pursuit of needed discovery.

In the weeks since Branton initiated discovery for his Fee Application (and prior to any party even objecting to it), Branton has engaged in what can only be described as a campaign to pressure NFMC into a settlement.

Indeed, over the last several weeks, Branton's discovery efforts for his Fee Application include:

- **Fourteen (14) subpoenas** to individuals and entities;
- Subpoenas to the wife of one of NFMC's general partners and to three (3) different telephone companies;
- Subpoenas demanding **four (4) depositions from NFMC alone**;
- Subpoenas demanding **five (5) depositions** from other individuals and entities.

Putting aside the excessiveness of this approach in the fee application context, NFMC urges the Court to consider these facts when weighing the setting of the schedule discussed below.

## **PURPOSE OF REQUESTED DISCOVERY CONFERENCE**

The parties have been unable to agree to a case management schedule until the Motion to Compel is resolved. Accordingly, NFMC requests that the following litigation schedule with respect to the Fee Application be entered at the requested Local Rule 7007-1 discovery conference:

1. On September 17 at 10:00am – which date and time is already reserved by the parties with the Court – the Court will consider the Motion to Compel.

2. All discovery shall conclude within sixty (60) days after the entry of an order granting or denying the Motion to Compel.

3. NFMC shall file its objection to the Fee Application within thirty (30) days after the conclusion of all discovery.

4. Branton shall file its reply in support of the Fee Application within two (2) weeks after the filing of an objection by NFMC.

5. A hearing on the Fee Application shall be held no sooner than one (1) week after the filing of a reply by Branton, subject to the Court's availability.

## **CONCLUSION**

Based on the foregoing, and in light of the parties' impasse, NFMC believes the Court's intervention is warranted. NFMC accordingly respectfully requests (i) the scheduling of a Local Rule 7007-1 discovery conference with the Court on August 29, 2024 or as soon as practical thereafter; and (ii) at said conference, the setting of the trial schedule proposed herein.

We are available to discuss these issues at the Court's convenience.

Respectfully submitted,

*/s/ Richard C. Ramirez*
Richard C. Ramirez