# GLENN AGRE BERGMAN & FUENTES

Andrew K. Glenn
aglenn@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.358.5600

December 13, 2024

**Via ECF**

The Honorable David S. Jones
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004

    Re:    <u>Response to Jeffrey A. Barr's December 3, 2024 Letter to the Court;
In re Ninety-Five Madison Company, L.P., Case No. 21-10529-DSJ</u>

Dear Judge Jones:

    This firm ("<u>Glenn Agre</u>") represents Ninety-Five Madison Company, L.P. ("<u>NFMC</u>"), the Reorganized Debtor in the above-referenced Chapter 11 Case.[1] We write in response to the letter filed by Jeffrey A. Barr on December 3, 2024 at Dkt. No. 385 (the "<u>Letter</u>") on behalf of the Estate of Lois Weinstein (the "<u>Weinstein Estate</u>" or the "<u>Estate</u>").

    Mr. Barr's Letter confirms that neither he nor the Weinstein Estate seek specific, cognizable relief from this Court, and Mr. Barr has no motion pending. Rather, the Letter is yet another in a series of Mr. Barr's attempts to exploit two different courts in the hope that statements or directives made by one will gain him leverage before the other. Indeed, Mr. Barr dedicates the majority of his Letter to describing state court actions that do not concern this Court or the Chapter 11 Case. He also casts aspersions at the Glenn Agre firm, which does not (nor has ever) represented NFMC or any of NFMC's general partners in those state court actions. However, because Mr. Barr's Letter does not request that this Court take any action whatsoever concerning the Reorganized Debtor or its Chapter 11 Case, the Court should disregard it.[2]

    With the Court's indulgence, some brief background is warranted. Lois Weinstein was the sister of Rita Sklar and the aunt of Michael and Sharan Sklar, the Reorganized Debtor's three general partners. **Michael and Sharan Sklar are the sole beneficiaries of Ms. Weinstein's**

---

[1] Capitalized terms used but not otherwise defined shall have the meanings ascribed to such terms in NFMC's Chapter 11 combined plan of reorganization and disclosure statement [Dkt. No. 274].

[2] Mr. Barr claims that NFMC was "dissolved" in June 2024 under the terms of NFMC's partnership agreement. It is not clear whether Mr. Barr is seeking to have this Court enforce the partnership agreement and/or whether this Court would have jurisdiction to grant such relief. In any event, the Confirmation Order provides that the Reorganized Debtor "will continue to exist after the Effective Date" and that "all property comprising the Debtor's estate shall revest in the Reorganized Debtor." Confirmation Order ¶ 31 ("Continued Corporate Existence and Vesting of Assets in Reorganized Debtor"). The Confirmation Order is binding on the Weinstein Estate.

December 13, 2024
Page 2

**Estate**.  For years, the parties have attempted to resolve the various disputes and litigations between them, and there is no doubt that Michael and Sharan Sklar have every incentive to seek a fair and efficient resolution.  Regrettably, the primary impediment to settlement has been Mr. Barr's attempts to extract dubious legal fees[3] stemming from those disputes.  The Glenn Agre firm understands that some of the state court litigations referenced in Mr. Barr's Letter relate to those disputes, and that the TRO described in Mr. Barr's Letter was obtained on an *ex parte* basis, was not properly noticed, and that NFMC's counsel in that matter is working to dissolve the TRO.

For this Court's purposes, the proof of claim asserted by the Weinstein Estate against NFMC remains Disputed.  The Plan explicitly requires that "no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such a Disputed Claim have been settled or withdrawn or have been determined by Final Order[.]"  Plan, Article VII.D.  And the Plan further provides that **even to the extent that a Claim is not Disputed** "but is held by a Holder that is or may be liable to the Debtor, no payments or Distributions shall be made with respect to all or any portion of such Claim unless and until such Claim and liability have been settled or withdrawn[.]"  *Id*.  Thus, the Reorganized Debtor retains a right of setoff even if a claim is not Disputed.  *See also id*. at Article VI.I.

Here, there is no question that (i) the Weinstein Estate's claim remains Disputed; and (ii) as disclosed in NFMC's November 21 letter to the Court, NFMC has sued the Weinstein Estate for monies owed to NFMC and that litigation remains pending.  While Mr. Barr now argues that the Weinstein Estate has "no intention of seeking to collect [on] this claim and will permit it to be expunged," to date the Weinstein Estate has not withdrawn its proof of claim nor formally advised the Reorganized Debtor if or when it will be doing so.  And in any event, Distributions purportedly owed to Holders of Interests in NFMC, including to Michael and Sharan Sklar, have yet to be made.

