Law Offices
Jeffrey A. Barr
211 Duke Ellington Boulevard, *Suite 7A*
New York, N.Y. 10025
*(212) 227-1834*
*Fax (212) 964-4360*

Admitted in NY                                             Email: JeffreyABarr@gmail.com

April 21, 2025

Hon. David S. Jones
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004

      Re:    In Re Ninety-Five Madison Company LP, Case No. 21-10529

Dear Judge Jones:

      I am counsel to equity holder the Estate of Lois Weinstein. I am writing to follow up on matters discussed in my status report letter to Your Honor of February 21, 2025 and to respond to a threatened emergency motion to vacate a Temporary Restraining Order ("TRO") issued in the action *Ninety-Five Madison Company LP v.. Kinder Realty Associates et al* New York County Index No. 653034/2024.

      Justice Anar Patel in New York State Supreme Court recognized the need to restrain the use of the cash sale proceeds of the sale of 95 Madison Avenue, so that it would be available to be distributed to the owners of the company and available for the payment of their taxes. Justice Patel issued a TRO in December 2024. The TRO has been modified twice by stipulation to pay estate taxes, and to pay estimated income taxes that resulted from the sale of the 95 Madison Avenue, New York, NY. The TRO has served a critical and very valuable purpose.

      It is the position of the Estate of Lois Weinstein, and I am informed by two attorneys representing RAS Property Management LLC and Rita A. Sklar, that is also their position that the time is ripe for a global resolution of this case. Thus it is the position of 98% of the equity holders of Ninety-Five Madison Company LP that the cash proceeds not needed for administration expenses should immediately be distributed so that the partners can pay their remaining tax obligations. These are obligations of the parties that are outside the bankruptcy case. Practically $1 million in back real estate taxes are owed on two properties in danger of imminent tax lien sales (May 19). These expenses can only be paid if there is an immediate distribution of the remaining cash assets to the partners in proportion to their percentage holdings. It would be completely outside the authority of Michael and Sharan Sklar to use company funds to pay partners' obligations (assuming such funds are released to them by a vacatur of the TRO). Thus the only course is an immediate distribution of the roughly $13,000,000 remaining cash less legitimate Bankruptcy administration costs.

      At Justice Patel's direction, the parties held a zoom conference on April 17, 2025 and have been in nearly constant communication since that time. Several distribution plans have

been proposed.  I can only think that Glenn Agre's statements to this Court that such negotiations have broken down was made to justify yet another motion which is a waste the resources of NFMC.

There are no remaining issues in this Bankruptcy case other than payment of administration expenses.  There is nothing preventing a distribution of the cash assets of the Reorganized Debtor after the determination of these administration expenses.

The docket shows that counsel to Branton Realty Services, LLC is seeking $550,000 of their services necessitated by Debtor's refusal to settle and pay their claim for brokerage commissions.   Sensing a probable defeat in the Branton case, in June 2024, Debtor escrowed $950,000 of the sale proceeds of 95 Madison with their counsel Glenn Agre Bergman & Fuentes,

Despite almost constant requests, Glenn Agre Bergman & Fuentes refuses to provide any detail on the legal fees that they have charged or propose to charge since at least June 2024.  They have also refused to provide any financial data.  Attached is a letter to Justice Patel from Kari Parks, Esq. who serves as counsel to the Rita Sklar defendants in two state court actions commenced, prior to the issuance of the TRO using the funds of Reorganized Debtor.  Without these details, which counsel refuses to provide, it is impossible to have accurate figures on what is available for immediate distribution.  It is this stonewalling that is holding up the simple resolution of this case.  Nothing more.

Respectfully,

/s/  *Jeffrey A. Barr*

Jeffrey A. Barr

cc:  All Parties via ECF