| GLENN AGRE BERGMAN & FUENTES LLP | AMINI LLC |
|---|---|
| 1185 Avenue of the Americas, Floor 22 | 31 West 35th Street, 12th Floor |
| New York, New York 10036 | New York, NY 10001 |
| (212) 970-1600 | (212) 490-4700 |
| *Counsel to Ninety-Five Madison Company, L.P.* | *Counsel to Branton Realty Services LLC* |

April 29, 2025

**Via ECF**

The Honorable David S. Jones
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004

      Re:    *In re Ninety-Five Madison Company, L.P., Case No. 21-10529-DSJ*

Dear Judge Jones:

Counsel to Reorganized Debtor Ninety-Five Madison Company, L.P. ("NFMC") and to Branton Realty Services LLC ("Branton" and, with NFMC, the "Parties") file this joint letter in connection with the Court's March 27, 2025 decision on Branton's final fee application [Dkt. No. 420] (the "Fee Decision"), in which the Court granted Branton's administrative expense fee application and directed the Parties to "attempt to reach agreement on what constitutes a reasonable figure" for the fees and expenses that Branton asserts it is owed. *See* Fee Decision at 40.

The Parties write to inform the Court that, after meeting and conferring in good faith, the Parties have agreed to a $31,536.28 reduction in the amount of legal fees sought by Branton on April 2. [Dkt. No. 422]. The sole issue remaining before the Court is whether Branton is entitled to interest on its $950,000 commission and if so in what amount. The Parties are at an impasse on that issue.

Accordingly, the Parties have set forth their respective positions below. Attached hereto as **Exhibit A** is Branton's requested form of proposed order in respect of the Fee Decision. Attached hereto as **Exhibit B** is NFMC's requested form of proposed order in respect of the Fee Decision.

The Parties respectfully request that, after consideration of each Party's respective positions herein, the Court enter one of either of the proposed orders.

**Branton's Position**

Branton is entitled to interest on its $950,000 commission under the same provision of its court-approved Listing Agreement pursuant to which the Court has already awarded attorneys' fees.

> 14. Fees and Interest. If either party commences an action or proceeding against the other party to enforce its rights under the Agreement, the prevailing party shall be entitled to recover its reasonable legal fees and disbursements from the other party. Any amount due under this Agreement and not paid when due shall bear interest at the rate of two percent per annum in excess of the prime commercial lending rate as published from time to time in The Wall Street Journal (New York edition), but not in excess of the highest rate permitted by applicable law.

ECF #181, Exhibit 1, ¶ 14.

Branton asserts that the commission became due "upon the closing" under the plain terms of the Listing Agreement. (*Id.* at ¶ 5). The closing took place on June 5, 2024. The prime rate on the closing date was 8.5%/year. 10.5%/year interest from the closing date to the date of the Court's decision is $80,619.86, which is the amount reflected in **Exhibit A**.

In the event the Court concludes that the commission did not become due on the closing date due to the operation of Bankruptcy Law, Branton respectfully submits that the Court should find the commission became due on some other date, such as when Branton filed its fee application, on June 4, 2024 or when the fee application was returnable, July 2, 2024. (ECF #362).

NFMC contends that the commission did not become due until the Court *granted* Branton's fee application on March 27, 2025.

But the fact that NFMC chose to pursue a meritless objection, for months, which the Court overruled in all material respects, should not inure to the benefit of NFMC by delaying the date upon which Branton's commission became due and reducing the amount of interest owed by NFMC. Such a ruling would only further incentivize NFMC to pursue a meritless appeal.

The cases relied upon by NFMC are inapposite. First, *Lifetime Communities Inc. v. Weil Gotshal & Manges (In re Fidelity Mortg. Investors)* 12 B.R. 641 (SDNY 1981) concerned interest on Weil's fees from the date of deposit to the date of payment, and the court rejected interest on the ground that "neither the Amended Plan, the Disbursing Order nor any other document drawn by the attorneys with respect to the Plan contains any provision for the payment of interest to administrative claimants." Here, the court-approved employment terms provide for interest. Second, *In re Child World, Inc.*, 185 B.R. 14, 19 (SDNY 1995) rejected interest on holdbacks imposed on professionals that make multiple fee applications. Further, after these decisions the Supreme Court held in *Baker Botts LLP v. ASARCO LLC* 576 US 121 (2015) that the American Rule applies to bankruptcy fee applications, under which "each litigant pays his own attorney's fees, win or lose, unless a statute <u>or contract</u> provides otherwise."

