| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | |
| In re: | Chapter 11 |
| NINETY-FIVE MADISON COMPANY, L.P., | Case No. 21-10529 (DSJ) |
| Reorganized Debtor. | |

# AMENDED[1] ORDER GRANTING FINAL FEE APPLICATION OF BRANTON REALTY SERVICES LLC AND RELATED RELIEF

Upon the application of Branton Realty Services LLC ("Branton") for allowance of compensation and reimbursement of expenses (ECF No. 362, the "Application"); and due and proper notice of the Application having been provided, and it appearing no other or further notice need be provided; and

WHEREAS this Court granted the application of Ninety-Five Madison Company, L.P. (the "Debtor") to retain Branton on August 31, 2022, *nunc pro tunc* to August 17, 2022, under the Retention Order (ECF No. 181); and

WHEREAS the Listing Agreement for Sale (Retention Order Ex. 1, the "Retention Agreement") provided that "This Agreement shall be governed by and construed in accordance with the laws of the State of New York," Agreement ¶ 13; and

WHEREAS the Retention Order dictated that "all fees and out-of-pocket expense reimbursements to be paid to [Branton], including without limitation the Commission [], shall be subject to Section 328(a) of the Bankruptcy Code," Retention Order ¶ 3; and

WHEREAS in its Decision on the Application of Branton Realty Services LLC for Compensation and Reimbursement of Expenses (ECF No. 420, the "Decision"), this Court,

---

[1] The parties notified the Court that an initially filed version of this order mistakenly filed schedules that did not reflect an agreed reduction in attorneys' fees negotiated by the parties. This amended order attaches schedules reflecting the correct reduced amounts, and it is otherwise unchanged from the original order.

applying New York law, granted Branton's Application under Section 328(a) of the Bankruptcy Code and directed the parties to seek to submit a proposed order on consent if possible that includes a sum certain amount of legal fees to be awarded consistent with Branton's entitlements under its Court-approved Retention Agreement; and

WHEREAS, the parties informed the Court that they reached agreement on the amount of attorneys' fees to be awarded under the order, but that they were unable to agree on whether Branton was also entitled to interest on its commission entitlement (and, if so, the date on which interest began to accrue), and the parties therefore submitted competing proposed orders with brief explanations of their respective positions; and

WHEREAS this Order effectuates the Court's prior ruling on Branton's fee application while also determining Branton's entitlement to an award of interest;

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. The Court's Decision did not address the availability of interest as part of Branton's entitlements, but that omission was an oversight, not a substantive determination that no interest was due and owning.
2. The Retention Agreement provides that "Branton shall be entitled to, and Owner [the Debtor] shall pay, the fee described in Exhibit A (the 'Commission') as the sole compensation due from Owner to which Branton is entitled **upon the closing** of any Transaction[.]" (emphasis added). Agreement ¶ 5.
3. The Agreement also provides that "Any amount due under this Agreement and not paid when due shall bear interest at the rate of two percent per annum in excess of the prime commercial lending rate as published from time to time in The Wall Street Journal

(New York edition)[.]" Agreement ¶ 14.

4. The Court's Decision, applying New York law, held that "Branton is entitled to the Commission it would have been due had it brokered the ultimate sale." Decision at 40.

5. Outside of bankruptcy court, had Branton brokered the ultimate sale of 95 Madison Avenue and the Debtor failed to pay Branton the Commission, the Debtor would also owe interest on the Commission to Branton from the date that sale closed, in keeping with the terms of the Retention Agreement. The necessary implication of the Court's prior approval of Branton's retention, the Retention Agreement, and the Decision is that Branton is entitled to payment under Section 328 of whatever compensation is required by the Retention Agreement. That compensation includes whatever interest component is due under the Retention Agreement.

6. The Court concludes that the appropriate date for the commencement of running of interest is June 5, 2024, *i.e.*, the date of the closing of the sale to a purchaser whose identity was improperly not made known to Branton when Branton had delivered a ready, willing, and able buyer who was prepared to proceed on substantially identical terms.

