**From:** Sharan Sklar <ssklar@ninetyfivemadison.com>
**Sent:** Wednesday, September 14, 2022 11:39 AM
**To:** Woody Heller
**Cc:** Michael Sklar
**Subject:** FW: 95 Madison - Empire Capital / JLL

Hi Woody,

Below is the broker I told that you were representing us (EXCLUSIVELY) and sent him your way.

For context, he has called us a few time and they did a presentation about their services once for Mike and I. They asked if they could work up the property, just to show us their thoughts. We said NO thank you.

Can I just connect him to you or do I need to put something specific in writing. I don't like the way he said "as always" as if we had been talking all along. I also don't get his request to speak with our attorney.

Let me know.

Sharan

-- **Sharan Sklar**
General Partner

**Ninety-Five Madison Company, L.P.**
212.979.6306 (c) | [ssklar@ninetyfivemadison.com](mailto:ssklar@ninetyfivemadison.com)

---

**From:** "Hochman, Harry" <Harry.Hochman@am.jll.com>
**Date:** Wednesday, September 14, 2022 at 7:33 AM
**To:** Sharan Sklar <ssklar@ninetyfivemadison.com>
**Cc:** "Cobucci, Luca" <Luca.Cobucci@am.jll.com>, "Jambu, Vickram" <Vickram.Jambu@am.jll.com>
**Subject:** 95 Madison - Empire Capital / JLL

Dear Sharan,

Thanks for the call yesterday and it was great speaking with you as always! We represent a group called Empire Capital that we just sold a 150k square foot office building to at 830 3rd Avenue. They are interested in 95 Madison and they are very active buyers in the market with a great reputation. We'd love the opportunity to get them involved in the process and see if they can provide the best solution for you and your family.

[https://therealdeal.com/2022/08/31/empire-capital-strikes-back-buys-midtown-office-with-namdar/](https://therealdeal.com/2022/08/31/empire-capital-strikes-back-buys-midtown-office-with-namdar/)

Would it be possible to arrange a call with Woody regarding this matter? Additionally, is there an attorney that you're working with that's helping coordinate Woody's marketing efforts? It would be great to understand who it is because we could add value to your process if we have connectivity with him or her. Thank you for your consideration.

Best regards,



1

BR002142

EXHIBIT 2 PAGE 190

**Harry Hochman**
Director
JLL Capital Markets
330 Madison Ave Floors 2-5
New York, NY 10017
T +1 212 843 4655
M +1 646 618 3645
Harry.Hochman@am.jll.com


us.jll.com/capitalmarkets

Jones Lang LaSalle Americas, Inc.
a licensed real estate brokerage company.

Click here for information regarding the New York State
Human Rights Law, as required by the State of New York.



One of the 2022 World's Most Ethical Companies®

Jones Lang LaSalle

For more information about how JLL processes your personal data, please click here

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in the future then please respond to the sender to this effect.

BR002143

EXHIBIT 2 PAGE 191

Michael Sklar <msklar@ninetyfivemadison.com>
Thursday, September 15, 2022 2:41 PM
Woody Heller
Sharan Sklar
RE: MTS Property Tour

I am. I walked building end of April. I just wanted to provide context .

Michael Sklar
Sole  Member
Michael  Sklar Management LLC
as a General Partner of Ninety-Five Madison Company, L.P.
Ninety-Five Madison Company, L.P.

917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
P A little green reminder: Please consider the environment before printing this email


-----Original Message-----
From: Woody Heller <woody.heller@outlook.com>
Sent: Thursday, September 15, 2022 2:39 PM
To: Michael Sklar <msklar@ninetyfivemadison.com>
Cc: Sharan Sklar <ssklar@ninetyfivemadison.com>
Subject: Re: MTS Property Tour

Please just refer these inquiries to me. Thanks

Woody Heller
woody.heller@outlook.com
(917) 612-1230


> On Sep 15, 2022, at 2:14 PM, Michael Sklar <msklar@ninetyfivemadison.com> wrote:
>
> Michael Kazmerski was noted in the spread sheet  I sent . He walked the building. No offers. No price discussions
>
> Michael Sklar
> Sole  Member
> Michael  Sklar Management LLC
> as a General Partner of Ninety-Five Madison Company, L.P.
> Ninety-Five Madison Company, L.P.
>
> 917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
> P A little green reminder: Please consider the environment before printing this email
>
>
> -----Original Message-----
> From: Michael Kazmierski <mkazmierski@kaufmanorganization.com>
> Sent: Thursday, September 15, 2022 2:03 PM

**Exhibit
BX - 11**

> To: Michael Sklar <msklar@ninetyfivemadison.com>
> Subject: RE: MTS Property Tour
>
> Hi Michael - Just left you a VM.  Would be great to touch base and hope you are doing well.  Give me a call when you can.
>
>
>
> Sincerely,
>
>
>
> Michael A. Kazmierski
>
> President & Principal
>
> Kaufman Investments
>
> Kaufman Organization
>
> 450 Seventh Avenue, 19th Floor
>
> New York, NY 10123
>
> 212-471-4323 (direct)
>
> mkazmierski@kaufmanorganization.com <mailto:mkazmierski@kaufmanorganization.com>
>
>

https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kaufmanorganization.com%2F&amp;data=05%7C01%7C%7Cb59a91cb5be845cacf0f08da9749d374%7C84df9e7fe9f640afb435aaaaaaaaaaaa%7C1%7C0%7C637988640579640373%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=fa%2BroIRtW70nki0LdFKwInOEoI6%2FelQ%2BlhwMaMqaD8M%3D&amp;reserved=0
<blocked::https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kaufmanorganization.com%2F&amp;data=05%7C01%7C%7Cb59a91cb5be845cacf0f08da9749d374%7C84df9e7fe9f640afb435aaaaaaaaaaaa%7C1%7C0%7C637988640579952825%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=lvWRc4dCGKql8Xb%2FF3oUv1vdkS4h1OWsFLlxwWtSOOM%3D&amp;reserved=0>

>
>
>
> From: Michael Sklar <msklar@ninetyfivemadison.com>
> Sent: Friday, April 29, 2022 12:06 PM
> To: Michael Kazmierski <mkazmierski@kaufmanorganization.com>
> Subject: RE: MTS Property Tour
>
>
>
> [EXTERNAL]
>
> Sound good.

BR002300

>
>
>
> Michael Sklar
>
> General Partner
>
>
>
> Ninety-Five Madison Company, L.P.
>
> 917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
>
> P A little green reminder: Please consider the environment before printing this email
>
>
>
> From: Michael Kazmierski <mkazmierski@kaufmanorganization.com <mailto:mkazmierski@kaufmanorganization.com>
>
> Sent: Friday, April 29, 2022 10:25 AM
> To: Michael Sklar <msklar@ninetyfivemadison.com <mailto:msklar@ninetyfivemadison.com> >
> Subject: RE: MTS Property Tour
>
>
>
> Hi Michael - Glad we could catch up Wednesday and enjoyed our discussions.  Let's touch base in a few weeks and happy to hop on the phone in the interim if you would like to talk out any ideas you may have.
>
>
>
> Have a good weekend!
>
>
>
> Sincerely,
>
>
>
> Michael A. Kazmierski
>
> President & Principal
>
> Kaufman Investments
>
> Kaufman Organization
>
> 450 Seventh Avenue, 19th Floor
>
> New York, NY 10123
>
> 212-471-4323 (direct)
>

