HEARING DATE: July 22, 2025
OBJECTIONS: July 15, 2025
HEARING TIME:  10:00 am

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x

In re

**NINETY-FIVE MADISON COMPANY,  L.P.**,

Debtor.

-----------------------------------------x

<u>Chapter 11</u>

Case No. 21-10529 (DSJ)

**DECLARATION OF JEFFREY A. BARR COUNSEL RELATED
TO THE MOTION OF THE REORGANIZED DEBTOR TO
REDUCE AND ALLOW CLAIM NO. 16**

   JEFFREY A. BARR, hereby certifies under the penalties of perjury of the United States as follows:

   1.   I am counsel to Carol E. Keller and Gail Shields, executors of the Estate of Lois Weinstein (the "Weinstein Estate").   The Weinstein Estate is a former limited partner and an equity holder possessing an 18.36 percent interest in the now dissolved reorganized debtor Ninety-Five Madison Company, LP ("NFMC"). I am fully familiar with the matters asserted herein and I make this declaration with respect to Reorganized Debtor's Motion to Reduce and Allow Claim No. 16.

   2.   As a threshold matter, it is the Weinstein Estate's position that unnecessary litigation and needless legal expenses should be avoided and this Case has already taken up more judicial resources than was necessary or appropriate.   The Weinstein Estate sees the instant motion as yet another unnecessary proceeding.   This Case is in essence completed and the Case should be closed immediately.

3. There is a concurrent action in New York State Supreme Court (Index No. 653034/24 ) asserted as a cross-claim and as a third party action by Rita Sklar for the very claims asserted here in proof of claim No. 16. It is respectfully submitted that this claim should be heard in the Supreme Court proceeding where Rita Sklar has existing counsel and can properly assert her claim.

4. I find it puzzling and disturbing that practically every other creditor's claim in the Case has been paid one hundred cents on the dollar, but this one claim asserted by the mother of Sharan and Michael Sklar, is being disputed.

5. The Weinstein Estate objects to the wasting of legal fees in this dispute. While Reorganized Debtor's counsel refuses to disclose the amount of the fees it is charging in making this motion, based on the billing that I have seen in other matters, I would estimate that the fees are about equal or greater than the sum by which Michael and Sharan Sklar are seeking to reduce their mother's claim. The funds being needlessly expended are rightfully the property of Michael and Sharan's children and Rita Sklar herself.

6. As to the merits of the claim, Rita Sklar has provided me with a list of her expenses which appear to add up to the amount of her claim. That list is attached hereto as Exhibit A.

7. It is respectfully submitted that the Court should decline the requested relief and relegate the parties to the State court to adjudicate this claim.

8. The Case has been concluded and there is no need to prolong the matter and expenses of this Bankruptcy case. The adjudication of this claim is no longer core to this completed proceeding. There is ample legal authority for this court to allow the claim to proceed in state court alternatively on equitable grounds pursuant to 28 U.S.C. § 1452(b) or permissively to abstain in the exercise of its discretion pursuant to § 1334(c)(1). See  e.g. *Simpson v. First Republic Bank (In re JJ Arch LL)*,

Nos. 24-10381 (JPM), 24-1335 (JPM), 2024 Bankr. LEXIS 1347, at *29 (Bankr. S.D.N.Y. June 10, 2024).

WHEREFORE, equity holder Estate of Lois Weinstein respectfully requests that the Court deny NFMC's motion and grant such other and further relief as seems just and proper.

Dated: July 15, 2025
      New York, New York

Respectfully submitted,
By:___/s/__*Jeffrey A Barr*_____
Jeffrey A. Barr
Estate of Lois Weinstein
211 Duke Ellington Blvd, Suite 7A
New York, NY 10025
(212) 227-1834
JeffreyABarr@gmail.com