UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x

In re

**NINETY-FIVE MADISON COMPANY, L.P.**,

Debtor.

-----------------------------------------x

<u>Chapter 11</u>

Case No. 21-10529 (DSJ)

**OBJECTION OF CREDITOR THE ESTATE OF LOIS WEINSTEIN
TO THE PRESENTMENT OF AN ORDER**

Carol E. Keller and Gail Shields as Executors of the Estate of Lois Weinstein (the "Weinstein Estate") by their undersigned counsel, object to the Notice of Presentment and Motion for an order closing this Case under the circumstances presented in the notice of presentment (Docket 464). It appears that the motion for the order should have been made in the form of a motion under Bankruptcy Rule § 9016-1 (c).

In support of their objection, the undersigned respectfully states as follows:

1. The Estate of Lois Weinstein is an equity holder in the Reorganized Debtor possessing an 18.1513 percent interest in Ninety-Five Madison Company, LP ("Ninety-Five"). It is the Estate's position that by operation of the Partnership Agreement, the Reorganized Debtor was dissolved as of June 30, 2024.

2. In connection with the present application for an order closing the case, the Reorganized Debtor has purported to supply quarterly operating reports. Each of these reports fails to provide any disclosure of any disbursements or income received since June, 2024. Each

1

report reiterates the same information contained in the prior report.

3. The Estate believes that the motion does not provide adequate disclosure for a number of reasons. First, there is no specification of the disbursements that are still required to be made to effectuate the Plan. There is no way for the US Trustee's fees to be determined based on the purported operating reports.

4. The making of this motion by notice of presentment seems improper under Local Rule 9013-2 (a)-1. In addition to the Estate's objection, I am advised, there is objection to the order from the Rita Sklar parties to the extent that it does not provide for the payment of their approved claim (allowed by this Court's July 22, 2025 Order (Docket 452)) and that there is no disclosure of income collected from the four properties purchased as IRC 1031 like-kind exchanges since January 2025 which should be applied to pay the US Trustee and the claim.

5. Finally, the Order does not address the distribution of the assets of the reorganized debtor to its equity holders.

6. While the Estate desires that the case be closed, for the foregoing reasons, the issues here are not uncontested and there has been inadequate disclosure and reporting.

Dated: February 4, 2026
      New York, New York

Respectfully submitted,

By:_____*Jeffrey A Barr*_____
Jeffrey A. Barr
211 Duke Ellington Blvd, Suite 7A
New York, NY 10025
(212) 227-1834
*For Estate of Lois Weinstein*