Several other clarifications are in order.  In his Letter, Mr. Barr is wrong that NFMC's filing with the Court concerning the remaining administration of the Reorganized Debtor's bankruptcy estate "skirt[s] and avoid[s] the questions presented by the Court."  At a November 12, 2024 hearing, the Court asked NFMC "to just submit a letter just broadly outlining all the remaining tasks to get to the completion point of estate administration[.]"[4]  NFMC's November 21 letter provides such an overview, including the proofs of claim remaining to be reconciled and/or administered and the outstanding litigations asserted by and against NFMC.  NFMC is more than willing to supplement this information if the Court desires.  But for Mr. Barr to say that NFMC and its counsel were "not accurately advis[ing] this Court what [NFMC's] actual plans are" is disingenuous.

Finally, the Court should be made aware that Mr. Barr's unsupported statements that the Glenn Agre firm's "*de facto*" and "real" clients are Michael and Sharan Sklar and is not the

---

[3]   The Glenn Agre firm was informed that NFMC recently filed a *Petition to Compel Fiduciary to Account* in New York County Surrogate's Court related to Mr. Barr's fees due to the unreasonable and unsubstantiated amounts that Mr. Barr claims that he is owed.  The petition is attached hereto as **Exhibit A** for the Court's reference.

[4]   November 12, 2024 Hearing Tr. at 23:6-8.

December 13, 2024
Page 3

Reorganized Debtor are false.  The Glenn Agre firm was formally retained by and has always (and only) represented NFMC in its Chapter 11 Case and has made every good faith effort to represent NFMC in accordance with the mandates of NFMC's foundational documents.  Indeed, the Glenn Agre firm's only active engagement for the Reorganized Debtor is the fee dispute with Branton Realty Services LLC (the Reorganized Debtor's former broker).  The fact that Mr. Barr has cynically questioned the integrity of the Glenn Agre firm or its attorneys in a public filing is inexcusable.

        We are available to address these matters at the Court's convenience.

                                                                                                                                            Respectfully submitted,

                                                                                                                           /s/ *Andrew K. Glenn*
                                                                                                                            Andrew K. Glenn

## **EXHIBIT A**

| | |
|---|---|
| SURROGATE'S COURT OF THE STATE OF NEW YORK<br>COUNTY OF NEW YORK | Filing Fee Paid $ _____<br>Receipt No.: _____ |

Petition for a Compulsory Accounting and Related Relief in the Estate of
**LOIS M. WEINSTEIN**

aka

**LOIS MICHELLE WEINSTEIN, LOIS MICHEL WEINSTEIN**

Deceased.

**PETITION FOR A COMPULSORY ACCOUNTING AND RELATED RELIEF
SCPA 2205**

File No. 2019-4714/

To the Surrogate's Court of the County of New York:

It is respectfully alleged:

    1. The name, citizenship and domicile of the petitioner is as follows:

Name: **Michael Sklar**
Domicile: 161 W. 75th St., New York, New York 10023
Citizen of: United States

    2. That the decedent died on November 25, 2019.

    3. That preliminary letters [X] testamentary [ ] of administration [ ] of trusteeship [ ] other were granted by the Surrogate's Court of the County of New York on **December 31, 2019**, to **Carol E. Keller** residing at 251 W 87th St., New York, New York 10028 and **Gail Shields** residing at 17 Springfield Rd., East Brunswick, New Jersey 08816. That letters [X] testamentary [ ] of administration [ ] of trusteeship [ ] other were granted by the Surrogate's Court of the County of New York on **June 3, 2024**, to **Carol E. Keller** residing at 251 W 87th St., New York, New York 10028 and **Gail Shields** residing at 17 Springfield Rd., East Brunswick, New Jersey 08816.

    4. That neither fiduciary has filed an account of her proceedings as fiduciary.

    5. The petitioner is a [ ] distributee [ X ] legatee [ ] creditor [ ] other and the reason why petitioners wish the fiduciary to account is:

**Preliminary Letters Testamentary were issued to Carol E. Keller and Gail Shields on December 31, 2019, who are now serving as executors (the "Executors") under full Letters Testamentary issued on June, 3, 2024. More than seven month have elapsed since they were both appointed fiduciaries in the estate.**

**Michael Sklar (the "Petitioner") has been provided a draft informal interim accounting by Jeffrey A. Barr., Esq, counsel for the "Executors", not certified by the Executors. This draft accounting reveals that attorneys' fees in the amount of $827,052.13 have already been paid to three law firms, including $680,952 paid to Attorney Barr, the primary counsel to the executors.**