Finally, NFMC's payment of interest will have no effect on its ability to achieve plan compliance and will not affect creditor recoveries. Instead, it would only affect equity recoveries for the same management that is responsible for the breach.

**NFMC's Position**

Branton's proposed order seeks "interest on the $950,000 commission" in the amount of $80,619.86 (the "Purported Interest"). *See* Ex. A at n.2. Branton contends that the Listing Agreement entitles Branton to "10.5%/year interest from the closing date [of June 5, 2024] to the date of the Court's decision." *Id.* Specifically, Section 14 of the Listing Agreement, cited by Branton, provides that "[a]ny amount due under this Agreement and not paid when due shall bear interest[.]" Listing Agreement § 14 (emphasis added).

The Purported Interest as-requested should be disallowed for three reasons.

First, the Fee Decision found that Branton is entitled to only the following: "a Commission of $950,000 . . . plus certain expenses and reasonable legal fees as required by the Agreement." Fee Decision at 40. The Court never held that Branton is additionally entitled to interest on the Commission dating back to the closing date of the sale of 95 Madison Avenue ("Sale").

Second, the Commission was not "due" to Branton, a retained professional, when the Sale closed. Rather, it is blackletter bankruptcy law that "[i]t is only when the Bankruptcy Judge determines the precise amount [of fees sought by a professional] that a claimant is entitled to payment." *In re Fid. Mortg. Invs.*, 12 B.R. 641, 644 (S.D.N.Y. 1981). Thus, because "§ 330(a) requires court approval to create the obligation to pay the [] fees, ***absent court approval neither the debtor nor the estate is ever liable***. ***Court approval under § 330(a) is what creates the liability***, not the performance of the services." *In re Kaspar*, 667 B.R. 195, 241 (Bankr. S.D.N.Y. 2025) (citing and quoting *In re Jeanes*, 2004 WL 1718093, at *2 (Bankr. N.D. Iowa June 17, 2004)) (emphasis added); *In re Parklex Assocs., Inc.*, 435 B.R. 195, 207 (Bankr. S.D.N.Y. 2010) (same).

Third, and as to the specific payment of interest on a retained professional's fees, courts in this District have long held that interest "accrue[s] only when the Bankruptcy Judge ma[kes] the determination as to what sum represented fair and reasonable compensation for such services." *Fid. Mortg. Invs.*, 12 B.R. at 644; *see In re Child World, Inc.*, 185 B.R. 14, 19 (Bankr. S.D.N.Y. 1995) (finding *Fid. Mortg.* stands for the proposition that "***the law d[oes] not permit interest to accrue prior to an award of fees at a final hearing***" and holding "statutory interest on fees can only begin to accrue ***upon the issuance of a final fee award*** pursuant to Code § 330") (emphasis added); *see also In re Pub. Serv. Co. of New Hampshire*, 138 B.R. 660, 662 (Bankr. D.N.H. 1992) ("[N]o fees were 'due and owing' until this Court entered its order awarding final fees."); *In re Glados, Inc.*, 83 F.3d 1360, 1364 (11th Cir. 1996) (collecting cases).

In *Child World*, this Court followed the reasoning in *Pub. Serv. Co.* to decide whether interest can be included on top of a fee award. In that case, the court held:

> [I]t is clear that **no fees were 'due and owing' until this Court entered its order awarding final fees**. As there was no legal entitlement to payment prior to the final fee award dated October 17, 1991, any claim to "interest" on amounts not allowed

by interim fee orders is, legally speaking, groundless. **At best, any claim for interest for delay in receiving "due and owing" fee compensation can be traced back only to October 17, 1991 [i.e., the date the fee award was entered]**.