7. The cases cited by the Debtor in the supplemental letter cannot change this. Those cases generally apply the fee review standard found in Section 330 of the Bankruptcy Code; none of them apply the strict limits on court review of fee entitlements imposed by Section 328(a). "Where the court pre-approves the terms and conditions of the retention under section 328(a), its power to amend those terms is severely constrained." *Riker, Danzig, Scherer, Hyland & Perretti v. Official Comm. of Unsecured Creditors* (*In re Smart World Techs., LLC*), 552 F.3d 228, 232 (2d Cir. 2009). As the Court noted in the

Decision, "Sections 328 and 330 establish a two-tiered system for judicial review and approval of the terms of the professional's retention." *Id.* Section 330 describes itself as "subject to" Section 328. 11 U.S.C. § 330(a)(1). Thus, "[t]hese two inquiries are mutually exclusive [and] 'there is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328.'" *In re Smart World Techs., LLC*, 552 F.3d at 232–33 (quoting *Friedman Enters. v. B.U.M. Int'l, Inc.* (*In re B.U.M. Int'l, Inc.*), 229 F.3d 824, 829 (9th Cir. 2000)).

Now, therefore, for reasons set forth above and in the Decision, it is hereby:

ORDERED that the Application is granted to the extent set forth in the attached Schedules; and it is further

ORDERED that Debtor's time to appeal the Decision or this order shall run from the date of entry of this order.

Dated: New York, New York
May 8, 2025

                                               *s/ David S. Jones*
                                               Honorable David S. Jones
                                               United States Bankruptcy Judge

Case No. 21-10529 (DSJ)  **FIRST INTERIM FEE PERIOD**  Schedule A
Case Name: Ninety-Five Madison  **August 17, 2022-April 2, 2025**
Company, L.P.

| (1) Applicant | (2) Date; ECF Doc. # of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (6) Fees to be Paid for prior Fee Period(s) (i.e. Holdback Release) | (7) Total Fees to be Paid | (8) Interim Expenses Requested | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|---|
| Branton Realty Services LLC *Broker* | 6/4/2024  362 | $950,000 plus $80,619.86 interest[2] | $1,030,619.86 | $1,030,619.86 | N/A | $1,030,619.86 | $531,995.84[3] | $531,995.84 |

DATE ON WHICH ORDER WAS SIGNED: May 8, 2025                INITIALS: *DSJ*, USBJ

---

[2] Under the Listing Agreement (ECF No. 181, Exhibit 1, ¶ 14), interest on the $950,000 commission (due "upon the closing" of June 5, 2024, ¶ 5) accrues at the rate of prime + 2%/year. The prime rate on the closing date was 8.5%/year. 10.5%/year interest from the closing date to the date of the Court's decision is $80,619.86.

[3] Expenses are comprised of those incurred in the course of Branton's engagement ($6,600) plus attorneys' fees and expenses incurred in relation to seeking to enforce its agreement with the Debtor ($556,932.12). An itemization of the broker expenses and attorneys' fees and expenses are included in the declaration of Jordan Reisch dated April 2, 2025 (ECF No. 421). Pursuant to the parties' joint letter dated April 29 submitted contemporaneously herewith, the parties have agreed to a $31,536.28 reduction of attorneys' fees, which is reflected above.

Case No. 21-10529 (DSJ)  **FIRST INTERIM FEE PERIOD**  Schedule B
Case Name: Ninety-Five Madison  **August 17, 2022-April 2, 2025**
Company, L.P.

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| Branton Realty Services LLC *Broker* | $950,000 plus $80,619.86 interest | $1,030,619.86 | $531,995.84 | $531,995.84 |

DATE ON WHICH ORDER WAS SIGNED: May 8, 2025   INITIALS: *DSJ*, USBJ