3

EXHIBIT 2 PAGE 194

BR002301

> mkazmierski@kaufmanorganization.com <mailto:mkazmierski@kaufmanorganization.com>
>
>
https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kaufmanorganization.com%2F&amp;data=0
5%7C01%7C%7Cb59a91cb5be845cacf0f08da9749d374%7C84df9e7fe9f640afb435aaaaaaaaaaaa%7C1%7C0%7C6379886
40579952825%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn
0%3D%7C3000%7C%7C%7C&amp;sdata=lvWRc4dCGKql8Xb%2FF3oUv1vdkS4h1OWsFLlxwWtSOOM%3D&amp;reserved
=0
<blocked::https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kaufmanorganization.com%2F&a
mp;data=05%7C01%7C%7Cb59a91cb5be845cacf0f08da9749d374%7C84df9e7fe9f640afb435aaaaaaaaaaaa%7C1%7C0%
7C637988640579952825%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiL
CJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=lvWRc4dCGKql8Xb%2FF3oUv1vdkS4h1OWsFLlxwWtSOOM%3D&am
p;reserved=0
>
>
>
> From: Michael Sklar <msklar@ninetyfivemadison.com <mailto:msklar@ninetyfivemadison.com> >
> Sent: Wednesday, April 27, 2022 8:48 AM
> To: Michael Kazmierski <mkazmierski@kaufmanorganization.com <mailto:mkazmierski@kaufmanorganization.com> >
> Subject: RE: MTS Property Tour
>
>
>
> [EXTERNAL]
>
> See you at 11:00 at 115 5th . I appreciate the offer but I  will not be able to do lunch.
>
>
>
> Michael Sklar
>
> General Partner
>
>
>
> Ninety-Five Madison Company, L.P.
>
> 917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
>
> P A little green reminder: Please consider the environment before printing this email
>
>
>
> From: Michael Kazmierski <mkazmierski@kaufmanorganization.com <mailto:mkazmierski@kaufmanorganization.com>
>
> Sent: Tuesday, April 26, 2022 4:14 PM
> To: Michael Sklar <msklar@ninetyfivemadison.com <mailto:msklar@ninetyfivemadison.com> >
> Subject: RE: MTS Property Tour
>
>
>
> Hi Michael,

4

BR002302

EXHIBIT 2 PAGE 195

&gt;

&gt;

&gt;

&gt; We will start at 100 Fifth Avenue (cross 15th Street) at 11am.  Did you want to do lunch at Ilili after?  Look forward to catching up.

&gt;

&gt;

&gt;

&gt; Michael A. Kazmierski

&gt;

&gt; President &amp; Principal

&gt;

&gt; Kaufman Investments

&gt;

&gt; Kaufman Organization

&gt;

&gt; 450 Seventh Avenue, 19th Floor

&gt; New York, NY 10123

&gt;

&gt; 212-471-4323 (direct)

&gt; mkazmierski@kaufmanorganization.com <mailto:mkazmierski@kaufmanorganization.com>

&gt;

https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kaufmanorganization.com%2F&amp;data=05%7C01%7C%7Cb59a91cb5be845cacf0f08da9749d374%7C84df9e7fe9f640afb435aaaaaaaaaaaa%7C1%7C0%7C637988640579952825%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=lvWRc4dCGKql8Xb%2FF3oUv1vdkS4h1OWsFLlxwWtSOOM%3D&amp;reserved=0

<blocked::https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.kaufmanorganization.com%2F&amp;data=05%7C01%7C%7Cb59a91cb5be845cacf0f08da9749d374%7C84df9e7fe9f640afb435aaaaaaaaaaaa%7C1%7C0%7C637988640579952825%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=lvWRc4dCGKql8Xb%2FF3oUv1vdkS4h1OWsFLlxwWtSOOM%3D&amp;reserved=0>

&gt;

&gt;

&gt;

&gt; -----Original Appointment-----

&gt; From: Michael Kazmierski

&gt; Sent: Wednesday, April 20, 2022 2:10 PM

&gt; To: Michael Kazmierski; Michael Sklar

&gt; Subject: MTS Property Tour

&gt; When: Wednesday, April 27, 2022 11:00 AM-12:30 PM (UTC-05:00) Eastern Time (US & Canada).

&gt; Where: 100 Fifth Avenue (Start)

&gt;

&gt;

&gt;

&gt;

&gt;

| **From:** | Sharan Sklar <ssklar@ninetyfivemadison.com> |
|---|---|
| **Sent:** | Thursday, September 22, 2022 3:23 PM |
| **To:** | Andrew Glenn |
| **Cc:** | Woody Heller; Michael Sklar |
| **Subject:** | Fw: 95 Madison Ave |

See email from the broker below, where my mom refused to connect Woody...

Sharan

**From:** Sharan Sklar <ssklar@ninetyfivemadison.com>
**Sent:** Tuesday, August 30, 2022 2:12 PM
**To:** Ethan Frank <EFrank@Hildrethadvisors.com>
**Cc:** Michael Sklar <msklar@ninetyfivemadison.com>; Woody Heller <woody.heller@outlook.com>
**Subject:** Re: 95 Madison Ave

Hi Ethan,
I think you may have spoken with my mother this morning. My apologies for any confusion. I am happy to connect you with our agent, Woody Heller, cc'd here.
Best,
Sharan
-- **Sharan Sklar**
General Partner
**Ninety-Five Madison Company, L.P.**
212.979.6306 (c) | ssklar@ninetyfivemadison.com

**From:** Ethan Frank <EFrank@Hildrethadvisors.com>
**Date:** Tuesday, August 30, 2022 at 9:28 AM
**To:** Sharan Sklar <ssklar@ninetyfivemadison.com>
**Subject:** Re: 95 Madison Ave

Hi - The building is not listed for sale online. If you are trying to sell the building, I don't see why you wouldn't direct me to your broker, since I would be submitting an offer to purchase.
If you do not have it listed, I can also make you an offer direct so you don't have to pay a broker fee.
Thanks
**Ethan Frank**
Director of Acquisitions
Hildreth Real Estate Advisors
O: 917 920 3175
C: 404 786 1355
Efrank@hildrethadvisors.com
https://www.hildrethadvisors.com/

**Exhibit
BX - 12**

BR002144

| **From:** | Michael Sklar <msklar@ninetyfivemadison.com> |
| **Sent:** | Monday, October 24, 2022 6:38 PM |
| **To:** | Harley Dalton |
| **Cc:** | Woody Heller; Sharan Sklar |
| **Subject:** | 95 Madison- |
| **Attachments:** | Woody Heller.vcf |

Harley :

Branton realty has been retained to represent Ninety-Five Madison in the disposition of 95 Madison. Please give him a call . He will be better able to answer questions.



Michael Sklar
Sole Member
Michael Sklar Management LLC
as a General Partner of Ninety-Five Madison Company, L.P.
Ninety-Five Madison Company, L.P.

917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
P A little green reminder: Please consider the environment before printing this email

**Exhibit BX - 13**

BR002129

| **From:** | Michael Sklar <msklar@ninetyfivemadison.com> |
|---|---|
| **Sent:** | Monday, October 24, 2022 8:25 PM |
| **To:** | Woody Heller |
| **Cc:** | Sharan Sklar |
| **Subject:** | RE: |

Please call her direct. I have been rude to her and I owe her an apology . I just did not want to create a mess with what you are doing .

Michael Sklar
Sole Member
Michael Sklar Management LLC
as a General Partner of Ninety-Five Madison Company, L.P.
Ninety-Five Madison Company, L.P.

917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
P A little green reminder: Please consider the environment before printing this email

---

**From:** Woody Heller <woody.heller@outlook.com>
**Sent:** Monday, October 24, 2022 8:02 PM
**To:** Michael Sklar <msklar@ninetyfivemadison.com>
**Cc:** Sharan Sklar <ssklar@ninetyfivemadison.com>
**Subject:** RE:

I'm at ULI – the very helpful real estate conference I attend every six months. This time it's in Dallas; I return Thursday evening. I will see her boss here and discuss with him, although I already did 6 weeks ago. But don't worry, I'll handle

Woody Heller
woody.heller@outlook.com
(917) 612-1230

---

**From:** Michael Sklar <msklar@ninetyfivemadison.com>
**Sent:** Monday, October 24, 2022 9:42 AM
**To:** Woody Heller <woody.heller@outlook.com>
**Cc:** Sharan Sklar <ssklar@ninetyfivemadison.com>
**Subject:** RE:

**Harley Dalton**
Vice President

40 W. 57th Street, 23rd Fl, New York, NY 10019
**o** 212 315 7411 **m** 917 414 0935 hdalton@eastdilsecured.com





Michael Sklar
Sole Member
Michael Sklar Management LLC
as a General Partner of Ninety-Five Madison Company, L.P.
Ninety-Five Madison Company, L.P.