**The draft accounting also reveals a creditor's claim in the amount of $540,000 by Attorney Barr against the estate for services allegedly rendered to the Decedent prior to her death.**

**When requested to provide the backup on the legal bills for the services rendered to the estate and**

**paid from estate assets, Attorney Barr provided several bills containing sparse detail and asserting unreasonable amounts due for the work rendered and the results achieved, as well as disbursements for office overhead.**

**Attorney Barr has refused to provide a copy of any retainer agreement between himself and the decedent for the alleged $540,000 claim for pre-death legal services and, on information and belief, does not have contemporaneous time records to substantiate such claim.**

**The estate has outstanding estate taxes due to the state of New York and the Internal Revenue Service which are accruing substantial interest.**

**The Executors' application of estate funds to pay unreasonable legal fees rather than apply the same towards outstanding estate taxes continues to cause waste in the estate and raises substantial questions about their fitness to serve, as well as grave concerns about Attorney Barr's conduct given his conflict of interest as an alleged creditor.**

**A formal judicial settlement of account is required to mitigate against any further waste that may occasion the estate if the Executors are permitted to continue to diminish estate liquidity by applying the same towards unreasonable attorneys' fees as opposed to expenses accruing interest, and to ensure that any resolution of any alleged creditor's claim by the Executors' counsel against the estate is not improperly paid given the clear conflict of interest between the Executors' counsel in his roles as both counsel to the Executors and an alleged claimant against the estate.**

*[NOTE: Complete paragraph 6, if relief requested is in addition to a compulsory accounting.]*

6. The persons entitled to notice on an application to suspend, modify or revoke a fiduciary's letters, to appoint a successor fiduciary or to settle a fiduciary's account (See SCPA Section 2206(2)) are: **not applicable**.

WHEREFORE your petitioners pray that process issue requiring **Carol E. Keller and Gail Shields** to show cause why she should not file her account and cause same to be judicially settled and upon failure to file her account with petition for judicial settlement on the return date of citation, that the court issue an order requiring her to file an account.

*[For additional relief pursuant to SCPA §2205 and §2206, check the appropriate box]:*

[ ] upon failure to appear on the return date of process without satisfactory excuse therefore, or upon failure to file an account in the time and manner directed by the court, show cause why his/her letters should not be suspended and why the court should not appoint _____, an eligible person(s), as temporary fiduciary(ies) and to fix a trial date for a hearing on the removal of _____ whose letters have been suspended and for the appointment of _____, as Successor Fiduciary(ies).

[ ] if the fiduciary's letters are suspended or the fiduciary fails to account in the time and manner directed by the court, why the court should not fix a date for a hearing to take and state the fiduciary's account, in accordance with the proposed accounting attached to the petition, the summary statement of such account has been served herewith.

*[State any further relief requested]*
[X] The Court grant such other and further relief as it deems proper.

Signature of Petitioner(s):

Dated: _____**December     , 2024**_____

Signature of Petitioner(s):

| | |
|---|---|
| **Michael Sklar** | |
| Print Name | Signature |

| | |
|---|---|
| | **Joshua J. Goldstein** |
| Signature of Attorney | Attorney Name |
| **Goldstein Mauer PLLC** | **(212) 327-3830** |
| Firm | Telephone |
| **New York, New York 10011** | **jjg@privateclientlawoffice.com** |
| Address | Email *(optional)* |

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

**Michael Sklar**, being duly sworn deposes and says that I am the petitioner above named. I have read the foregoing petition and the same is true of my own knowledge except as to matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true.

_____
Michael Sklar

On the _____ day of _____, before me, the undersigned, personally appeared **Michael Sklar**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Sworn to before me this
_____ day of _____

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

| _____ | **Joshua J. Goldstein** |
|---|---|
| Signature of Attorney | Attorney Name |
| **Goldstein Mauer PLLC** | **(212) 327-3830** |
| Firm | Telephone |
| **New York, New York 10011** | **jjg@privateclientlawoffice.com** |
| Address | Email *(optional)* |

**State of New York**
**New York County Surrogate's Court**
**31 Chambers Street**
**New York, NY 10007**
**(646)386-5000**

Receipt# 379579
December 3, 2024 03:17 PM

RE: FileName - Lois M Weinstein
File # 2019-4714/G

*** FEES OWED ***

| | |
|---|---|
| 1 Compel Fiduciary To Account Petition | $30.00 |

*** PAYMENTS ***

| | |
|---|---|
| Check# 1107 | $30.00 |

*** TOTALS ***

| | |
|---|---|
| Total Due | $30.00 |
| Total Tendered | $30.00 |

Received of: Goldstein Mauer Pllc

Comment:

Operator  dkam