*Pub. Serv. Co.*, 138 B.R. at 662 (emphasis added). *See also* 3 COLLIER ON BANKRUPTCY ¶ 331.02 ("The majority of courts deny requests for interest, ruling that the Bankruptcy Code does not authorize the payment of interest on fees or holdbacks. Rather, these courts have held that statutory interest on fees only begins to accrue upon the issuance of a final fee award under section 330.") (citing *Child World*).[1]

Here, Branton's entitlement to $80,619.86 in interest—purportedly accruing from the date of the Sale on June 5, 2024 to "the date of the Court's decision"—should be disallowed. *See* Ex. A at n.2. Section 14 of the Listing Agreement is unambiguous that interest does not begin to accrue until the Commission is "not paid when due." Listing Agreement § 14. Under controlling law, the Commission was not "due" until this Court "determine[d] the precise amount that [Branton] [was] entitled to payment" and after "an award of fees at a final hearing." *Fid. Mortg. Invs.*, 12 B.R. at 644; *Child World*, 185 B.R. at 19. Thus, the Commission and any consequent interest became due, at the very earliest, upon entry of the Fee Decision on March 27, 2025 when the Court "grant[ed] Branton's administrative expense fee application in the amount of $950,000[.]" Fee Decision at 40.

NFMC objects to the Purported Interested. To the extent the Court is inclined to award Branton interest on the Commission, NFMC respectfully asks that the Purported Interest amount be substituted with: **$4,945.21**.[2]

[*Execution Page Follows*]

---

[1] Cases outside of the fee "holdback" context apply similar reasoning. *See e.g.*, *In re Fid. Mortg. Invs.*, 12 B.R. at 644 ("The fact that an estimated sum was listed or requested in the Distribution Schedules did not give the attorneys or any other administrative claimant the immediate right to the amounts set forth therein. Their rights accrued only when the Bankruptcy Judge made the determination as to what sum represented fair and reasonable compensation for such services. It is from that date that interest could properly be claimed[.]").

[2] The requested substitution amount represents 9.5%/year interest from the date of the Fee Decision to the date of the objection deadline, April 16, 2025. The prime rate was 7.5% on the date the Fee Decision was issued. This represents a reduction of $75,674.65 in Purported Interest.

* * * * *

We are available should the Court have any questions.

Respectfully submitted,

| | |
|---|---|
| **GLENN AGRE BERGMAN & FUENTES LLP** | **AMINI LLC** |
| /s/ Richard C. Ramirez | /s/ Jordan Reisch |
| Andrew K. Glenn | Bijan Amini |
| Shai Schmidt | Jordan Reisch |
| Richard C. Ramirez | 31 West 35th Street |
| Naznen Rahman | 12th Floor |
| 1185 Avenue of the Americas | New York, NY 10001 |
| New York, New York 10036 | Telephone: (212) 490-4700 |
| Telephone: (212) 970-1600 | Email: bamini@aminillc.com |
| E-mail: aglenn@glennagre.com | jreisch@aminillc.com |
| sschmidt@glennagre.com | |
| rramirez@glennagre.com | |
| nrahman@glennagre.com | |
| | |
| *Counsel to Reorganized Debtor Ninety-Five Madison Company, L.P.* | *Counsel to Branton Realty Services LLC* |

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| NINETY-FIVE MADISON COMPANY, L.P. | Case No. 21-10529 (DSJ) |
| Debtor. | |

**ORDER GRANTING FINAL FEE APPLICATION OF**
**BRANTON REALTY SERVICES LLC AND RELATED RELIEF**

Upon the application of Branton Realty Services LLC for allowance of compensation and reimbursement of expenses (ECF #362, "Application"); and due and proper notice of the Application having been provided, and it appearing no other or further notice need be provided; now, therefore, for reasons set forth in the Decision on Application of Branton Realty Services LLC for Compensation and Reimbursement of Expenses (ECF #420), it is hereby:

ORDERED that the Application is granted to the extent set forth in the attached Schedules.