917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
P A little green reminder: Please consider the environment before printing this email

---

**From:** Woody Heller <woody.heller@outlook.com>
**Sent:** Monday, October 24, 2022 10:18 AM
**To:** Michael Sklar <msklar@ninetyfivemadison.com>
**Cc:** Sharan Sklar <ssklar@ninetyfivemadison.com>
**Subject:** Re:

Who is she, I don't recall?

Woody Heller
woody.heller@outlook.com

(917) 612-1230

> On Oct 24, 2022, at 10:07 AM, Michael Sklar <msklar@ninetyfivemadison.com> wrote:
>
> Please call Harley Dalton. I have not returned her calls . I do not want to create a problem. I still need to respond to her.
>
> If you feel it is better I can.
>
> Michael Sklar
> Sole Member
> Michael Sklar Management LLC
> as a General Partner of Ninety-Five Madison Company, L.P.
> Ninety-Five Madison Company, L.P.
>
> 917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
> P A little green reminder: Please consider the environment before printing this email

BR002259

EXHIBIT 2 PAGE 200

| **From:** | Sharan Sklar <ssklar@ninetyfivemadison.com> |
| **Sent:** | Tuesday, November 15, 2022 6:00 PM |
| **To:** | Woody Heller |
| **Cc:** | zach@33equities.com |
| **Subject:** | Re: Introduction |

Hi Woody,

Please meet Zach Herring , who called to learn more about the property.

His number is 646-512-2019. He learned about the property from his attorney at Morris and Cohn.

Best,

Sharan

**-- Sharan Sklar**
General Partner

**Ninety-Five Madison Company, L.P.**
212.979.6306 (c) | ssklar@ninetyfivemadison.com

**Exhibit**
BX - 15

BR002295

| From: | Michael Sklar <msklar@ninetyfivemadison.com> |
|---|---|
| Sent: | Tuesday, November 15, 2022 4:27 PM |
| To: | Woody Heller |
| Cc: | 'Andrew Kahn/USA'; Fleming, Thomas J.; Sharan Sklar |
| Subject: | RE: 95 Madison |

Woody :

Please contact Andrew Kahn. He may have a prospect for a net lease.

Michael Sklar
Sole Member
Michael Sklar Management LLC
as a General Partner of Ninety-Five Madison Company, L.P.
Ninety-Five Madison Company, L.P.

917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
P A little green reminder: Please consider the environment before printing this email

---

**From:** Fleming, Thomas J. <TFleming@olshanlaw.com>
**Sent:** Tuesday, November 15, 2022 3:47 PM
**To:** Michael Sklar <msklar@ninetyfivemadison.com>; Sharan Sklar <ssklar@ninetyfivemadison.com>
**Cc:** 'Andrew Kahn/USA' <Andrew.Kahn@cushwake.com>
**Subject:** 95 madison

This email will introduce to Andrew Kahn a tenant's broker at Cushman Wakefield who would like to show some space at 95 Madison to a client of his who is coming in from Italy.
He would like to do this on Thursday at 11:30 am
There is no financial or other obligation for 95 Madison as Andrew works for his tenant-client. I have explained to Andrew that 95 Madison has 3 GPs and no one GP has control of the enterprise.
Each of you should feel free to ask questions of the other. I am making an introduction, nothing more.

Thomas J. Fleming

**O L S H A N**

**OLSHAN FROME WOLOSKY LLP**
**1325 Avenue of the Americas**
**(Entrance is on 53rd Street between Sixth and Seventh Avenues)**
**New York, NY 10019**
**Direct: 212.451.2213**
**Facsimile: 212.451.2222**
**Email:** TFleming@olshanlaw.com
**Web:** www.olshanlaw.com



BR002291

Electronic transmissions by the law firm of Olshan Frome Wolosky LLP may contain information that is confidential or proprietary, or protected by the attorney-client privilege or work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents hereof is strictly prohibited. If you have received this transmission in error, please notify Olshan Frome Wolosky LLP at once at 212.451.2300.

BR002292

EXHIBIT 2 PAGE 203

| From: | Sharan Sklar <ssklar@ninetyfivemadison.com> |
|---|---|
| Sent: | Monday, December 19, 2022 3:28 PM |
| To: | Woody Heller; aaron.lunzer@adirondackcapitalpartners.com |
| Cc: | Michael Sklar |
| Subject: | FW: 95 Madison Avenue, NYC |

Aaron:

Woody Heller of Branton Realty, who is cc'd is representing us. Thank you.

Best,

Sharan


**-- Sharan Sklar**
General Partner

**Ninety-Five Madison Company, L.P.**
212.979.6306 (c) | ssklar@ninetyfivemadison.com

---

**From:** Aaron Lunzer <aaron.lunzer@adirondackcapitalpartners.com>
**Date:** Monday, December 19, 2022 at 11:00 AM
**To:** Sharan Sklar <ssklar@ninetyfivemadison.com>
**Cc:** "sharansklar@yahoo.com" <sharansklar@yahoo.com>
**Subject:** 95 Madison Avenue, NYC

Hello Ms. Sklar,


I hope this email finds you well. My name is Aaron Lunzer and I am a Director at Adirondack Capital Partners. Adirondack Capital Partners is a capital markets advisory firm with offices in New York City and Los Angeles. We are currently advising a large Japanese Pension Fund on the acquisition of office properties throughout North America. They recently launched this new initiative with $1B in capital to place in this asset class in 2023 and for the right asset they will stretch considerably on pricing.

Most recently we went into contract to acquire the CMT Tower in downtown Nashville and are under a hard non-refundable agreement to acquire additional assets in Boston and DC. Understanding that you are a generational owner, we wanted to inquire if you would ever consider an unsolicited offer to acquire **95 Madison Avenue**. NYC is a top acquisition target for the firm and for the right asset they will stretch considerably on pricing. If there is any interest, please let us know and we can provide additional background information on the client. We look forward to speaking soon.

Best,

**Exhibit
BX - 17**

BR002147

EXHIBIT 2 PAGE 204

Aaron Lunzer

Director
**Adirondack Capital Partners**
80 5th Avenue -- Suite 1107
New York, New York 10011
917.733.4753 Mobile
Aaron.lunzer@adirondackcapitalpartners.com

https://www.adirondackcapitalpartners.com

BR002148

Andrew K. Glenn
Shai Schmidt
Rich Ramirez
Naznen Rahman
**GLENN AGRE BERGMAN & FUENTES LLP**
1125 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 21-10529 (DSJ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) |
| | ) |
| Debtor. | ) |
| | ) |

**NOTICE OF APPLICATION OF DEBTOR NINETY-FIVE MADISON COMPANY, L.P. FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF TWO BINS CAPITAL LLC AS FINANCING BROKER *NUNC PRO TUNC* TO SEPTEMBER 1, 2022**

**PLEASE TAKE NOTICE** that on December 27, 2022, Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor in possession in this Chapter 11 case, submitted the *Application of Debtor Ninety-Five Madison Company, L.P. for an Order Pursuant to 11 U.S.C §§ 327(a) and 328(a) Authorizing the Retention and Employment of Two Bins Capital LLC as Financing Broker Nunc Pro Tunc to September 1, 2022* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and all General Orders applicable



EXHIBIT 2 PAGE 206

to Chapter 11 cases in this Court; (c) be filed with the Clerk of the Court in accordance with the customary practices of the Court and General Order M-399 (with a courtesy copy delivered to the Chambers of the Honorable David S. Jones, United States Bankruptcy Judge); and (d) be served upon and received by (i) counsel to the Debtor, Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Shai Schmidt, Rich Ramirez and Naznen Rahman); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014; (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (iv) any other party-in-interest entitled to notice of this Application, in accordance with General Order M-399, no later than January 5, 2023, at 4:00 p.m. (E.T.) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objection is filed and served by the Objection Deadline, there will be no hearing and the relief requested in the Application may be granted.

**PLEASE TAKE FURTHER NOTICE** that if an objection is filed and served by the Objection Deadline, a hearing (the "Hearing") will be held to consider the Application before the Honorable David S. Jones, United States Bankruptcy Judge. The Court will notify the moving and objecting parties of the date and time of the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Application has been filed electronically with the Clerk of the Court and may be reviewed by all registered users of the Court's website at: http://www.nysb.uscourts.gov.