Dated: New York, NY
_____, 2025

_____
Hon. David S. Jones
United States Bankruptcy Judge

Case No. 21-10529 (DSJ)  **FIRST INTERIM FEE PERIOD**  Schedule A
Case Name: Ninety-Five Madison  **August 17, 2022-April 2, 2025**
Company, L.P.

| (1) Applicant | (2) Date; ECF Doc. # of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (6) Fees to be Paid for prior Fee Period(s) (i.e. Holdback Release) | (7) Total Fees to be Paid | (8) Interim Expenses Requested | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|---|
| Branton Realty Services LLC *Broker* | 6/4/2024  362 | $950,000 plus $80,619.86 interest[1] | $1,030,619.86 | $1,030,619.86 | N/A | $1,030,619.86 | $531.995.84[2] | $531.995.84 |

DATE ON WHICH ORDER WAS SIGNED: _____, 2025          INITIALS: _____, USBJ

---

[1] Under the Listing Agreement (ECF #181, Exhibit 1, ¶ 14), interest on the $950,000 commission (due "upon the closing" of June 5, 2024, ¶ 5) accrues at the rate of prime + 2%/year. The prime rate on the closing date was 8.5%/year. 10.5%/year interest from the closing date to the date of the Court's decision is $80,619.86.

[2] Expenses are comprised of those incurred in course of the Branton's engagement ($6,600) plus attorneys' fees and expenses incurred in relation to seeking to enforce its agreement with the Debtor ($556,932.12). An itemization of the broker expenses and attorneys' fees and expenses are included in the declaration of Jordan Reisch dated April 2, 2025 (ECF #421). Pursuant to the parties' joint letter dated April 29 submitted contemporaneously herewith, the parties have agreed to a $31,536.28 reduction of attorneys' fees, which is reflected above.

Case No. 21-10529 (DSJ)            **FIRST INTERIM FEE PERIOD**           Schedule B
Case Name: Ninety-Five Madison Company, L.P.    **August 17, 2022-April 2, 2025**

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| Branton Realty Services LLC *Broker* | $950,000 plus $80,619.86 interest | $1,030,619.86 | $531.995.84 | $531.995.84 |

DATE ON WHICH ORDER WAS SIGNED: _____, 2025       INITIALS: _____, USBJ

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>NINETY-FIVE MADISON COMPANY, L.P.,<br><br>Reorganized Debtor. | ) Chapter 11<br>)<br>) Case No. 21-10529 (DSJ)<br>)<br>)<br>)<br>) |

**ORDER GRANTING FINAL FEE APPLICATION
OF BRANTON REALTY SERVICES LLC**

Upon the *Final Application of Branton Realty Services LLC for (I) Payment of Real Estate Broker and Sales Agent Commissions, (II) Reimbursement of Expenses, and (III) Related Relief* (Dkt. No. 362) (the "Branton Fee Application") and in accordance with this Court's *Decision on Application of Branton Realty Services LLC for Compensation and Reimbursement of Expenses* (Dkt. No. 420) ("Fee Decision"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Branton Fee Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Branton Fee Application having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Branton Fee Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

It is hereby **ORDERED** that:

1. The Branton Fee Application is granted to the extent set forth herein.

2. Compensation and expenses of Branton for professional services rendered is approved and allowed in the amounts set forth in the schedules attached to this Order.

3. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
_____, 2025

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

# FIRST INTERIM FEE PERIOD
## August 17, 2022 through April 2, 2025

| (1) Applicant | (2) Date; ECF Doc. # of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (6) Fees to be Paid for prior Fee Period(s) (i.e. Holdback Release) | (7) Total Fees to be Paid | (8) Interim Expenses Requested | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|---|
| Branton Realty Services LLC | 6/4/2024<br><br>Dkt. No. 362 | $950,000 plus $4,945.21 interest[1] | $954,945.21 | $954,945.21 | N/A | $954,945.21 | $531,995.84 | $531,995.84 |

DATE ON WHICH ORDER WAS SIGNED: _____, 2025         INITIALS:_____ , USBJ

---

[1] The interest amount represents 9.5%/year interest from the date of the Court's March 27, 2025, Fee Decision to the date of the objection deadline, April 16, 2025. The prime rate was 7.5% on the date the Fee Decision was issued.

Schedule B

Case No. 21-10529 (DSJ)
Case Name: *In re Ninety-Five Madison Company, L.P.*

**FIRST INTERIM FEE PERIOD**
**August 17, 2022 through April 2, 2025**

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| Branton Realty Services LLC | $950,000 plus $4,945.21 interest | $954,945.21 | $531,995.84 | $531,995.84 |

DATE ON WHICH ORDER WAS SIGNED: _____, 2025         INITIALS:_____ , USBJ