2

EXHIBIT 2 PAGE 207

Dated: December 27, 2022
New York, New York

                        **NINETY-FIVE MADISON COMPANY, L.P.**,
                        Debtor and Debtor-in-Possession

                        By: _/s/ Andrew K. Glenn_
                        Andrew K. Glenn
                        Shai Schmidt
                        Rich Ramirez
                        Naznen Rahman
                        **GLENN AGRE BERGMAN & FUENTES LLP**
                        1185 Avenue of the Americas
                        22nd Floor
                        New York, New York 10036
                        Telephone: (212) 970-1600
                        E-mail: aglenn@glennagre.com
                                    sschmidt@glennagre.com
                                    rramirez@glennagre.com
                                    nrahman@glennagre.com

                        *Counsel to the Debtor*

EXHIBIT 2 PAGE 208

Andrew K. Glenn
Shai Schmidt
Rich Ramirez
Naznen Rahman
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) Case No. 21-10529 (DSJ) |
| | ) |
| Debtor. | ) |
| | ) |

**APPLICATION OF DEBTOR NINETY-FIVE MADISON COMPANY, L.P. FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF TWO BINS CAPITAL LLC AS FINANCING BROKER *NUNC PRO TUNC* TO SEPTEMBER 1, 2022**

Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor in this Chapter 11 case (the "Chapter 11 Case"), respectfully submits this application (the "Application") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing (i) the retention, employment, and compensation of Two Bins

EXHIBIT 2 PAGE 209

Capital LLC ("Two Bins") as financing broker for the Debtor, *nunc pro tunc* to September 1, 2022; and (ii) a waiver of the requirement for Two Bins to file a fee application.

In support of this Application, the Debtor relies upon the declaration of Emanuel Westfried (the "Westfried Declaration"), attached hereto as **Exhibit B**, incorporated herein by reference, and respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASES FOR RELIEF

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## RELEVANT BACKGROUND

3. On March 22, 2021, the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is operating its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors have been appointed.

5. The Debtor is the fee simple and title owner of a commercial building located at 95 Madison Avenue, New York New, York 10016. Additional background information on the Chapter 11 Case is set forth in the *Declaration of Rita A. Sklar Pursuant to Local Bankruptcy Rule 1007-2* [Dkt. No. 13].

6. The Debtor commenced the Chapter 11 Case due to a systemic problem of lack of liquidity, legal judgments, and litigation expenses that were vastly disproportionate to its ability to

service such obligations. To address those issues, the Debtor filed a plan of reorganization (as may be modified, amended, or supplemented, the "Plan") [Dkt. No. 82] on September 12, 2021 that contemplated that the Debtor would obtain exit financing that would be (i) secured by the Debtor's interest in the Property and (ii) sufficient to pay all of the Debtor's creditors in full. *See* Plan at III.A.

7.      Due to challenges posed by the ongoing COVID-19 pandemic and the sustained downturn in the commercial leasing market, however, the Debtor pivoted to pursuing a sale or other disposition of all or a portion of the Property to an outside buyer. Concurrently with those marketing efforts, the Debtor continued to seek debtor-in-possession financing. As a result of these efforts, the Debtor received an offer from an outside lender and determined in its business judgment that the terms of this offer were fair and reasonable and the best available to the Debtor under the circumstances and in the current market.

8.      On October 26, 2022, the Debtor filed the *Debtor's Motion for Entry of Order (I) Authorizing Debtor to Obtain Postpetition Debtor-In-Possession Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Dkt. No. 187] (the "DIP Motion" and the related as-filed order, the "DIP Order").

9.      The DIP Motion sought authorization to obtain post-petition debtor-in-possession financing (the "DIP Financing" and the related facility, the "DIP Facility") by entering into that certain *Secured, Super-Priority Debtor-in-Possession Loan and Security Agreement* (the "DIP Credit Agreement") by and among the Debtor and Madison Avenue Servicing LLC ("Madison"), which is an affiliate of Goodman Capital Advisors ("Goodman" and with Madison, the "DIP Lender").

EXHIBIT 2 PAGE 211

10. Pursuant to the DIP Credit Agreement, Two Bins served as the broker for the DIP Financing. Further, the DIP Credit Agreement provides, *inter alia*, that Two Bins's fees shall be paid by the Debtor. *See* DIP Credit Agmt. § 11.2. Finally, the DIP Credit Agreement provides, *inter alia*, that the DIP Lender shall not be required to make the first Advance (as defined in the DIP Credit Agreement) unless and until a brokerage fee in the amount of $149,500.00 is paid to Two Bins in connection with the DIP Financing. *See id*. at § 6.1.10(c).

11. On December 8, 2022, the Court held a hearing (the "DIP Hearing") on the DIP Motion. At the DIP Hearing, and in response to a limited objection (the "Objection") filed against the DIP Motion, counsel to the Debtor represented to the Court that the fees referenced in Section 2(b) of the DIP Order were exclusively fees to by paid to the DIP Lender pursuant to the DIP Order and the DIP Documents (as defined in the DIP Motion). At the DIP Hearing and to resolve the Objection, counsel to the Debtor agreed to revise the DIP Order to clarify that no brokerage commissions contemplated under the DIP Credit Agreement would be paid to Two Bins without the Debtor first retaining Two Bins as a Debtor's professional subject to approval of the Court.

12. On December 14, 2022, the Court entered a revised DIP Order approving the DIP Financing. *See Order (I) Authorizing Debtor to Obtain Postpetition Debtor-In-Possession Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Dkt. No. 197] (the "Revised DIP Order"). Section 4(d) of the Revised DIP Order provides that no brokerage commissions shall be paid to Two Bins without further order of the Court. *See* Revised DIP Order ¶ 4(d)(y).

13. Accordingly, by this Application the Debtor respectfully requests that the Court enter an order (i) authorizing the Debtor to employ, retain, and compensate Two Bins as its financing broker; (ii) waiving the requirement for Two Bins to file a fee application; and (iii)

granting such other and further relief as may be appropriate.

## RELIEF REQUESTED

14. By this Application and for the reasons set forth herein, the Debtor seeks entry of the Proposed Order, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1:

    a. authorizing the employment and retention of Two Bins as financing broker to the Debtor, *nunc pro tunc* to September 1, 2022;

    b. approving the terms of Two Bins's employment and retention, as memorialized in that certain engagement agreement effective September 1, 2022 (the "<u>Engagement Agreement</u>"), attached as **Exhibit 1** to the Proposed Order, including the Brokerage Commission (as defined below) set forth in the Engagement Agreement;

    c. authorizing payment to Two Bins of the Brokerage Commission earned for its brokerage services; and

    d. waiving the requirement for Two Bins to file a fee application.

## TWO BINS'S QUALIFICATIONS

15. Two Bins Capital LLC is a New York limited liability company with its principal place of business at 485 Madison Avenue, New York, New York, 10022.

16. Two Bins provides a broad range of brokerage services to its clients, including sourcing and structuring senior, junior, mezzanine and other hybrid debt and equity placement involved in the acquisition, renovation and construction of residential and commercial real estate.

17. Further, Two Bins has extensive experience in the real estate financing space and has served as a broker on numerous deals in New York City, including: debt and equity placement in excess of $700 million in 2022 alone, several notable deals of which include an approximate $168 million refinance of the Victoria Theater in Upper Manhattan, an $80 million mezzanine loan on 250 Fifth Ave in Manhattan, a $56 million refinance of an industrial warehouse in Maspeth,

8

EXHIBIT 2 PAGE 213

Queens, an approximate $52 million condo inventory loan on 6301 12 Ave in Brooklyn, and an approximate $38 million acquisition loan of The LaGuardia Crowne Plaza in Queens.

18. The Debtor selected Two Bins as its financing broker based upon, among other things: (i) the Debtor's need to retain a skilled broker to provide advice with respect to the Debtor's DIP Financing; (ii) Two Bins's extensive experience and excellent reputation in providing brokerage services to real estate businesses such as the Debtor; and (iii) Two Bins's keen understanding of the changing real estate market and various and complex real estate issues affecting this Chapter 11 Case. As an experienced broker, Two Bins fulfills a service integral to the Debtor's ability to secure the DIP Financing and complements the services provided by the Debtor's other professionals.

19. Accordingly, the Debtor believes that Two Bins has the necessary capabilities and expertise to serve as financing broker to the Debtor.

### SERVICES TO BE PROVIDED

20. As provided in the Engagement Agreement, among the services to be provided by Two Bins are the following:

    a. Arrange for the Debtor an exit financing with the DIP Lender;

    b. Assist in due diligence structuring, related financing analyses, and document negotiation related to the DIP Facility; and

    c. Provide ongoing relationship support for any subsequent financing transactions that may be related to the DIP Facility.

21. The services that will be rendered by Two Bins in connection with its proposed engagement are not duplicative of the services to be performed by any of the Debtor's other retained professionals or advisors. Further, the Debtor believes the foregoing services are integral to the success of the critical DIP Facility, which will enable the Debtor to finance operating

9

EXHIBIT 2 PAGE 214

expenses for its business and the administrative expenses of the Chapter 11 Case.

22.     The Debtor submits that Two Bins's proposed retention, upon the terms and conditions set forth in the Engagement Agreement, are reasonable and based upon industry standards.  Further, Two Bins stated its desire and willingness to act in this case and render the necessary professional services as financing broker for the Debtor in relation to the DIP Facility. The Debtor therefore believes that the engagement of Two Bins to render the foregoing services is necessary and appropriate.

## PROFESSIONAL COMPENSATION

23.     The Debtor has agreed to compensate Two Bins in accordance with the terms and conditions of the Engagement Agreement, subject to Court approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any Court order.

24.     Pursuant to the Engagement Agreement, Two Bins shall earn a one-time brokerage commission of $149,500.00 (the "Brokerage Commission"), which is equal to 0.65% of the DIP Facility.  The Brokerage Commission will by paid by the Debtor without setoff and without deduction for any withholding, value-added or other similar taxes, charges, fees, or assessments.

25.     The Brokerage Commission is comparable to those generally charged by brokerage firms of similar stature to Two Bins and for comparable engagements.  Two Bins and the Debtor believe that the forgoing arrangement is both reasonable and market-based and consistent with Two Bin's normal and customary practices for comparably sized business.  Further, Two Bins has not agreed to share any of the Brokerage Commission with any other person, except as may be permitted under Section 504 of the Bankruptcy Code.

26.     Pursuant to the Engagement Agreement, the Debtor will not be responsible for any

EXHIBIT 2 PAGE 215

costs and expenses that may be incurred by Two Bins. Further, pursuant to the Engagement Agreement, the Debtor and Two Bins have agreed to not include any indemnification and reimbursement provisions on behalf of either party.

27. Two Bins agrees that the Engagement Agreement, effective September 1, 2022, between the Debtor and Two Bins shall terminate in all respects on March 1, 2023, that all obligations of the Debtor and Two Bins under the Engagement Agreement will have been satisfied in full, and that no further payments will be required to be made by the Debtor to Two Bins thereunder.

28. Because Two Bins's services are now complete and the Court has entered the Revised DIP Order, the Debtor seeks authority to pay the Brokerage Commission to Two Bins. The Debtor respectfully submits that the filing of a single, combined retention application and request for compensation for Two Bins is appropriate in these circumstances because (i) of the limited nature of the services performed by Two Bins in respect of the DIP Facility; (ii) the fact that Two Bins's services have concluded in respect of the DIP Facility; (iii) the Debtor's desire to minimize attorney's fees; and (iv) payment to Two Bins is a precondition to the Debtor making any draw on the DIP Facility.

## TWO BINS'S DISINTERESTEDNESS

29. To the best of the Debtor's knowledge, information and belief, Two Bins represents no interest adverse to the Debtor or to its estate in the matters for which Two Bins is to be retained, except as may be set forth herein and in the Westfried Declaration. The Westfried Declaration, executed on behalf of Two Bins in accordance with the provisions of Section 327(a) of the Bankruptcy Code, the Bankruptcy Rules and the Fee Guidelines, is incorporated herein by reference. The Debtor's knowledge, information and belief regarding the matters set forth in this

11

EXHIBIT 2 PAGE 216

Application are based in part upon, and made in reliance upon, the Westfried Declaration.

30.     As set forth in the Westfried Declaration, the Debtor submits that Two Bins is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, in that the firm and its professionals who will provide services to the Debtor, to the best of their knowledge:

a.      are not creditors, equity security holders or insiders of the Debtor;

b.      are not and were not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and

c.      do not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any reason.

31.     The Debtor has been informed by Two Bins that Two Bins will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Two Bins has informed the Debtor that it will supplement its disclosure to the Court.

32.     Accordingly, the Debtor firmly believes that Two Bins is disinterested and may thus assist the Debtor with respect to the DIP Financing matters on which it has been engaged.

## **BASIS FOR RELIEF**

33.     The Debtor seeks to appoint Two Bins as its financing broker in accordance with Sections 327(a) and 328(a) of the Bankruptcy Code.

34.     Section 327(a) provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

12

EXHIBIT 2 PAGE 217

11 U.S.C. § 327(a).

35.     Section 328(a) authorizes a debtor, with the court's approval, to employ a "professional person under section 327 . . . of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Thus, Section 328(a) of the Bankruptcy Code permits the compensation of professionals on flexible terms that reflect the nature of the services provided and prevailing market conditions.  *See In re River Foal, Inc.*, 161 B.R. 568, 569 (S.D.N.Y. 1993) ("[T]he overall objective of the statutory structure is to permit the marketplace to be the primary determinant of fees for professionals functioning in a bankruptcy context, thereby encouraging qualified persons to assist in bankruptcy matters, while protecting the estate and creditors against overreaching or collusive arrangements.")

36.     Further, Section 328 of the Bankruptcy Code permits the compensation of professionals, including brokers, on more flexible terms that reflect the nature of their services and market conditions.  *See Riker, Danzig, Scherer, Hyland & Perretti LLP v. Official Comm. of Unsecured Creditors* (*In re Smart World Techs., LLC*), 383 B.R. 869, 874 (S.D.N.Y. 2008) ("By allowing a bankruptcy court to pre-approve attorneys' fees, rather than calculate the fees after the fact, § 328 makes it easier for the estate's trustee to hire [its professionals]."); *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997) ("Under [the] present § 328 the professional may avoid th[e] uncertainty [of what a judge thought the professional's work was worth after it had been completed] by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).").  It is thus clear that a debtor may retain a professional on a fixed or percentage fee basis with Court approval, such as the Brokerage Commission for Two Bins contemplated in the Engagement Agreement.

13

EXHIBIT 2 PAGE 218

37.     The Debtor submits that for all the reasons stated above and in the Westfried Declaration, the employment of Two Bins as financing broker for the Debtor, pursuant to the terms of the Engagement Agreement, is warranted under Sections 327(a) and 328(a) of the Bankruptcy Code.  The Debtor believes that the terms of the Engagement Agreement, including the Brokerage Commission, appropriately account for the limited nature and scope of services that Two Bins provided as financing broker.  The Debtor submits that the most reasonable fee structure under these circumstances is a percentage fee structure pursuant to Section 328(a), and similar percentage fee structures have been approved and implemented by courts in this jurisdiction in other Chapter 11 cases.  *See e.g., In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 15, 2022) (approving percentage-based fee on any financing arranged); *In re Purdue Pharma L.P.*, No. 19-23469 (RDD) (Bankr. S.D.N.Y. Sept. 15, 2019) (same); *In re Cumulus Media Inc.*, No. 17-13381 (SCC) (Bankr. S.D.N.Y. Nov. 29, 2017) (same); *In re Westinghouse Electric Company LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. Mar. 29, 2017) (same).  As set forth in the Westfried Declaration, it is standard practice in Two Bins's industry for professionals brokering a financing to be compensated on a fixed or percentage basis, rather than on an incremental hourly basis, for such services.

38.     The Debtor submits that the terms and conditions of the Engagement Agreement relating to Two Bins's compensation, including the Brokerage Commission, are competitive in the relevant market for brokerage services.  The Debtor further submits that the Brokerage Commission is reasonable, market-based, designed to compensate Two Bins fairly for its work, and similar to or lower than the compensation terms in other recent bankruptcy engagements.  *See, e.g.¸ In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 15, 2022) (approving 1.0% fee on any "new money" DIP financing issued); *In re Windstream Holdings, Inc.*, No. 19-22312

(Bankr. S.D.N.Y. February 25, 2019) (approving percentage-based fee ranging from 0.5-3.0% on financing arranged); *In re Cumulus Media Inc.*, No. 17-13381 (SCC) (Bankr. S.D.N.Y. Nov. 29, 2017) (approving percentage-based fee ranging from 1.0-5.0% on financing arranged).

39.     In sum, the Debtor believes that the terms of the Engagement Agreement are reasonable in light of (i) industry practice; (ii) market rates charged for comparable services; and (iii) Two Bins's substantial experience in brokering financings. The Debtor further submits that the Engagement Agreement was negotiated at arm's length and in good faith between the Debtor and Two Bins.

40.     As noted above, pursuant to this Application the Debtor seeks authority to retain and compensate Two Bins. Two Bins is being retained by the Debtor in relation to a specialized and discrete task and will be compensated pursuant to a one-time brokerage fee for the services it performed in respect of the DIP Facility. Because Two Bins's services are now complete, and because the Court has already entered the Revised DIP Order, the Debtor submits that the filing of a single, combined retention application and request for compensation is warranted under these circumstances. The Debtor further submits that waiver of the requirement for Two Bins to file a fee application is appropriate for the reasons stated above. Similar requests for such combined relief have been approved by courts. *See e.g.*, *In re Chromcraft Revington, Inc.*, No. 15-10482 (KG) (Bankr. Del. March 5, 2015) (authorizing the retention, employment, and payment of professional for amounts earned and waiving requirement to file fee application).

41.     In light of the foregoing, the Debtor submits that it has satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to support entry of an order authorizing the Debtor to retain and employ Two Bins on the terms described herein and in the Engagement Agreement.

15

EXHIBIT 2 PAGE 220

## NOTICE

42.     Notice of this Application shall be provided to: (a) the U.S. Trustee; (b) the Debtor's creditors; and (c) any party that has filed a notice of appearance and request for service of documents.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

43.     No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 27, 2022
    New York, New York

NINETY-FIVE MADISON COMPANY, L.P.
Debtor and Debtor-in-Possession


By: */s/ Michael Sklar*
    Michael Sklar
    General Partner

16

EXHIBIT 2 PAGE 221

**EXHIBIT A**

**PROPOSED ORDER**

EXHIBIT 2 PAGE 222

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 21-10529 (DSJ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) |
|  | ) |
| Debtor. | ) |
|  | ) |

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF TWO BINS CAPITAL LLC AS FINANCING BROKER TO DEBTOR NINETY-FIVE MADISON COMPANY, L.P. *NUNC PRO TUNC* TO SEPTEMBER 1, 2022

Upon consideration of the application (the "Application")[1] of Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor in possession in this Chapter 11 case (the "Chapter 11 Case"), pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for entry of an order (this "Order"): (a) authorizing the employment and retention of Two Bins as financing broker to the Debtor, *nunc pro tunc* to September 1, 2022; and (b) approving the terms of Two Bins's employment, retention, and compensation as memorialized in that certain engagement agreement effective September 1, 2022 (the "Engagement Agreement"), attached as **Exhibit 1** to this Order, including the Brokerage Commission set forth in the Engagement Agreement; and upon the Declaration of Westfried (the "Westfried Declaration"), which was filed with the Court as **Exhibit B** to the Application; and the Court having reviewed the Application and the Westfried Declaration; and the Court being satisfied, based on the representations made in the Application and in the Westfried Declaration, that (i) Two Bins does not hold or represent any interest adverse to the Debtor's estate, and (ii) Two Bins is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

EXHIBIT 2 PAGE 223

Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor's estate and all parties-in-interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

It is hereby ORDERED that:

1.      The Application is granted to the extent set forth herein.

2.      In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtor is hereby authorized and empowered to employ, retain, and compensate Two Bins as financing broker for the Debtor, *nunc pro tunc* to September 1, 2022, in accordance with the terms and conditions set forth in the Engagement Agreement, and the Debtor is authorized to pay the Brokerage Commission on the terms and at the times specified in the Engagement Agreement.

3.      Two Bins will not be required to file a fee application as to the services provided by Two Bins and any requirement for filing a fee application under Bankruptcy Rule 2016 and Local Rule 2016-1 is hereby waived.  The Debtor is authorized to pay Two Bins the Brokerage Commission as described in the Application promptly following entry of this Order.

4.      Two Bins shall not seek reimbursement from the Debtor's estate for any costs or expenses incurred during the pendency of this Chapter 11 Case.

2

EXHIBIT 2 PAGE 224

5.      The Debtor and Two Bins are authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
        New York, New York

        _____
        THE HONORABLE DAVID S. JONES
        UNITED STATES BANKRUPTCY JUDGE

3

EXHIBIT 2 PAGE 225

**EXHIBIT 1**

EXHIBIT 2 PAGE 226

**BROKERAGE FEE AGREEMENT**

We are pleased to confirm the arrangement under which Two Bins Capital LLC ("Broker") is engaged by 95 Madison Management Company, L.P. (the "NFMC") to assist in the provision of debt financing.

SECTION 1. SERVICES In connection with this engagement, Broker shall provide NFMC with the following services (as and to the extent requested by NFMC):

1. Arrange for debtor in possession and exit financing (the "Facility" or "Facilities"),

2. Assist in due diligence structuring, analysis and document negotiation related to any Facility; and,

3. Provide ongoing relationship support for subsequent transactions related to any Facility.

SECTION 2. FEE COMPENSATION The fees payable to Broker for the foregoing services shall be as follows: .65% of the Loan amount, due and payable by wire transfer from the borrower on the day of closing. All amounts payable under this Agreement shall be paid in immediately available funds in U.S. dollars, without setoff and without deduction for any withholding, value-added or other similar taxes, charges, fees, or assessments.

SECTION 3. TERM. This Agreement will expire on March 1, 2023

SECTION 4. MISCELLEANOUS.

  (a) Neither Party may assign any of its rights or transfer any of its rights or obligations under this Agreement without the prior written consent of the other Party. Amendments. Any term of this Agreement may be amended or waived only with the consent of both Parties.
  (b) Expenses. Each Party will pay its own costs incurred under or in connection with the preparation and negotiation of this Agreement.
  (c) Relationship between the Parties. The Parties are independent entities. Neither Party is, nor may either Party claim to be, a legal agent, Representative, partner, or employee of the other, and neither Party will have the right or authority to contract in the name of the other nor shall it assume or create any obligations, debts, accounts, or liabilities for the other. Neither Party relies on any promises, inducements or representations made by the other except as expressly provided in this Agreement. This Agreement is not intended to constitute, create, give effect to, or otherwise recognize a joint venture, joint enterprise, partnership, or formal business entity of any kind between the Parties.
  (d) Severability. The illegality, invalidity, or unenforceability of any provision of this Agreement under the law of any jurisdiction shall not affect its legality, validity, or enforceability under the law of any other jurisdiction nor the legality, validity, or enforceability of any other provision.
  (e) Counterparts. This Agreement may be executed in any number of electronically transmitted counterparts, and this has the same effect as if the signatures on the counterparts were on a single copy of this Agreement.

EXHIBIT 2 PAGE 227

(f)  Entire Agreement. This Agreement constitutes the complete and entire agreement between the Parties with respect to its subject matter and supersedes and extinguishes all prior drafts, undertakings, and representations whether oral or in writing or understandings.

(g)  Governing Law/Jurisdiction/Waiver of Jury Trial. This Agreement and all matters arising from or related to this Agreement shall be governed by and construed in accordance with the law of the State of New York (without regard to any conflicts of law rule that would require the application of the law of any other jurisdiction). THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT THEY MAY HAVE TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION, OR IN ANY LEGAL PROCEEDING, DIRECTLY OR INDIRECTLY BASED UPON OR ARISING OUT OF THIS AGREEMENT.

Accepted and Agreed effective as of September 1, 2022:

TWO BINS CAPITAL LLC

By:  _Emanuel Westfried_____
    Name: Emanuel Westfried
    Title: CEO

95 MADISON MANAGEMENT COMPANY, L.P.

By:  _/s/ Michael Sklar_____
    Name:  Michael Sklar
    Title:  General Partner, Ninety-Five Madison Company, L.P.

EXHIBIT 2 PAGE 228

**<u>EXHIBIT B</u>**
**Westfried Declaration**

EXHIBIT 2 PAGE 229

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 21-10529 (DSJ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION OF EMANUEL WESTFRIED IN SUPPORT OF APPLICATION OF
DEBTOR NINETY-FIVE MADISON COMPANY, L.P. FOR AN ORDER PURSUANT
TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF TWO BINS CAPITAL LLC AS FINANCING BROKER TO THE
DEBTOR *NUNC PRO TUNC* TO SEPTEMBER 1, 2022**

I, Emanuel Westfried, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), hereby declare that the following is true and correct to the

best of my knowledge, information, and belief:

1.      I am the owner of Two Bins Capital LLC ("Two Bins").

2.      This declaration (the "Declaration") is submitted in connection with the application

(the "Application")[2] of Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor

in possession in this Chapter 11 case (the "Chapter 11 Case"), for authorization to retain and

employ Two Bins as financing broker to the Debtor *nunc pro tunc* to September 1, 2022, and to

provide disclosures required under Sections 327(a) and 328(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Bankruptcy Rule 2014, and Rule 2014-1 of the Local Bankruptcy Rules

for the Southern District of New York (the "Local Rules").

3.      Unless otherwise stated, I have personal knowledge of the facts hereinafter set

forth, and all matters set forth in this Declaration are based on my personal knowledge, my review

of relevant documents, information supplied to me or my views.  If I were called to testify, I would

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

EXHIBIT 2 PAGE 230

testify competently to the facts discussed herein.

4. To the extent that any information disclosed herein requires subsequent amendment or modification upon Two Bins's completion of further analysis or as additional relevant information becomes available to it, one or more supplemental declarations will be submitted to the Court reflecting the same.

## TWO BINS'S QUALIFICATIONS

5. Two Bins was founded in 2016 to provide brokerage services to its clients.

6. Two Bins offers services specializing in real estate debt and equity.

7. I understand the Debtor has selected Two Bins as its financing broker because of Two Bins's extensive experience and excellent reputation in brokering financings such as the DIP Financing.

8. Two Bins provides a broad range of brokerage services to its clients, including sourcing and structuring senior, junior, mezzanine and other hybrid debt and equity placement involved in the acquisition, renovation and construction of residential and commercial real estate.

9. Further, Two Bins has extensive experience in the real estate financing space and has served as a broker on numerous deals in New York City, including: debt and equity placement in excess of $700 million in 2022 alone, several notable deals of which include an approximate $168 million refinance of the Victoria Theater in Upper Manhattan, an $80 million mezzanine loan on 250 Fifth Ave in Manhattan, a $56 million refinance of an industrial warehouse in Maspeth, Queens, an approximate $52 million condo inventory loan on 6301 12 Ave in Brooklyn and an approximate $38 million acquisition loan of The LaGuardia Crowne Plaza in Queens.

10. Accordingly, I believe Two Bins has the necessary capabilities and expertise to serve as financing broker for the Debtor as contemplated under the DIP Credit Agreement in an

2

EXHIBIT 2 PAGE 231

efficient and timely manner.

## SERVICES TO BE PROVIDED

11.     As provided in the Engagement Agreement, Two Bins has agreed to provide the following services:

   a.   Arranging for the Debtor an exit financing with the DIP Lender;

   b.   Assisting in due diligence structuring, related financing analyses, and document negotiation related to the DIP Facility; and

   c.   Providing ongoing relationship support for any subsequent financing transactions that may be related to the DIP Facility.

12.     I believe that Two Bins's proposed retention, upon the terms and conditions set forth in the Engagement Agreement, are reasonable and based upon industry standards.  Further, Two Bins desires and is willing to act in this case and render the necessary professional services as financing broker for the Debtor.

## PROFESSIONAL COMPENSATION

13.     The Debtor has agreed to compensate Two Bins in accordance with the terms and conditions of the Engagement Agreement, subject to Court approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any Court order.

14.     Pursuant to the Engagement Agreement, Two Bins shall earn a one-time brokerage commission of $149,500.00 (the "Brokerage Commission"), which is equal to 0.65% of the DIP Facility.  The Brokerage Commission will by paid by the Debtor without setoff and without deduction for any withholding, value-added or other similar taxes, charges, fees, or assessments.

15.     The Debtor will not be responsible for any costs and expenses that may be incurred by Two Bins.  Further, pursuant to the Engagement Agreement, the Debtor and Two Bins have

3

EXHIBIT 2 PAGE 232

agreed to not include any indemnification and reimbursement provisions on behalf of either party.

16.     Finally, Two Bins has agreed that the Engagement Agreement, effective September 1, 2022, between the Debtor and Two Bins shall be terminated in all respects on March 1, 2023, and that all obligations of the Debtor and Two Bins under the Engagement Agreement will be satisfied in full and that no further payments will be required to be made by the Debtor to Two Bins thereunder.

## <u>TWO BINS'S DISINTRESEDNESS</u>

17.     Two Bins has undertaken to determine whether it has any conflicts or other relationships across its business that might cause it to be ineligible for employment by the Debtor in this case.  Based on a conflicts search conducted by Two Bins across its operations, and as further described herein, to the best of my knowledge, information and belief, Two Bins represents no interest adverse to the Debtor or to its estate in the matters for which Two Bins is proposed to be retained.

18.     In addition to the foregoing, through diligent inquiry, I have ascertained that Two Bins is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Two Bins, to the best of its knowledge:

a.  is not a creditor, equity security holder or insider of the Debtor;

b.  is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and

c.  does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any reason.

19.     Based upon the above, I believe that Two Bins is a "disinterested person" as that

term is defined in Section 101(14) of the Bankruptcy Code.  Further, pursuant to Bankruptcy Rule 2014, to the best of my knowledge Two Bins has no connections with the debtor, its creditors, any other party in interest or their respective attorneys and accountants.  If Two Bins discovers additional information that requires disclosure, Two Bins will file a supplemental disclosure statement with the Court.

20.     Neither I nor any of the Two Bins's professionals who provided services for the Debtor is related to any Judge of this Court, the United States Trustee assigned to this Chapter 11 Case, or any person employed in the office of the United States Trustee.

21.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: December 27, 2022

By: */s/ Emanuel Westfried*
Emanuel Westfried
Two Bins Capital LLC

5

EXHIBIT 2 PAGE 234

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 21-10529 (DSJ) |
| NINETY-FIVE MADISON COMPANY, L.P., | ) |
| | ) |
| Debtor. | ) |
| | ) |

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF TWO BINS CAPITAL LLC AS FINANCING BROKER TO DEBTOR NINETY-FIVE MADISON COMPANY, L.P. *NUNC PRO TUNC* TO SEPTEMBER 1, 2022

Upon consideration of the application (the "Application")[1] of Ninety-Five Madison Company, L.P. (the "Debtor"), the debtor and debtor in possession in this Chapter 11 case (the "Chapter 11 Case"), pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), for entry of an order (this "Order"): (a) authorizing the employment and retention of Two Bins as financing broker to the Debtor, *nunc pro tunc* to September 1, 2022; and (b) approving the terms of Two Bins's employment, retention, and compensation as memorialized in that certain engagement agreement effective September 1, 2022 (the "Engagement Agreement"), attached as **Exhibit 1** to this Order, including the Brokerage Commission set forth in the Engagement Agreement; and upon the Declaration of Westfried (the "Westfried Declaration"), which was filed with the Court as **Exhibit B** to the Application; and the Court having reviewed the Application and the Westfried Declaration; and the Court being satisfied, based on the representations made in the Application and in the Westfried Declaration, that (i) Two Bins does not hold or represent any interest adverse to the Debtor's estate, and (ii) Two Bins is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

1

EXHIBIT 2 PAGE 235

Exhibit
BX - 19

Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and **no timely opposition having been filed; and** the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor's estate and all parties-in-interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, **[DSJ 1/9/2023]**

It is hereby ORDERED that:

1. The Application is granted to the extent set forth herein.

2. In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtor is hereby authorized and empowered to employ, retain, and compensate Two Bins as financing broker for the Debtor, *nunc pro tunc* to September 1, 2022, in accordance with the terms and conditions set forth in the Engagement Agreement, and the Debtor is authorized to pay the Brokerage Commission on the terms and at the times specified in the Engagement Agreement.

3. Two Bins will not be required to file a fee application as to the services provided by Two Bins and any requirement for filing a fee application under Bankruptcy Rule 2016 and Local Rule 2016-1 is hereby waived. The Debtor is authorized to pay Two Bins the Brokerage Commission as described in the Application promptly following entry of this Order.

4. Two Bins shall not seek reimbursement from the Debtor's estate for any costs or

2

EXHIBIT 2 PAGE 236

expenses incurred during the pendency of this Chapter 11 Case.

5. The Debtor and Two Bins are authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      January 9, 2023

                              *s/ David S. Jones*
                              HONORABLE DAVID S. JONES
                              UNITED STATES BANKRUPTCY JUDGE

3

EXHIBIT 2 PAGE 237

## **EXHIBIT 1**

EXHIBIT 2 PAGE 238

**BROKERAGE FEE AGREEMENT**

We are pleased to confirm the arrangement under which Two Bins Capital LLC ("Broker") is engaged by 95 Madison Management Company, L.P. (the "NFMC") to assist in the provision of debt financing.

SECTION 1. SERVICES In connection with this engagement, Broker shall provide NFMC with the following services (as and to the extent requested by NFMC):

1. Arrange for debtor in possession and exit financing (the "Facility" or "Facilities"),

2. Assist in due diligence structuring, analysis and document negotiation related to any Facility; and,

3. Provide ongoing relationship support for subsequent transactions related to any Facility.

SECTION 2. FEE COMPENSATION The fees payable to Broker for the foregoing services shall be as follows: .65% of the Loan amount, due and payable by wire transfer from the borrower on the day of closing. All amounts payable under this Agreement shall be paid in immediately available funds in U.S. dollars, without setoff and without deduction for any withholding, value-added or other similar taxes, charges, fees, or assessments.

SECTION 3. TERM. This Agreement will expire on March 1, 2023

SECTION 4. MISCELLEANOUS.

    (a) Neither Party may assign any of its rights or transfer any of its rights or obligations under this Agreement without the prior written consent of the other Party. Amendments. Any term of this Agreement may be amended or waived only with the consent of both Parties.

    (b) Expenses. Each Party will pay its own costs incurred under or in connection with the preparation and negotiation of this Agreement.

    (c) Relationship between the Parties. The Parties are independent entities. Neither Party is, nor may either Party claim to be, a legal agent, Representative, partner, or employee of the other, and neither Party will have the right or authority to contract in the name of the other nor shall it assume or create any obligations, debts, accounts, or liabilities for the other. Neither Party relies on any promises, inducements or representations made by the other except as expressly provided in this Agreement. This Agreement is not intended to constitute, create, give effect to, or otherwise recognize a joint venture, joint enterprise, partnership, or formal business entity of any kind between the Parties.

    (d) Severability. The illegality, invalidity, or unenforceability of any provision of this Agreement under the law of any jurisdiction shall not affect its legality, validity, or enforceability under the law of any other jurisdiction nor the legality, validity, or enforceability of any other provision.

    (e) Counterparts. This Agreement may be executed in any number of electronically transmitted counterparts, and this has the same effect as if the signatures on the counterparts were on a single copy of this Agreement.

EXHIBIT 2 PAGE 239

(f) Entire Agreement. This Agreement constitutes the complete and entire agreement between the Parties with respect to its subject matter and supersedes and extinguishes all prior drafts, undertakings, and representations whether oral or in writing or understandings.

(g) Governing Law/Jurisdiction/Waiver of Jury Trial. This Agreement and all matters arising from or related to this Agreement shall be governed by and construed in accordance with the law of the State of New York (without regard to any conflicts of law rule that would require the application of the law of any other jurisdiction). THE PARTIES HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THAT THEY MAY HAVE TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION, OR IN ANY LEGAL PROCEEDING, DIRECTLY OR INDIRECTLY BASED UPON OR ARISING OUT OF THIS AGREEMENT.

Accepted and Agreed effective as of September 1, 2022:

TWO BINS CAPITAL LLC

By: _Emanuel Westfried_____
    Name: Emanuel Westfried
    Title: CEO

95 MADISON MANAGEMENT COMPANY, L.P.

By: _/s/ Michael Sklar_____
    Name: Michael Sklar
    Title: General Partner, Ninety-Five Madison Company, L.P.

EXHIBIT 2 PAGE 240

| | |
|---|---|
| **From:** | Sharan Sklar <ssklar@ninetyfivemadison.com> |
| **Sent:** | Wednesday, January 25, 2023 12:17 PM |
| **To:** | Michael Sklar; Woody Heller |
| **Cc:** | Andrew K. Glenn; Fleming, Thomas J.; Rita Sklar; Rita Ipad Sklar |
| **Subject:** | Re: 2nd note from Rita to me- information |

In the interest of the process I agree.

-- **Sharan Sklar**
General Partner

**Ninety-Five Madison Company, L.P.**
212.979.6306 (c) | ssklar@ninetyfivemadison.com

---

**From:** Michael Sklar <msklar@ninetyfivemadison.com>
**Date:** Tuesday, January 24, 2023 at 3:29 PM
**To:** Woody Heller <woody.heller@outlook.com>
**Cc:** Andrew Glenn <aglenn@glennagre.com>, Thomas Fleming <TFleming@olshanlaw.com>, Rita Sklar <ritasklar@gmail.com>, Rita Ipad Sklar <ritasklar@aol.com>, Sharan Sklar <ssklar@ninetyfivemadison.com>
**Subject:** FW: 2nd note from Rita to me- information

Woody :

Rita has gone into the marketplace and is acting independently of the corporate governance and agreement to work through you . Most recently I have been advised that she is in contact with Zar Group , ZG capital, Bobby Zar and James Tamborlane. Rita has also repeatedly undermined our work on various fronts I am requesting that you not provide nor disseminate information to Rita that would undermine your work if disclosed to the market. Any review of this issue can be taken up in the context of Partner meetings.

Michael Sklar
Sole Member
Michael Sklar Management LLC
as a General Partner of Ninety-Five Madison Company, L.P.
Ninety-Five Madison Company, L.P.

917.270.6083 (c) | Msklar@ninetyfivemadison.com <mailto:Msklar@ninetyfivemadison.com>
P A little green reminder: Please consider the environment before printing this email

---

**From:** Woody Heller <woody.heller@outlook.com>
**Sent:** Tuesday, January 24, 2023 2:01 PM
**To:** Sharan Sklar <ssklar@ninetyfivemadison.com>; Michael Sklar <msklar@ninetyfivemadison.com>
**Subject:** 2nd note from Rita to me

Exhibit
BX - 20

BR002261

EXHIBIT 2 PAGE 241

Hand delivered to my apartment last night

Woody Heller
woody.heller@outlook.com
(917) 612-1230

BR002262

| | |
|---|---|
| **From:** | Sharan Sklar <ssklar@ninetyfivemadison.com> |
| **Sent:** | Friday, May 5, 2023 12:02 PM |
| **To:** | Woody Heller |
| **Cc:** | Troy Taylor; Michael Sklar |
| **Subject:** | Franco Rinaldi |

Hi Woody,

This is the person I told you about, who said he knew someone who was interested in 95. As I mentioned he is a broker, but not a commercial broker.

Franco Rinaldi
+1 (646) 403-0661
Compass

Best,

Sharan

**-- Sharan Sklar**
Sole Member
Sharan Sklar Management LLC
as a General Partner of Ninety-Five Madison, L.P.

**Ninety-Five Madison Company, L.P.**
212.979.6306 (c) | ssklar@ninetyfivemadison.com

Exhibit
BX - 21

BR002141